## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| JEVIC HOLDING CORP., *et al.*,[1] | ) Case No. 08-11006 (BLS) |
| Debtors. | ) Jointly Administered |
| | ) Related to Docket Nos. 11, 32, and 37 |

## FINAL ORDER (I) AUTHORIZING DEBTORS-IN-POSSESSION TO OBTAIN SENIOR DEBTOR-IN-POSSESSION FINANCING; (II) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY STATUS; (III) AUTHORIZING USE OF CASH COLLATERAL; AND (IV) AFFORDING ADEQUATE PROTECTION TO PREPETITION LENDERS

This matter came before the Court upon the Emergency Motion dated May 20, 2008 (the "Senior DIP Financing Motion") [Docket No. 11] of Jevic Holding Corp., Jevic Transportation, Inc., and Creek Road Properties, LLC as debtors and debtors in possession (each individually a "Debtor" and, together, the "Debtors"), for, *inter alia*, a Final Order authorizing the Debtors to (the "Final Order"):

(i)      obtain Senior DIP Financing as hereinafter defined pursuant to sections 363 and 364 of title 11 of the United State Code (the "Bankruptcy Code") by entering into a senior secured super-priority Debtor-In-Possession Credit, Guaranty, and Security Agreement (as the same may be amended, supplemented, or otherwise modified from time to time, the "Senior DIP Credit Agreement")[2], by and among the Debtors, as Borrowers and Guarantors, the lenders and letter of credit issuers from time to time parties thereto (collectively, the "Senior DIP Lenders"),

---

[1]   The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Jevic Holding Corp. (8738), Jevic Transportation, Inc. (3402), and Creed Road Properties, L.L.C. (9874).

[2]   Unless otherwise defined herein, all capitalized terms used herein have the meanings ascribed to them in the Senior DIP Credit Agreement.

and The CIT Group/Business Credit, Inc. ("CIT"), or one of its affiliates, as Administrative Agent (in such capacity, the "Senior DIP Agent"), subject to the terms and conditions set forth in the Senior DIP Credit Agreement fully executed and filed with the Bankruptcy Court;

(ii)    grant security interests, liens, and superpriority status to the Senior DIP Agent on behalf of and for the benefit of the Senior DIP Agent and the Senior DIP Lenders (including a priority pursuant to section 364(c)(1) of the Bankruptcy Code, liens pursuant to sections 364(c)(2) and (3) of the Bankruptcy Code, and pursuant to section 364(d) of the Bankruptcy Code);

(iii)    use Cash Collateral on the terms and conditions described herein and pursuant to the Budget attached hereto; and

(iv)    grant adequate protection to the Prepetition Lenders as hereinafter defined under sections 361, 363, and 364 of the Bankruptcy Code.

The Court, having considered the Senior DIP Financing Motion and the exhibits attached thereto, including, without limitation, the Senior DIP Credit Agreement and the Budget; and the Court having considered the Senior DIP Credit Agreement as filed with the Court on May 23, 2008 [D.I. 37]; and in accordance with Bankruptcy Rule 4001(b)(2) and (b)(3) and the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and notice being given to those parties identified in the Senior DIP Financing Motion; and a hearing to consider interim approval of the Senior DIP Financing having been held on May 22, 2008 (the "Interim Hearing"); and the Court having entered that certain Interim Order (I) Authorizing Debtors-In-Possession to Obtain Senior Debtor-In-Possession Financing; (II) Granting Liens, Security Interests and Superpriority Status; (III) Authorizing Use of Cash Collateral; (IV) Affording Adequate Protection to Prepetition Lenders;

and (V) Scheduling a Final Hearing, dated and entered May 22, 2008 [D.I. 32] (the "Interim DIP Order"); and a final hearing to consider approval of the Senior DIP Financing Motion having been held before the Court on June 20, 2008 (the "Final Hearing"); and upon the record made by the Debtors at the Interim Hearing, including the declaration of David H. Gorman in Support of First Day Motions, and the record made by the Debtors at the Final Hearing, and after due deliberation and consideration and good and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED that:

1.     On May 20, 2008 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under the Bankruptcy Code and have continued as debtors-in-possession since that time.

