claims as provided herein, pursue any claims against the Prepetition Lenders in connection with the Prepetition Indebtedness or avoid any security interest or liens in the Prepetition Collateral or in any other asset or property of Debtors in which the Prepetition Lenders claim an interest, including, without limitation, any claim, action or proceeding brought against the Prepetition Lenders in accordance with this paragraph 39 that requires the Prepetition Lenders to give up Adequate Protection Liens and Adequate Protection Superpriority Claims, or to disgorge as repaid pursuant to the Interim DIP Order or this Final Order the Prepetition Indebtedness (or any portion thereof) as a result of any of the Prepetition Lenders' claims against the Debtors or liens upon and security interests in the assets and properties of Debtors (including the Prepetiton Collateral) being invalidated, avoided, subordinated, impaired or compromised in any way, either by an order of this Court (or other court of competent jurisdiction) or by settlement. If no such challenge is filed during the Investigation Period, (1) any repayment of the Prepetition Indebtedness shall be deemed final and indefeasible, not subject to subordination and otherwise unavoidable, (2) the Prepetition Lenders' liens on the Prepetition Collateral shall be deemed legal, valid, binding, perfected, not subject to defense, counterclaim, offset of any kind, subordination and otherwise unavoidable, and (3) the Prepetition Indebtedness, the Prepetition Loan Documents and the Prepetition Lenders' liens on the Prepetition Collateral shall not be subject to any other or further challenge by any party-in-interest seeking to exercise the rights of the Debtors' estates, including without limitation, any successor thereto. If any such challenge is timely filed, such challenge shall not affect any of the stipulations and admissions contained in paragraph 8 and they shall nonetheless remain binding and preclusive unless expressly challenged and, if expressly challenged, they shall remain binding and preclusive until otherwise provided in a final order in connection with such challenge. To the extent any such challenge is

filed and is ultimately unsuccessful, the Secured Parties shall be entitled to include such costs and expenses, including but not limited to reasonable attorneys' fees and costs, incurred in defending the challenge as part of the Prepetition Indebtedness to the extent provided in the Prepetition Senior Credit Agreement. The entry of an order of the Bankruptcy Court, which results in the impairment of the Prepetition Indebtedness or the Prepetition Lenders' liens on the Prepetition Collateral, shall constitute an immediate Event of Default under this Final Order and the Senior DIP Financing Documents. In addition, notwithstanding the foregoing, (i) the Prepetition Indebtedness except to the extent successfully challenged as set forth above shall be deemed to be allowed in full, and to the extent of the value of the Prepetition Collateral, shall be deemed to be allowed as a fully secured claim within the meaning of section 506 of the Bankruptcy Code for all purposes in connection with these cases, not subject to subordination, and otherwise unavoidable, and (ii) to the extent the Prepetition Indebtedness is not fully secured within the meaning of section 506 of the Bankruptcy Code the Senior DIP Indebtedness shall be treated as a prepetition, non-priority, general unsecured claim for all purposes in these Chapter 11 cases and any subsequent Chapter 7 case.

40. <u>Use of Proceeds for Investigation</u>. Notwithstanding anything herein to the contrary, during the Investigation Period, no more than $75,000.00 of the Proceeds of the Senior DIP Financing budgeted to pay the professional fees or costs of the Committee may be used to pay professional fees or costs of the Committee relating to any investigation of any potential claims and causes of actions, known or unknown, against the Prepetition Agent or the Prepetition Lenders. Once the Investigation Period has passed, or the Committee brings any claims against the Senior DIP Agent, the Senior DIP Lenders, the Prepetition Agent, or the Prepetition Lenders, none of the Proceeds of the Senior DIP Financing may be used to pay professional fees or costs

relating to any continued investigation of any potential claims, known or unknown, against the Senior DIP Agent, the Senior DIP Lenders, the Prepetition Agent, or the Prepetition Lenders.

