IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | ) Chapter 11 |
| ) | ) |
| JEVIC HOLDING CORP., et al.,[1] ) | ) Case No. 08-11006 (BLS) |
| ) | ) |
| Debtors. ) | ) Jointly Administered |
| ) | ) |
| ) | ) Related to Docket No. 57 |

### ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION OF PROFESSIONALS

Upon consideration of the motion (the "Motion)[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an administrative order pursuant to 11 U.S.C. §§ 105(a) and 331 establishing procedures for interim monthly compensation and reimbursement of expenses of professionals; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, and all of the proceedings held before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED ADJUDGED AND DECREED that

1. The Motion is GRANTED.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Jevic Holding Corp. (8738), Creek Road Properties, LLC (9874) and Jevic Transportation, Inc. ("Jevic").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed such terms in the Motion.

2. All objections to the Motion that have not been withdrawn are hereby overruled on their merits.

3. Except as may otherwise be provided in other orders of this Court authorizing the retention of specific professionals, all Professionals in this case shall seek interim monthly payment of Compensation in accordance with the following procedures (the "Compensation Procedures"):

a. On or about the 25th day of each calendar month, beginning with July 2008, each of the professionals shall file with the Court an application (the "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Monthly Compensation Period") and serve a copy of such Monthly Fee Application on: (i) the Debtors, Jevic Holding Corp., et al. 700 Creek Rd., Delanco, NJ 08075 (Attn: Dave Gorman); (ii) proposed counsel for the Debtors, Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 919 Market St., Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic Pacitti, Esq. and Michael Yurkewicz, Esq.); (iii) Office of the United States Trustee, 844 King St., Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Mark Kenney, Esq.); (iv) counsel to the prepetition and postpetition lenders Hunton & Williams LLP, 600 Peachtree St., N.E., Suite 4100, Atlanta, Georgia 30308 (Attn: Greta T. Griffith, Esq.) and Hunton & Williams LLP, 951 E. Byrd St., Riverfront East Tower, Richmond, Virginia 73219 (Attn: Benjamin Ackerly, Esq. and Robert Westermann, Esq.); and (v) counsel to any official committee appointed in the

case (collectively, the "Notice Parties"). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable Third Circuit law, the Local Rules of this Court, and the guidelines established by the Office of the U.S. Trustee.

b. Each Notice Party shall have twenty (20) days after the filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certificate of partial objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) eighty (80) percent of the fees and one hundred (100) percent of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) eighty (80) percent of the fees and one hundred (100) percent of the expenses not subject to an Objection, as defined below.

c. If a Notice Party objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (an "Objection"), which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Professional may either (i) file a response to the Objection with the Court, together with a request for payment of

the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (The "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d. Each Professional may submit the first Monthly Fee Application on or about July 25, 2008 and such Monthly Fee Application shall be for the period from the Petition Date through June 30, 2008.

e. Beginning with the period ending June 30, 2008, at three-month intervals or at such other intervals convenient to the Court (the "Quarterly Fee Period"), each Professional shall file with the Court and serve on the Notice Parties a request for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Quarterly Fee Period (an "Quarterly Fee Application"). The Quarterly Fee Application must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") of this Court. Each Professional must file and serve its Quarterly Fee Application within 45 days of the conclusion of the Quarterly Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Quarterly Fee Application shall cover the time between the Petition Date through and including June 30, 2008, and shall be

filed on or before August 15, 2008. Any Professional who fails to file a Quarterly Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Quarterly Fee Application is submitted. Notwithstanding the foregoing, each Professional may, at their option, combine their first and second Quarterly Fee Applications

f. The Debtors shall request a hearing on the pending Quarterly Fee Applications at least every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate.

g. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

h. Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

4. Only the Notice Parties be entitled to receive both the fee applications and the Hearing Notice and all other parties who have filed a request for service pursuant to

Rule 2002 of the Federal Rules of Bankruptcy Procedure be entitled to receive only the Hearing Notice.

5. Each member of any Committee appointed in this case (once appointed) be permitted to submit statements of expenses (excluding fees and expenses of the Committee member's counsel) and supporting vouchers to counsel for the Committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

6. The Debtors shall include any payments made to Professionals on the monthly operating report, detailed so as to state the amount paid to each of the Professionals.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 20, 2008
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Judge