PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-4789

———

WILLIAM J. BROWN; LYNN D. BROWN; GRISEL
CAIRS; NOEMI CAMACHO;
LINDA ANSTIC; DONALD E. MCCOY; THOMAS K.
TURNER; RON WAYNE,
Individually and on behalf of all others similarly situated,

Appellees,

v.

JEVIC; JEVIC TRANSPORTATION, INC.; JEVIC
TRANSPORTATION SERVICES, INC.; JEVIC HOLDING
CORPORATION; DAVID H. GORMAN, PRESIDENT/CEO
of JEVIC TRANSPORTATION, INC.; GERALD
PAULSON, VICE PRESIDENT of JEVIC
TRANSPORTATION, INC.; HARRY MUHLSCHLEGEL,
PRESIDENT of JEVIC TRANSPORTATION SERVICES,
INC.; KAREN MUHLSCHLEGEL, VICE PRESIDENT of
JEVIC TRANSPORTATION SERVICES, INC.; MICHAEL
T. GILLEN, AS OTHER OFFICER OF JEVIC
TRANSPORTATION, INC.; SUN CAPITAL PARTNERS
INC; MICHAEL T. GILLEN, MANAGING DIRECTOR OF
SUN CAPITAL PARTNERS, INC.; F. DIXON MCELWEE,
JR., AS VICE PRESIDENT OF SUN CAPITAL

PARTNERS, INC.; GARY TALARICO, MANAGING
DIRECTOR OF SUN CAPITAL PARTNERS, INC.; YRC
WORLDWIDE, INC.; WILLIAM D. ZOLLARS,
PRESIDENT/CEO OF YRC WORLDWIDE, INC.;
STEPHEN L. BRUFFETT, EXECUTIVE VICE
PRESIDENT/CHIEF FINANCIAL OFFICER OF YRC
WORLDWIDE, INC.

Sun Capital Partners, Inc., Michael T. Gillen,
F. Dixon McElwee, Jr., Gary M. Talarico,

Appellants

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cv-03341)
District Judge: Honorable Renee M. Bumb

---

Argued March 6, 2009
Before: SLOVITER and HARDIMAN, *Circuit Judges*
and POLLAK,* *District Judge*

---

*The Honorable Louis H. Pollak, Senior District Judge
for the United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

2

(Filed: July 31, 2009)

Robert F. O'Brien [Argued]
O'Brien, Belland & Bushinsky
1526 Berlin Road
Cherry Hill, NJ 08003

Ronald A. Graziano
Suite 650
1040 North Kings Highway
Cherry Hill, NJ 08034-0000

Nicholas M. Centrella
Vincent T. Cieslik
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street
16th Floor
Philadelphia, PA 19102-0000
    *Attorneys for Appellees William J. Brown,*
    *Lynn D. Brown, Grisel Cairs, Noemi Camacho,*
    *Linda Anstic, Donald E. McCoy, Thomas K.*
    *Turner and Ron Wayne*

Christopher Landau [Argued]
Scott M. Abeles
Gary D. Anderson
Kirkland & Ellis
655 15th Street, N.W.
Suite 1200
Washington, DC 20005-0000

Richard J. DeFortuna
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-0000

Nathan R. Mather
Morgan, Lewis & Bockius
502 Carnegie Center
Princeton, NJ 08540-0000

John C. Gillespie
Parker McCay
7001 Lincoln Drive West
3 Greentree Centre, P.O. Box 974
Marlton, NJ 08053-0000
    *Attorneys for Appellants Michael T. Gillen,*
    *Sun Capital Partners Inc., F. Dixon McElwee, Jr.,*
    *and Gary Talarico*

## OPINION OF THE COURT

HARDIMAN, *Circuit Judge.*

In this appeal implicating the Class Action Fairness Act of 2005, we consider whether a defendant is precluded from removing a class action to federal court because a co-defendant is in bankruptcy. We hold that it is not.

4

I

The essential facts and procedural history of the case are undisputed. Appellant Sun Capital Partners, Inc. (Sun) is the parent company of JEVIC Transportation, Inc., which filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware on May 20, 2008, following the closure of its transportation facility in Delanco, New Jersey. The day after JEVIC's bankruptcy filing, William J. Brown and several other former JEVIC employees (collectively "Brown") filed an adversary proceeding in the Bankruptcy Court, which was styled as a class action and alleged violations of the Millvale Dallas Airmotive Plant Jobs Loss Notification Act (known as the New Jersey WARN Act), N.J.S.A. § 34:21-1 *et seq. See Czyzewski v. JEVIC Transp., Inc.*, Adv. Pro. 08-50662 (BLS) (Bankr. D. Del. 2008). Like its federal counterpart, the New Jersey WARN Act requires advance notice of a plant closing under certain circumstances.