2.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are authorized to continue the operation and management of their businesses as debtors-in-possession.

3.     The Debtors are a nationwide motor carrier engaged in the business of providing transportation services, mostly by the use of trucks and trailers.

4.     No request has been made for the appointment of a trustee or examiner.  On June 3, 2008, the Office of the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors in these Chapter 11 cases (the "Committee").

5.     This Court has jurisdiction over this matter, the Senior DIP Financing Motion, and the parties and property affected thereby pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rule

4001(b) and (c).  Venue of the Debtors' Chapter 11 cases and this Senior DIP Financing Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    On July 28, 2006, the Debtors entered into a Financing Agreement (as amended from time to time, and together with all other pertinent documents and agreements, the "Prepetition Senior Credit Agreement") with certain lenders and lienholders party thereto (collectively, the "Prepetition Lenders") and CIT, as agent (the "Prepetition Agent").  By the Prepetition Senior Credit Agreement, the Prepetition Lenders agreed to make, subject to the terms and conditions set forth in the Prepetition Senior Credit Agreement, certain revolving and term loans and financial accommodations to the Debtors in the aggregate principal amount of up to approximately $55,000,000 (the "Prepetition Financing").

7.    Without prejudice to the rights of any party in interest (but subject to the limitations thereon described in paragraph 39), each of the Debtors represents, admits, stipulates, acknowledges, and agrees that the Prepetition Financing is secured by a first priority lien on, and security interest in, the Prepetition Collateral (as defined in the Senior DIP Credit Agreement. but representing substantially all property and assets of the Debtors).

8.    Without prejudice to the rights of any party in interest (but subject to the limitations thereon described in paragraph 39), each of the Debtors further represents, admits, stipulates, acknowledges, and agrees that:

(i)    as of the Petition Date, each of the Debtors was indebted, jointly and severally, to the Prepetition Lenders under the Prepetition Senior Credit Agreement in the aggregate amount of approximately $50,417,204, together with all interest, fees, costs, and expenses (including attorneys' fees) and other amounts accruing thereon prior to the Petition Date and chargeable to the Debtors pursuant to the terms of the Prepetition Senior Credit

Agreement as well as, subject to the limitations of section 506(b) of the Bankruptcy Code, all interest, fees, costs, and expenses (including attorneys' fees) and other amounts accruing from and after the Petition Date and chargeable to the Debtors pursuant to the terms of the Prepetition Senior Credit Agreement (collectively referred to herein as the "Prepetition Indebtedness");

(ii)    the Prepetition Indebtedness is (i) legal, valid, binding, and enforceable in accordance with its terms against each of the Debtors and (ii) not subject to any contest, objection, recoupment, defense, counterclaim, offset, claim of subordination, claim of recharacterization, claim of avoidance of any nature, attack or challenge under the Bankruptcy Code, other applicable law, or otherwise;

(iii)    as security for the payment of the Prepetition Indebtedness, each of the Debtors granted to the Prepetition Agent and the Prepetition Lenders, pursuant to the Prepetition Senior Credit Agreement, security interests in and liens (the "Prepetition Liens") upon all of the Prepetition Collateral as that term is defined in the Senior DIP Credit Agreement;

(iv)    the security interests and liens granted by each of the Debtors to the Prepetition Agent and the Prepetition Lenders in the Prepetition Collateral are legal, valid, enforceable, non-avoidable, and properly perfected security interests in and liens upon the Prepetition Collateral and, as of the Petition Date and without giving effect to this Final Order, none of the Debtors is aware of any liens or security interests having priority over the liens and security interests of the Prepetition Agent and/or the Prepetition Lenders;

(v)    the liens and security interests in the Prepetition Collateral were granted for fair consideration and reasonably equivalent value, and were granted contemporaneously with the making of the loans secured thereby; and

(vi)    the Prepetition Lenders have a security interest in Cash Collateral, including all amounts on deposit in the Debtors' banking, checking, or other deposit accounts and all proceeds of Collateral to secure the Prepetition Indebtedness in accordance with the terms of the Prepetition Senior Credit Agreement.