41.  No Use of Proceeds for Challenges.  Notwithstanding anything herein to the contrary, none of the Proceeds of the Senior DIP Financing may be used by any of the Debtors, the Committee, or any other person or entity to (i) object to or contest in any manner the Senior DIP Indebtedness, or to assert or prosecute any actions, claims, or causes of action against any of the Senior DIP Agent, the Senior DIP Lenders, the Prepetition Agent, or the Prepetition Lenders, or any of the other Secured Parties, or (ii) seek authorization for any party to use any of the Cash Collateral of the Senior DIP Agent, the Senior DIP Lenders, the Prepetition Agent, or the Prepetition Lenders without the consent of the Senior DIP Agent and the Senior DIP Lenders or to obtain Liens that are senior to, or on parity with the Liens of the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties in the Senior DIP Collateral or any portion thereof.

42.  Application of Proceeds.  Subject to paragraph 39 above, all Proceeds of the sale or other disposition of the Collateral shall be applied: (a) first, to permanently reduce and repay all Prepetition Indebtedness and other obligations as defined in the Prepetition Senior Credit Agreement and under the Prepetition Financing in accordance with the terms of the Interim DIP Order and this Final Order, and (b) second, to reduce the Senior DIP Indebtedness in accordance with this Final Order and the Senior DIP Financing Documents.

43.  Payment of Prepetition Indebtedness Upon Final Approval.  Subject to paragraph 39 above, to the extent that the Debtors obtain full and final approval of the Senior DIP Financing at the Final Hearing and the conditions precedent under the Senior DIP Credit Agreement to the availability of the Senior DIP Financing are satisfied or waived, then, within two business days after the entry of the Final Order, the Debtors shall repay the Prepetition

Lenders the then remaining unpaid principal amount of the Prepetition Financing, any accrued but unpaid interest (at the non-default rate), and reasonable professional fees and disbursements (with any disputed fees and disbursements to be resolved by the Bankruptcy Court) (the "Prepetition Claims"). Nothing contained in this paragraph shall limit in any way any right, claim, challenge, defense, or the like of the Committee or any party in interest with requisite standing as to any aspect of the Prepetition Lenders' liens or claims as set forth in this Final Order. Payment of the Prepetition Indebtedness pursuant to this Final Order is subject to disgorgement to the extent of any finding or order invalidating the Prepetition Liens securing the Prepetition Indebtedness. In addition, notwithstanding paragraph 37(c) or any other provision of this Final Order, the amount of the Senior DIP Financing and Prepetition Indebtedness entitled to secured status shall be determined under section 506(b) of the Bankruptcy Code.

### F.    ADEQUATE PROTECTION OF PREPETITION LIENS

44.    Adequate Protection.  Subject to the Senior DIP Indebtedness and Senior DIP Liens (which shall at all times remain senior to the Prepetition Financing, the Prepetition Liens, and the rights of the Prepetition Agent and the Prepetition Lenders under this Final Order), the Prepetition Agent is hereby provided with the following forms of adequate protection:

(a)    as adequate protection for the respective interests of the Prepetition Agent and the Prepetition Lenders in the Prepetition Collateral and the Debtors' use of such Prepetition Collateral, the imposition of the automatic stay and the granting of a priming lien under section 364(d)(1) to secure the Senior DIP Indebtedness, the Prepetition Agent, for its benefit and the benefit of the Prepetition Lenders, shall be entitled to, in addition to all of the other protections afforded by this Final Order, the Adequate Protection Liens as set forth in paragraphs 31 and 32 of this Final Order and the Adequate Protection Superpriority Claim as set forth in paragraph 33 of this Final Order. In addition, the Debtors shall be obligated to pay as adequate protection

payments to the Prepetition Agent, for the benefit of the Prepetition Lenders, all interest and all reasonable fees, expenses, and disbursements (and in the event and to the extent that such fees are objected to by the Debtors, the Senior DIP Agent, the Senior DIP Lenders, or any other Secured Parties, as determined by the Bankruptcy Court) of any law firm, counselor, or other professional advisor engaged by the Prepetition Agent and/or the Prepetition Lenders accruing under the Prepetition Senior Credit Agreement, to be paid as and when such interest, fees, or other charges are due and payable.