One week after the JEVIC bankruptcy filing and despite the automatic stay provided for in 11 U.S.C. § 362(a)(1), Brown filed a class action against JEVIC and Sun in the Superior Court of New Jersey; [1] this class action also alleging violation of the New Jersey WARN Act, replicated Brown's claim in Bankruptcy Court.

---

[1] Brown also sued numerous individuals and corporations affiliated with Sun and/or JEVIC. Their status as Defendants is immaterial to the issues raised on appeal.

5

On June 27, 2008 — also in derogation of the automatic stay of § 362(a)(1) — JEVIC removed the case to the United States District Court for the District of New Jersey. In support of federal jurisdiction, JEVIC invoked the general removal statutes (28 U.S.C. §§ 1441 and 1446), the bankruptcy removal statutes (28 U.S.C. §§ 157, 1334 and 1452), and the minimal diversity provisions of the Class Action Fairness Act of 2005 (CAFA) (28 U.S.C. § 1332(d)).

On July 2, 2008, the District Court *sua sponte* remanded the action to state court, stating: "The law is clear that 'when an action is filed post-petition, in violation of the stay, the debtor must wait until the stay is lifted before filing a petition to remove.'" *Pusatere v. JEVIC Transp., Inc.*, No. 08-3224, 2008 WL 2676599, at *1 (D.N.J. July 1, 2008) (quoting *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993)).

The day after the District Court remanded the case to state court, Sun – which was not in bankruptcy – removed the case to federal court, invoking the general removal statutes and CAFA. The District Court, after ordering Sun to show cause why the action should not be remanded, once again remanded the case to state court, stating: "[w]hen an action is initiated after the filing of a Chapter 11 petition, in violation of the accompanying stay, *removal is not available*." *Brown v. JEVIC*, No. 08-3341, *Remand Order* (Sept. 12, 2008) (emphasis added) (citations omitted).

Sun then filed a petition for leave to appeal the District Court's remand order, which we granted. Thus, we exercise jurisdiction pursuant to 28 U.S.C. § 1453(c).

## II.

Our review of "issues of subject matter jurisdiction, including cases arising under CAFA, is plenary." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted). The removing party — in this case, Sun — carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

In finding removal improper, the District Court (1) characterized Sun's claim as one for partial removal, and (2) relied solely on cases dealing with debtor defendants who attempted to remove actions. This was problematic because Sun is neither a debtor in bankruptcy nor did it seek partial removal. As we shall explain, Sun's removal was proper because: (1) JEVIC was a fraudulently joined party; and (2) JEVIC was never served with legal process, so its status as a defendant was of no effect and could not destroy federal jurisdiction.

### A.

Brown sued JEVIC in state court on May 27, 2008, just one week after JEVIC had filed for bankruptcy protection. This was plainly improper under the automatic stay, 11 U.S.C. § 362(a)(1). Because Brown improperly joined JEVIC in the action, that joinder cannot prevent Sun from removing the action.

7

As the Supreme Court stated long ago: "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907). We have adhered to this principle in the context of fraudulent joinder used to defeat diversity jurisdiction. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) ("[A] defendant may still remove the action if . . . non-diverse defendants were 'fraudulently' named or joined solely to defeat" federal jurisdiction.) (citation omitted).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* at 217. In the diversity context, we have stated: "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *Id.* at 215-16.

> [I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court . . . .
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve

8

> any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Id.* at 217 (quoting *Batoff*, 977 F.2d at 851-52 (punctuation and citations omitted)).

Although this appeal does not involve a plaintiff that fraudulently named a non-diverse party to defeat diversity jurisdiction, the principle enunciated in *In re Briscoe* applies with equal force to the facts of this case. It was plainly improper for Brown to sue JEVIC in state court after JEVIC had filed for bankruptcy protection. To the extent JEVIC's status as a debtor not subject to removal deprived Sun and the other Defendants of a federal forum to which they were otherwise entitled, Brown's joinder of JEVIC was fraudulent.

This case is akin to the situation where the statute of limitations bars an action against a defendant who is joined in the action to defeat diversity jurisdiction. We, along with our sister circuits, have recognized that a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry. *See In re Briscoe*, 448 F.3d at 219 (citing *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) ("If the time to bring the cause of action had expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined.") (citation omitted)).

In sum, because Brown had no reasonable basis to believe that JEVIC was amenable to suit, we hold that JEVIC

9

was a fraudulently joined party and its status as a Defendant could not be used to defeat otherwise proper federal jurisdiction.

B.

A second, independent reason leads us to conclude that the District Court erred in remanding the case to state court: JEVIC was not before the District Court because it was never served with legal process.

In the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal. *See, e.g., Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985). This rule has even more force under CAFA, where Congress provided that a single defendant may remove an action without the consent of other defendants. *See* 28 U.S.C. § 1453(b). Here, JEVIC could not have been served with legal process once it was protected by the automatic stay. *See* 11 U.S.C. § 362(a)(1) (the automatic stay "extends to the issuance . . . of process of a judicial . . . action").