9.    An immediate and critical need exists for the Debtors to use the Prepetition Lenders' Cash Collateral and to obtain secured financing in order to manage the wind-down of the Debtors' business, attempt to deliver all of the freight in their system, retrieve their assets, and effectuate a prompt and orderly liquidation of their assets and proceed towards a confirmable plan.  Thus, the ability of the Debtors to finance their operations and the availability to the Debtors of sufficient working capital and liquidity through the use of Cash Collateral contemplated herein and the incurrence of new indebtedness and other financial accommodations are vital to the orderly liquidation of the Debtors' estates and the maximization of value to all creditor constituencies in these cases.  The Debtors are unable to obtain the required funds in the forms of unsecured credit or debt allowable under section 503(b)(1) of the Bankruptcy Code, an administrative expense pursuant to section 364(a) or (b) of the Bankruptcy Code, unsecured debt having the priority afforded by section 364(c)(1) of the Bankruptcy Code, or debt secured only, as described in section 364(c)(2) or (3) of the Bankruptcy Code.

10.    The Senior DIP Agent and Senior DIP Lenders are willing to provide the financing and the use of Cash Collateral contemplated herein, subject to the terms and conditions set forth herein and in the other Senior DIP Financing Documents as hereinafter defined and the provisions of this Final Order assuming that the Senior DIP Indebtedness as hereinafter defined and the Senior DIP Liens and various other claims, superpriority claims, and protections granted pursuant to this Final Order and the other Senior DIP Financing Documents will not be affected

by any subsequent reversal or modification of this Final Order or any other order, as provided in section 364(e) of the Bankruptcy Code, which is applicable to the Senior DIP Financing contemplated by this Order. Each of the Senior DIP Agent and the Senior DIP Lenders has acted in good faith in consenting to and in agreeing to provide the Senior DIP Financing contemplated by this Final Order and the other Senior DIP Financing Documents and the reliance of each of the Senior DIP Agent and the Senior DIP Lenders on the assurances referred to above is in good faith.

11.    Notice of the Final Hearing on the Senior DIP Financing Motion and of any amendment has been served on the following entities and/or their counsel: (a) the Office of the United States Trustee; (b) the Debtors' prepetition secured lenders and their counsel; (c) the entities listed on the Debtors' consolidated list of largest unsecured creditors that was annexed to the Debtors' Chapter 11 petitions; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f)  the United States Attorney; (g) all parties indicated on the Debtors' Rule 2002 Service List; (h) the Debtors' landlords; (i) counsel to the Committee; and (j) all other known secured creditors of the Debtors. A copy of the Senior DIP Financing Motion and the Interim Order has been served on the following entities and/or their counsel: (a) the Office of the United States Trustee; (b) counsel to the Committee; and (c) the Debtors' prepetition secured lenders and their counsel. The notice given of the Senior DIP Financing Motion and the Final Hearing constitutes due and sufficient notice thereof.

12.    Good cause has been shown for the entry of this Final Order, the granting of adequate protection as set forth herein, and authorization for the Debtors to grant liens pursuant to section 364(d) of the Bankruptcy Code and to use Cash Collateral in accordance with the terms of this Final Order. The Debtors' need for the use of Cash Collateral is immediate, and

entry of this Final Order will minimize disruption of the Debtors' businesses and serve to preserve and maximize the value of the assets of the Debtors' estates and therefore is in the best interests of the Debtors, all of their creditors, and the estates. Absent an immediate hearing and authorization for the Debtors to grant liens pursuant to section 364(d) of the Bankruptcy Code and to use Cash Collateral under the terms stated herein, there would be significant danger of immediate or irreparable loss or damage to the estates. The financing arrangements authorized hereunder are vital to avoid immediate and irreparable harm to the Debtors' estates. Consummation of such financing arrangements is therefore in the best interests of the Debtors' estates and all creditor constituencies.