(b)     The Prepetition Agent, for the benefit of itself and the Prepetition Lenders, shall be entitled to administrative priority claims under section 507(b) of the Bankruptcy Code for the amount, if any, by which the protections afforded hereunder for the Debtors' use of any Collateral proves to be inadequate, such claims to have priority over all other costs and expenses of the kind specified in, or ordered pursuant to, sections 105, 326, 330, 331, 503(b), or 507(b) of the Bankruptcy Code, provided that any administrative priority claim in favor of the Prepetition Agent for the benefit of itself and the Prepetition Lenders shall be subordinated in right of payment to the payment in full of the Senior DIP Indebtedness and the Carve-Out. Notwithstanding the administrative priority afforded herein, the administrative priority claim under section 507(b) shall not be paid from or have the ability to seek payment from avoidance actions under Chapter 5 of the Bankruptcy Code and proceeds thereof or commercial tort claims and proceeds thereof.

(c)     The liens and security interests granted pursuant to subparagraph (a) above and paragraphs 31 and 32 of this Final Order shall be deemed to be perfected automatically upon entry of this Final Order, without the necessity of the filing of any UCC-1 financing statement, mortgage, or other similar instrument or document in any public record.

(d)     The Debtors shall keep all tangible items of Collateral fully insured in accordance with the provisions of the Prepetition Senior Credit Agreement and shall cause the Prepetition Agent to be named loss payee on all such insurance, as its respective interest may appear (with any interests that the Prepetition Agent having as loss payee being subordinate to the interests of the Senior DIP Agent).

45.     Duration of Adequate Protection.  Subject to the terms of this Final Order, the parties have agreed that the adequate protections provided in this Final Order shall continue to govern in accordance with the terms hereof until the Prepetition Indebtedness is repaid in full. Nothing in this Final Order shall be construed to override any provision of any applicable intercreditor agreement or enlarge or diminish any rights or obligations of the parties thereunder.

46.     Default of Adequate Protection Provisions.  To the extent that the Debtors have defaulted with respect to the adequate protection required under this Final Order and such default is not cured or waived, upon at least five business days' advance written notice to the Debtors, the Committee, the UST, and the Senior DIP Agent (which notice shall also be filed with the Court and posted by the Debtors on the website maintained by the Debtors' claims agent appointed in these cases), the Prepetition Agent and the Prepetition Lenders shall have immediate relief from the automatic stay under section 362(a) of the Bankruptcy Code, with no need for any further action of the Court, to (i) enforce their liens and security interests in any manner provided in this Final Order or the Prepetition Senior Credit Agreement or (ii) otherwise to take any enforcement or remedial action provided by such agreements or applicable law.  The Committee may seek within the five business day notice period an expedited hearing before this Court solely for the purpose of considering whether, in fact, the Debtors have defaulted with respect to the adequate protection required under this Final Order and such default is continuing.

At the expiration of the five business day period, in the absence of a determination by the Court that a default with respect to the Debtors' adequate protection obligations has not occurred or is continuing, the Secured Parties shall be entitled to pursue all of their rights and remedies.

### G.    MODIFICATION OF AUTOMATIC STAY

47.    <u>Modification of Stay With Respect to Senior DIP Agent and Senior DIP Lenders</u>. The automatic stay under section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit the Senior DIP Agent for the sole benefit of itself and the Senior DIP Lenders and the other Secured Parties to receive, collect, and apply payments and Proceeds in respect of the Prepetition Collateral in accordance with the terms and provisions of this Final Order and the other Senior DIP Financing Documents.

48.    <u>Exercise of Remedies</u>.  If it shall be necessary for the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties, at any time, to exercise any of their respective rights and remedies hereunder, under the Senior DIP Financing Documents, or under applicable law in order to effect repayment of the Senior DIP Indebtedness or to receive any amounts or remittances due hereunder, including without limitation, foreclosing upon and selling all or a portion of the Senior DIP Collateral, the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties shall have the right without any further action or approval of this Court to exercise such rights and remedies as to all or such part of the Senior DIP Collateral as the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties shall elect in their sole discretion, subject to the provision by the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties, as applicable, of at least five business days' advance written notice without prejudice to rights of parties in interest to seek appropriate relief. No holder of a lien primed by this Final Order or granted by the Debtors as adequate protection shall be entitled to object on the basis of the existence of any such lien to the exercise by the Senior DIP Agent, the