Sun claims that debtor defendants to whom the automatic stay applies are "akin to unserved defendants in a multi-defendant case," *see Gee v. Lucky Realty Homes, Inc.*, 210 F. Supp. 2d 732, 736 (D. Md. 2002), and thus their consent is not required. We agree and hold that a non-debtor defendant in a multi-defendant action may remove the case to federal court when a debtor defendant is not amenable to service of legal process. *See id.* at 736 ("[T]he rule is not that the case may not be removed until all defendants have been served. Rather, the rule is that only those defendants who have been served must

10

file or join in a timely removal petition."); *see also* 14C WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 3731 (3d ed. 2008) ("[A]s many cases have held, defendants who are not served may be *ignored*, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal.") (emphasis added). Therefore, remand was improper for this reason as well.

## C.

Our decision here comports with the holdings of other courts who have considered this issue and found that the presence of claims against a debtor defendant protected by the automatic stay does not preclude removal by a non-debtor defendant. *See, e.g., Chilton Private Bank v. Norsec-Cook, Inc.*, 99 B.R. 402, 403 (N.D. Ill. 1989) ("As improper joinder of a non-diverse party cannot defeat the right of removal, it follows that a plaintiff should in no way profit from improper joinder of a defendant who, when the complaint was filed, was in bankruptcy."); *Consumers Distrib. Co. v. Tele-Save Merch. Co.*, 553 F. Supp. 974, 976 (D.N.J. 1982) ("[T]he filing of the complaint against [the defendant] was unlawful and must be deemed a nullity. This is analogous to removal by one defendant without the joinder of another defendant who was not served.").

Additionally, courts have held that the automatic stay provision does not apply generally to non-debtor parties. *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124 (4th Cir. 1983) (a stay under § 362(a)(1) applies only to the debtor and not to the debtor's solvent co-defendants); *Austin v. Unarco*

*Indus., Inc.*, 705 F.2d 1, 4 (1st Cir. 1983) (same); *Pitts v. Unarco Indus.*, 698 F.2d 313, 314 (7th Cir. 1983) ("The clear language of Section 362(a)(1) . . . extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to nonbankrupt co-defendants. This interpretation has been adopted by several reviewing courts.").

Finally, we note that our decision has the salutary effect of preventing a plaintiff from inappropriately defeating federal jurisdiction by bringing a class action in state court and naming as a defendant a debtor in bankruptcy protected by the automatic stay. To hold otherwise would do violence to both the Bankruptcy Code and CAFA.

III.

In support of the District Court's decision to remand the case to state court, Brown proffers three arguments. First, Brown asserts that the District Court's jurisdiction over the case was terminated by the initial remand order. We agree that once the District Court remanded the action, federal jurisdiction over the entire case was terminated. *See Doe v. Am. Red Cross*, 14 F.3d 196, 199 (3d Cir. 1993); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1091 (3d Cir. 1992); *see also Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984). This does not mean, however, that federal jurisdiction could not be established later. "The removal statute, 28 U.S.C. §§ 1441-[14]52, does not categorically prohibit the filing of a second removal petition following remand." *Doe*, 14 F.3d at 200. "If subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable

within the removal jurisdiction of the federal courts, a second notice of removal is permissible." 14C WRIGHT ET AL., *supra*, § 3739, at 495-96.

Second, Brown argues that Sun's sole remedy was to appeal the District Court's order remanding the first JEVIC removal. In general, "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447. A limited exception to this principle is provided under CAFA, whereby a court of appeals "may accept an appeal from an order of a district court granting or denying a motion to remand a class action to State court from which it was removed if application is made to the court of appeals" within seven days after the entry of the order. *Morgan v. Gay*, 466 F.3d 276, 277, 279 (3d Cir. 2006). These provisions are irrelevant, however, because Sun was not trying to appeal the District Court's order remanding JEVIC's removal. Sun merely filed its own notice of removal and to characterize it otherwise is incorrect.

Finally, Brown argues that the District Court's initial remand order applied to the entire action — including Sun's claims — because even under CAFA *actions* are removed, not *individual claims*. We agree with this point because "[u]nder removal practice, the entire lawsuit is removable or not removable, not merely the claims against particular defendants." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1197 (11th Cir. 2007); *see also Braud v. Transp. Serv. Co.*, 446 F.3d 801, 808 (5th Cir. 2006). Once again, however, this principle is not dispositive here because JEVIC was never a proper party to the lawsuit as it was fraudulently joined and not amenable to service

of process. Had JEVIC been a proper defendant, Brown would be correct that the first remand would bar Sun from removing the case. As we have explained, this was not the case.

## IV.

For all the aforementioned reasons, we will reverse the judgment of the District Court and remand the case for further proceedings consistent with this Opinion.