13.    The financing and other arrangements authorized hereunder have been extensively negotiated in good faith and at arm's length among the Debtors and the Senior DIP Agent, on behalf of itself and the Senior DIP Lenders, and the terms of such financing arrangements are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

14.    The Debtors have requested immediate entry of this Final Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to use Cash Collateral and to enter into the Senior DIP Financing Documents and obtain funds and incur indebtedness and other financial accommodations under the Senior DIP Financing is necessary to avoid immediate and irreparable harm to the Debtors. This Court concludes that entry of this Final Order is in the best interests of the Debtors and their estates and creditors as its implementation will, among other things, allow for the timely and effective liquidation of the Debtors' existing businesses and the maximization of value for all creditor constituencies.

15.     The rights of the Prepetition Agent to proceed against the Sun Capital Guarantor, as that term is described in the Senior DIP Credit Agreement, shall in no manner be affected or stayed by the filing of the Debtors' bankruptcy cases.

### A.     AUTHORITY TO OBTAIN SENIOR DIP FINANCING

16.     <u>Motion Granted and Debtors Given Authority to Enter Into Senior DIP Financing</u>. The Senior DIP Financing Motion is hereby granted in accordance with the terms and conditions set forth in this Final Order and the Senior DIP Financing Documents.  Any objection to the Senior DIP Financing Motion that has not previously been withdrawn or resolved is hereby overruled.  The Debtors are hereby authorized on a final basis to enter into the Senior DIP Credit Agreement in substantially the form filed as Exhibit A attached to this Final Order (the Senior DIP Credit Agreement, together with all other pertinent documents and agreements in connection herewith or therewith including, without limitation, the Interim Order and the Final Order, the "<u>Senior DIP Financing Documents</u>" and the financing facility provided thereby, the "<u>Senior DIP Financing</u>") and to borrow money, incur indebtedness, and perform their obligations and all other acts required hereunder and thereunder in accordance with, and subject to, the terms of this Final Order and the other Senior DIP Financing Documents.  The Debtors' execution of the Senior DIP Financing Documents is hereby authorized, ratified, and affirmed on a final basis. The Senior DIP Agent and the Senior DIP Lenders shall have no obligation or responsibility to monitor the Debtors' use of the Senior DIP Financing or any other extensions of credit, and may, but shall not be required to, rely upon the Debtors' representations that the amount of the Senior DIP Indebtedness requested at any time, and the use thereof, are in accordance with the requirements of this Final Order and the Senior DIP Financing Documents.

17.     <u>Amendment of the Senior DIP Financing Documents</u>.  The Senior DIP Financing Documents may be amended, modified, supplemented, or the provisions thereof waived, without

further order of this Court, except for (i) any increase in the aggregate of the Senior DIP Financing including commitments beyond the Commitments, (ii) any other modification which imposes any additional material burden on the Debtors or the estates or materially changes the rights of parties in interest, or (iii) subject to the terms of this Final Order, any modification or amendment which impairs or in any way reduces or limits the adequate protection and other rights granted hereunder in favor of the Prepetition Agent or Prepetition Lenders. Copies of the amendment or modification must be served upon counsel for the Committee and the UST not less than two (2) business days before execution and must be filed with the Court promptly after execution.

18.    Valid and Binding Obligations of the Debtors. With the execution and delivery of the Senior DIP Financing Documents having been completed, the Senior DIP Financing Documents constitute valid and binding obligations of the Debtors, enforceable against the Debtors in accordance with their terms and the terms of this Final Order.

19.    Interest. Interest on the Senior DIP Indebtedness shall accrue at the rates described in the Senior DIP Financing Documents (including any default rates only after an Event of Default under the Senior DIP Financing Documents) and shall be paid at the times as provided in the Senior DIP Financing Documents.