Senior DIP Lenders, and the other Secured Parties of their respective rights and remedies under the Senior DIP Financing Documents or under applicable law to effect repayment of the Senior DIP Indebtedness or to receive any amounts or remittances due hereunder, provided that such parties preserve whatever rights they may have under applicable law to object to the manner in which such rights and remedies may be exercised. The Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties shall be entitled to apply the payments or Proceeds of the Senior DIP Collateral in accordance with the provisions of this Final Order and the other Senior DIP Financing Documents, and in no event shall any of the Senior DIP Agent, the Senior DIP Lenders, or the other Secured Parties be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Senior DIP Collateral or otherwise. The Senior DIP Agent's or any Senior DIP Lender's delay or failure to exercise rights and remedies under the Senior DIP Financing Documents or this Final Order shall not constitute a waiver of any rights hereunder or thereunder. The Committee may seek within the five business day notice period an expedited hearing before this Court solely for the purpose of considering whether, in fact, an Event of Default has occurred and is continuing. At the expiration of the five business day period, in the absence of a determination by the Court that an Event of Default has not occurred or is not continuing, the Secured Parties shall be entitled to pursue all of their rights and remedies.

H.   **DEFAULT AND TERMINATION**

49.   Events of Default. Notwithstanding anything to the contrary contained in the Senior DIP Financing Documents or the Interim DIP Order, the Debtors' failure to oppose any pleading seeking, or otherwise consenting to, (i) the invalidation, subordination or otherwise challenging the Liens and Superpriority claims granted herein to secure the Obligations and Prepetition Indebtedness or (ii) any relief under sections 506(c), 552(b), or 105(a) of the

32

Bankruptcy Code with respect to any assets that secure the Prepetition Obligations shall not constitute an Event of Default.

50.  Effect of Default.  Upon the occurrence and during the continuance of any Event of Default under the Senior DIP Credit Agreement which is not cured or waived, the Senior DIP Credit Agreement shall be subject to termination in the sole discretion of the Senior DIP Agent or the Senior DIP Lenders as provided therein; and upon at least five business days' advance written notice to the Debtors, the Committee, the Prepetition Agent, the Prepetition Lenders, and the UST (which notice shall also be filed with the Court and posted by the Debtors on the website maintained by the Debtors' claims agent appointed in these cases), the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties shall have immediate relief from the automatic stay under section 362(a) of the Bankruptcy Code (subject to the limitation herein), with no need for any further action of the Court, to (i) enforce their Liens and security interests in any manner provided in this Final Order, the Senior DIP Credit Agreement, or the other Senior DIP Financing Documents or applicable law, or (ii) otherwise to take any enforcement or remedial action provided by such agreements or applicable law, provided, however, that to the extent the Senior DIP Agent, the Senior DIP Lenders, or other Secured Parties are required under applicable non-bankruptcy law to provide additional notice or notices (such as, if applicable, foreclosure notices) to the Debtors or the Prepetition Agent, such parties shall provide copies of such notices to the Prepetition Agent and its counsel, counsel to the Committee, and the UST, as and when required to be sent to the Debtors under applicable non-bankruptcy law.  The Committee may seek within the five business day notice period an expedited hearing before this Court solely for the purpose of considering whether, in fact, an Event of Default has occurred and is continuing.  At the expiration of the five business day period, in the absence of a

determination by the Court that an Event of Default has not occurred or is not continuing, the Secured Parties shall be entitled to pursue all of their rights and remedies.

51. <u>Termination of Senior DIP Financing</u>. Notwithstanding anything herein or in the other Senior DIP Financing Documents, on the Termination Date the Debtors (i) shall no longer, pursuant to this Final Order, the other Senior DIP Financing Documents, or otherwise, be authorized to borrow funds or incur indebtedness hereunder or under the other Senior DIP Financing Documents or to use any Proceeds of the Senior DIP Indebtedness already received (and any obligations of the Senior DIP Lenders to make loans or advances under the other Senior DIP Financing Documents shall be terminated) and (ii) shall cash collateralize all outstanding Existing Letters of Credit.