20.    Authority to Borrow. From the Petition Date through the Termination Date and subject to the terms and conditions of this Final Order, the Debtors are hereby authorized to borrow and reborrow funds and incur indebtedness pursuant to the terms and provisions of this Final Order and the other Senior DIP Financing Documents.

21.    Execution of Documents. The Debtors shall execute and deliver to the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties all such agreements, financing

statements, instruments, and other documents as the Senior DIP Agent or any of the Senior DIP Lenders may reasonably request to evidence, confirm, validate, or perfect the Liens granted pursuant hereto and otherwise perform their obligations under the Senior DIP Credit Agreement.

22.    <u>Authorization to Act Generally</u>.  The Debtors are authorized to do and perform all acts, to make, execute, and deliver all instruments and documents (including, without limitation, the execution of additional security agreements, mortgages, and financing statements), and shall pay the fees and expenses that may be required or necessary for the Debtors' performance under the Senior DIP Financing Documents, including, without limitation, (i) the execution of the Senior DIP Financing Documents, and (ii) the payment of the fees and other expenses chargeable to the Debtors and described in the Senior DIP Financing Documents as such become due, including, without limitation, agent fees, letter of credit fees, and facility fees and reasonable attorneys', financial advisers', and accountants' fees and disbursements as provided for in the Senior DIP Financing Documents.  None of such reasonable attorneys', financial advisers', and accountants' fees and disbursements shall be subject to the approval of this Court or the UST guidelines, and no recipient of any such payment shall be required to file with respect thereto any interim or final fee application with this Court; provided, however, that copies of any such invoices, redacted as necessary to preserve the attorney-client privilege, shall be provided to counsel to the Committee and to the UST and shall be subject to a ten (10) day review and objection period for such parties.  Any objections filed within the 10-day objection period that cannot be resolved consensually shall be resolved by the Bankruptcy Court and scheduled for the next available omnibus hearing date in these Chapter 11 cases.

23.    <u>Effect of Reversal on Indebtedness</u>.  Based on the findings set forth in this Final Order and in accordance with section 364(e) of the Bankruptcy Code, in the event that any or all

of the provisions of this Final Order or any other Senior DIP Financing Documents are hereafter modified, amended, or vacated by a subsequent order of this or any other Court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any Lien or claim authorized or created hereby or thereby.  Notwithstanding any such modification, amendment, or vacation, any claim granted to the Senior DIP Agent, the Senior DIP Lenders, or the other Secured Parties hereunder or under the other Senior DIP Financing Documents arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this Final Order and the other Senior DIP Financing Documents, and the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties, as the case may be, shall be entitled to all of the rights, remedies, privileges, and benefits, including the Liens and priorities granted herein and therein, with respect to any such claim.

B.    **AUTHORITY TO GRANT SECURITY INTERESTS AND SUPERPRIORITY**

24.    <u>Grant of Security Interests</u>.  As security for all loans, advances, Existing Letters of Credit, and any other indebtedness or obligations, contingent or absolute which may now or from time to time hereafter be owing by the Debtors to the Senior DIP Agent, the Senior DIP Lenders, and any other parties as provided for under any of the other Senior DIP Financing Documents (such parties, together with the Senior DIP Agent and the Senior DIP Lenders, the "<u>Secured Parties</u>" and all such loans, advances, Existing Letters of Credit, and other indebtedness or obligations constituting Obligations (as defined in the Senior DIP Credit Agreement), together with any obligations at any time incurred by the Debtors on or after the Petition Date to any of the Secured Parties, collectively, the "<u>Senior DIP Indebtedness</u>"), the Senior DIP Agent is hereby granted pursuant to section 364(c)(2), (c)(3), and (d) of the Bankruptcy Code for the sole benefit of the Secured Parties valid, binding, enforceable, first priority, and perfected Liens (the "<u>Senior</u>