52. <u>Survival of Remedies</u>. Notwithstanding anything herein or the occurrence of the Termination Date, all of the rights, remedies, benefits, and protections provided to the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties under this Final Order and the other Senior DIP Financing Documents shall survive the Termination Date. Upon the Termination Date, subject to paragraph 39 of this Final Order, the principal of and all accrued interest and fees and all other amounts owed to the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties hereunder or under the other Senior DIP Financing Documents shall be immediately due and payable and the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties shall have all other rights and remedies provided in the Senior DIP Financing Documents.

53. <u>No Implied Waiver of Rights or Remedies</u>. The failure by the Senior DIP Agent, the Senior DIP Lenders, or any other Secured Parties to seek relief or otherwise exercise their rights and remedies under this Final Order or any other Senior DIP Financing Documents shall

not constitute a waiver of any of the rights of the Senior DIP Agent, the Senior DIP Lenders, or any other Secured Parties hereunder, thereunder, or otherwise.

## I. MISCELLANEOUS PROVISIONS

54. *Proofs of Claim.* None of the Prepetition Lenders or the Senior DIP Lenders will be required to file proofs of claim in any of the Chapter 11 cases. The Prepetition Agent and Senior DIP Agent is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it sees fit) aggregate proofs of claim in each of the Chapter 11 cases on behalf of all of the Prepetition Lenders in respect of the Prepetition Indebtedness. Any order entered by the Court in relation to the establishment of a bar date in any of the Chapter 11 cases shall not apply to the Prepetition Lenders in respect of the Prepetition Indebtedness.

55. *Right of Inspection.* Without limiting the rights of access and information afforded to the Senior DIP Agent and the Senior DIP Lenders under the Senior DIP Financing Documents, the Debtors shall permit representatives, agents, and/or employees of the Senior DIP Agent and the Senior DIP Lenders to have reasonable access to their premises and their records during normal business hours (without unreasonable interference with the proper operation of the Debtors' businesses) and shall cooperate, consult with, and provide to such persons all such non-privileged information as they may reasonably request. Any fees and expenses incurred in connection with this provision shall be paid by the Debtors in accordance with the Senior DIP Financing Documents.

56. *Successors and Assigns.* The provisions of this Final Order shall be binding upon and inure to the benefit of each of the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties and the Debtors and their respective successors and assigns (including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtors).

57. <u>No Discharge</u>. Subject to paragraph 39 of this Final Order, the obligations of the Debtors in respect of the Senior DIP Indebtedness, and all obligations in respect of the Existing Letters of Credit in effect on or after the Petition Date, and the Liens granted pursuant to this Final Order shall not be discharged by the entry of an order confirming a plan of reorganization or liquidation in any of the Debtors' Chapter 11 cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have hereby waived such discharge. Subject to paragraph 39 of this Final Order, under no circumstances shall any plan of reorganization or liquidation in this case be confirmed or become effective unless such plan provides that the Senior DIP Indebtedness is paid in full in cash on or before the effective date of such plan or as may otherwise be agreed by the Senior DIP Lenders in the manner provided in the Senior DIP Financing Documents.

58. <u>Dismissal of Cases</u>. Until all obligations and indebtedness owing to the Senior DIP Agent, the Senior DIP Lenders, and the other Secured Parties shall have been indefeasibly paid in full (and, with respect to outstanding Existing Letters of Credit, cash collateralized), no Debtor shall seek an order dismissing any of the Debtors' Chapter 11 cases. If an order dismissing any of the Debtors' Chapter 11 cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349(b) of the Bankruptcy Code) that (i) the Liens granted pursuant to this Final Order shall continue in full force and effect and shall maintain their priorities as provided in this Final Order until all obligations in respect thereof shall have been indefeasibly satisfied and paid in full in cash (and that such Liens shall, notwithstanding such dismissal, remain binding on all parties in interest) and (ii) this Court shall retain jurisdiction to the greatest extent permitted by applicable