# EXHIBIT A to Joint Motion

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into as of this 22nd day of June, 2012, by and among Jevic Holding Corp. ("JHC"), Jevic Transportation, Inc. ("Jevic") and Creek Road Properties, LLC ("Creek Road"), as debtors in possession in the Chapter 11 Cases (as defined below) (collectively the "Debtors"); the Official Committee of Unsecured Creditors (the "Committee"); Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc. (collectively "Sun"); and The CIT Group/Business Credit, Inc., as Agent ("CIT") for the lenders (the "Lender Group") under the loan facilities described in the complaint filed in the Adversary Proceeding as defined below (each a "Party" and collectively, the "Parties").

WHEREAS, on May 20, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are jointly administered under Case Nos. 08-11006 (BLS) (the "Chapter 11 Cases"); and

WHEREAS, the Debtors continue to operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed in the Chapter 11 Cases; and

WHEREAS, on June 4, 2008, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code; and

WHEREAS, pursuant to the Final Order (i) Authorizing Debtors-in-Possession to Obtain Senior Debtor in Possession Financing; (ii) Granting Liens, Security Interest, and Super Priority Status; (iii) Authorizing Use of Cash Collateral; and (iv) Affording Adequate Protection to

Prepetition Lenders (the "Final DIP Financing Order") [Docket No. 118] entered in the Chapter 11 Cases on June 20, 2008, the Committee was granted standing as set forth in the Order;

WHEREAS, pursuant to the Final DIP Financing Order, on December 31, 2008, the Committee commenced Adversary Proceeding No. 08-51903 (BLS) (the "Adversary Proceeding") against CIT asserting various claims and an objection to the allowance of CIT's claims in the Chapter 11 Case; and

WHEREAS, by Stipulation dated February 20, 2009, which was So Ordered by the Court on February 27, 2009 [Docket No. 434], the Committee was granted standing to assert all of the other estate claims arising out of the facts and circumstances alleged in the complaint filed in the Adversary Proceeding, including all estate claims against Sun; and

WHEREAS, on June 30, 2010, the Committee amended the complaint in the Adversary Proceeding to add Sun as defendants, and following a ruling by the Court on CIT's motion to dismiss the complaint rendered on September 15, 2011, the Committee filed a second amended complaint against CIT and Sun on October 7, 2011; and

WHEREAS, CIT and Sun filed answers to the second amended complaint in which they denied liability with respect to the claims asserted against them in the Adversary Proceeding and asserted affirmative defenses, and CIT has asserted a Counterclaim (the "Counterclaim") against the Committee which the Committee denied; and

WHEREAS, in order to avoid the expense, burden and risk of litigation, and to bring about an orderly and efficient conclusion to the Chapter 11 Cases, the Parties desire and intend to effect a final settlement and resolution of the Adversary Proceeding and all existing and potential claims that have been made or could have made by any Party to the Adversary Proceeding

against the other and provide for the dismissal of the Adversary Proceeding and the Chapter 11 Cases; and

WHEREAS, the Debtors join in this Settlement Agreement to evidence their consent to and agreement to implement the  terms and provisions of Settlement Agreement, including the granting of releases, payment of allowed and unpaid Administrative claims, the reconciliation of secured, Administrative, and unsecured claims, and the dismissal of the Chapter 11 Cases.

NOW THEREFORE, in consideration of the foregoing and the mutual promises and covenants set forth herein, and other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties do hereby agree, subject to the approval of the Bankruptcy Court, as follows:

1.      Promptly upon the execution of this Settlement Agreement, the Parties shall file a joint motion (the "Joint Motion") with the Bankruptcy Court seeking entry of an order (the "Settlement Order") approving this Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and dismissing the Chapter 11 Cases pursuant to section 1112(b) of the Bankruptcy Code, substantially in the form of Exhibit 1 to this Settlement Agreement.

2.      Within ten (10) business days after the Effective Date, as defined in paragraph 18 of this Settlement Agreement, the following shall occur simultaneously:

(a)      CIT shall pay to the Debtors for the benefit of their estates the sum of $2,000,000 (the "Administrative Claim Fund");

(b)      the Committee, CIT and Sun shall submit to the Bankruptcy Court a stipulation dismissing the Adversary Proceeding with prejudice, substantially in the form of Exhibit 2 to this Settlement Agreement;

(c)    the following releases, which shall be included in the Settlement Order, shall become effective upon payment of the Administrative Claim Fund to the Debtor as provided in paragraph 2(a) hereof without the need for additional documentation or the entry of any additional orders, except as expressly provided in this Settlement Agreement:

(i)    The Release of Sun

The Debtors, their estates, the Committee, and each of their past, present, and future agents, representatives, administrators, successors, and assigns, including any Chapter 7 Trustee or any Chapter 11 Trustee subsequently appointed and any entity acting on his or her behalf (collectively the "Estate Releasing Parties") hereby grant a full, complete, and unconditional release and forever discharge Sun and each of its respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively, the "Sun Released Parties"), and each of them, jointly and severally, from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings relating in any way to, or arising from any transaction with or in connection to, the Debtors or their estates of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued,

suspected or unsuspected, which any of the Estate Releasing Parties may now have, have ever had, or in the future have, as of the Effective Date against any and each of the Sun Released Parties, without exception or limitation, including, without limitation, any and all claims asserted in or which could have been asserted in, or which related to the subject matter of the Adversary Proceeding, or which are based on any avoidance or other powers afforded the Estate Releasing Parties under the Bankruptcy Code, except for Sun's obligations under this Settlement Agreement.

(ii)     The Release of The CIT Group/Business Credit, Inc., Individually and as Agent

The Estate Releasing Parties hereby grant a full, complete, and unconditional release and forever discharge The CIT Group/Business Credit, Inc., individually and as Agent  and each of its respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively, the "CIT Released Parties"), and each of them, jointly and severally, from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings relating in any way to, or arising from any transaction with or in connection to, the Debtors or their estates of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether

5

known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, which any of the Estate Releasing Parties may now have, have ever had, or in the future have, as of the Effective Date against any and each of the CIT Released Parties, without exception or limitation, including, without limitation, any and all claims asserted in or which could have been asserted in, or which related to the subject matter of the Adversary Proceeding, or which are based on any avoidance or other powers afforded the Estate Releasing Parties under the Bankruptcy Code, except for CIT's obligations under this Settlement Agreement.

(iii)   Sun Release of The Debtors, the Estates and the Committee

Sun on behalf of each of its respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively the "Sun Releasing Parties") hereby grant a full, complete, and unconditional release and forever discharge the Estate Releasing Parties from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings relating in any way to, or arising from any transaction with or in connection to, the Debtors or their estates of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, which the

Sun Releasing Parties may now have, have ever had, or in the future have, as of the Effective Date, against any and each of the Estate Releasing Parties, without exception or limitation, including, without limitation, any and all claims asserted in or which could have been asserted in, or which related to the subject matter of the Adversary Proceeding or the Chapter 11 Cases, except (i) Sun's secured claim, the disposition of which shall be addressed pursuant to this Settlement Agreement and (ii) the Estate Releasing Parties' obligations under this Settlement Agreement.

(iv)     CIT Release of the Debtors, the Estates and the Committee

The CIT Group/Business Credit, Inc., individually and as Agent and each of its respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively, the "CIT Releasing Parties") hereby grant a full, complete, and unconditional release and forever discharge the Estate Releasing Parties from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings relating in any way to, or arising from any transaction with or in connection to, the Debtors or their estates of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, which the CIT Releasing Parties may now have,

7

have ever had, or in the future have, as of the Effective Date, against any and each of the Estate Releasing Parties without exception or limitation, including without limitation, any and all claims asserted in or which could have been asserted in, or which related to the subject matter of the Adversary Proceeding or the Chapter 11 Cases, except for the Estate Releasing Parties' obligations under this Settlement Agreement.

; and

(d)     The Estate Releasing Parties shall execute and deliver to CIT releases in favor of the other members of the Lender Group in the form attached as Exhibit 3 hereto, and such releases shall be effective as of the same date as the releases in Section 2(c) of this Settlement Agreement without the need for any additional documentation or the entry of any additional orders.

3.     The Settlement Order shall fix and determine that Sun has an allowed secured claim secured by a superpriority lien and security interest in the cash and other assets of the Debtors' estates in an amount equal to $2,000,000, plus at least $200,000 of accrued and unpaid interest as of May 31, 2012 and at least $250,000 in fees and costs incurred as of May 31, 2012.

4.     The Settlement Order shall provide for the dismissal of the Debtors' Chapter 11 Cases upon the filing of the notice provided in paragraph 8 hereof.

5.     Upon payment of the Administrative Claim Fund to the Debtors, the Debtors shall pay the aggregate sum of $200,000 from the Administrative Claim Fund to the professionals retained by the Committee on account of previously approved and unpaid fees and expenses.

6.     Unless a later date is agreed to by the Debtors, Sun, and the Committee, within sixty (60) days following Effective Date, the Debtors shall determine (a) in consultation with the

Committee and Sun, the identity of the holders and the amount of the allowed chapter 11 administrative claims, including statutory fees payable to the United States Trustee through the date of dismissal (the "Administrative Claims") and (b) in consultation with the Committee, the identity of the holders and the amount of allowed general unsecured claims.

7.     Upon reconciliation of the Administrative Claims, as set forth in paragraph 6 hereof, the Debtors shall pay in full the allowed Administrative Claims. Upon payment in full of the allowed Administrative Claims as provided herein, Sun shall indefeasibly transfer to a liquidating trust established by the Debtors as grantor for the exclusive benefit of the Debtors' general unsecured creditors (the "Trust"), as a collateral carve-out from its allowed secured claim and superpriority liens on the assets in the Debtors' estates, a sum equal to all of the remaining funds in the estates (the "Carve-out"). The Trust shall be responsible for paying the allowed general unsecured claimants their pro rata share of the Carve-out.

8.     Upon payment in full of the allowed Administrative Claims and after the completion of the transfer of the Carve-out to the Trust, the Debtor and the Committee, by counsel, shall file a certification substantially in the form of Exhibit 4 attached hereto with the Bankruptcy Court that all allowed Administrative Claims have been paid in full and the Carve-out has been transferred to the Trust, and thereupon, in accordance with the Settlement Order, the Debtors' Chapter 11 Cases shall be dismissed without the need for a further order of the Bankruptcy Court.

9.     Each Party shall bear its own costs and expenses in connection with the Adversary Proceeding and this Settlement.

10.     CIT and Sun expressly deny any liability in connection with the claims the Committee has made, and this Settlement Agreement and the performance provided by any

Party under this Settlement Agreement is not and shall not be construed as an admission by any Party of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Settlement Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

11.    The Parties expressly represent and warrant that this Settlement Agreement is given in good faith and acknowledge that execution of this Settlement Agreement is not the product or result of any duress, economic or otherwise.

12.    The Parties represent and warrant that they have read and understand the terms of this Settlement Agreement.

13.    The Parties represent and warrant that they have not assigned or otherwise transferred all or any part of their claims, demands, costs, expenses, liabilities, damages, actions or causes of action against the other party covered by the releases set forth in paragraph 2 above. The Parties agree to indemnify the other for any and all costs incurred as a result of any breach of this warranty, including, without limitation, court costs and reasonable attorneys' fees.

14.    Each of the Parties represents and warrants that each individual signing the Settlement Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims to be released by such Party under this Settlement Agreement, except in the Debtors' case to the extent that Bankruptcy Court approval is required. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Settlement Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

15.    The Parties hereby irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waive any right to commence any such action in any other forum.

16.    This Settlement Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Settlement Agreement. It is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

17.    This Settlement Agreement shall become binding on the Parties upon its execution by all Parties. In the event the Bankruptcy Court declines to enter the Settlement Order approving this Settlement Agreement, or if the Settlement Order is entered and thereafter reversed by final order on appeal, then this Settlement Agreement shall become null and void.

18.    The "Effective Date" as used herein shall be the business day following the date that the Settlement Order becomes a Final Order, unless otherwise agreed to by the Parties.

19.    "Final Order" means an order or judgment of the Bankruptcy Court, as entered on the docket of the Bankruptcy Court, that has not been reversed, stayed, modified, or amended, as to which (a) the time to appeal, seek review or hearing, or petition for certiorari has expired and no timely filed appeal or petition for review, rehearing, remand, or certiorari is pending or (b) any appeal taken or petition for certiorari filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Bankruptcy Rules, or any analogous rule under the Bankruptcy Rules or other rules governing procedure in cases before the Bankruptcy Court, may be filed with respect to such order shall not cause such order not to be a Final Order.

20.     The Parties shall execute and deliver such further instruments, documents, or papers and perform all acts necessary or proper to carry out and effectuate the terms of this Settlement Agreement.

21.     This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

22.     The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

23.     Any and all notices required or permitted under this Settlement Agreement shall be in writing and shall be personally delivered or mailed by registered or certified mail, return receipt requested or by overnight delivery to the respective parties at the following addresses, unless and until a different address has been designated by written notice to the other parties:

Notice to the Debtors

**Daniel Dooley, Chief Restructuring Officer**
c/o MorrisAnderson
55 West Monroe Street
Suite 2500
Chicago, IL 60603
Telephone: 312. 254.0888
Facsimile: 312. 727.0180
Email: DDooley@morris-anderson.com

– and –

**Domenic E. Pacitti**
Klehr Harrison Harvey Branzburg LLP
919 Market Street
Suite 1000
Wilmington, DE 19801
302-552-5511
Fax : 302-426-9193
Email: dpacitti@klehr.com

Notice to the Committee

**Robert J. Feinstein**
Pachulski, Stang, Ziehl Young & Jones LLP
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington DE 19899-8705 (Courier 19801)
Telephone: 302.652.4100
Facsimile: 302.652.4400
Email: bgrohsgal@pszjlaw.com
        rfeinstein@pszjlaw.com
        blevine@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

Notice to the Sun Defendants

– and –
James A. Stempel
Kirkland & Ellis LLP
300 N. LaSalle St.
Chicago, IL 60654
Telephone: 312-862-2440
Facsimile: 312-862-2000
Email: jstempel@kirkland.com

*Counsel for Sun Defendants*

Notice to CIT

– and –
**Benjamin C. Ackerly**
Hunton & Williams LLP
Riverfront Plaza, Easter Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: backerly@hunton.com
*Counsel for The CIT Group/Business Credit, Inc., as Agent*

24.    The provisions of this agreement are non-severable.

25.    Each Party has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any Party.

26.    This Settlement Agreement may be executed in any number of identical counterparts, and each of such counterparts is to be deemed an original, for all purposes, but all counterparts shall collectively constitute one Settlement Agreement. Signatures by facsimile shall be deemed original signatures for all purposes.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13

IN WITNESS WHEREOF the Parties have caused this Settlement Agreement to be signed individually, or by their authorized representative, as of the dates above.

Jevic Holding Corp.

By:     Daniel Dooley, Chief Restructuring Officer

Jevic Transportation, Inc.

By:     Daniel Dooley, Chief Restructuring Officer

Creek Road Properties, LLC

By:     Daniel Dooley, Chief Restructuring Officer

The Official Committee of Unsecured Creditors

By: _____

Sun Capital Partners, Inc.

By:     Michael J. McConvery
        Vice President and Assistant Secretary

14

IN WITNESS WHEREOF the Parties have caused this Settlement Agreement to be signed individually, or by their authorized representative, as of the dates above.

Jevic Holding Corp.

By:    Daniel Dooley, Chief Restructuring Officer

Jevic Transportation, Inc.

By:    Daniel Dooley, Chief Restructuring Officer

Creek Road Properties, LLC

By:    Daniel Dooley, Chief Restructuring Officer

The Official Committee of Unsecured Creditors

By:

Sun Capital Partners, Inc.

By:    Michael J. McConvery
       Vice President and Assistant Secretary

14

IN WITNESS WHEREOF the Parties have caused this Settlement Agreement to be signed individually, or by their authorized representative, as of the dates above.

Jevic Holding Corp.

By:   Daniel Dooley, Chief Restructuring Officer

Jevic Transportation, Inc.

By:   Daniel Dooley, Chief Restructuring Officer

Creek Road Properties, LLC

By:   Daniel Dooley, Chief Restructuring Officer

The Official Committee of Unsecured Creditors

By: RICHARD E. MOYER

Sun Capital Partners, Inc.

By:   Michael J. McConvery
      Vice President and Assistant Secretary

14

Sun Capital Partners IV, LP

By:    Sun Capital Advisors IV, LP
       Its:  General Partner

By:    Sun Capital Partners IV, LLC
       Its:  General Partner

By:    Michael J. McConvery
       Vice President and Assistant Secretary


Sun Capital Partners Management IV, LLC

By:    Michael J. McConvery
       Vice President and Assistant Secretary


The CIT Group/Business Credit, Inc., as Agent

By:


The CIT Group/Business Credit, Inc.
individually solely for the purpose of the release in
paragraph 2(c)(iv)

By:


15

Sun Capital Partners IV, LP

By: Sun Capital Advisors IV, LP
   Its:  General Partner

By: Sun Capital Partners IV, LLC
   Its:  General Partner

_____

By: Michael J. McConvery
   Vice President and Assistant Secretary

Sun Capital Partners Management IV, LLC

_____

By: Michael J. McConvery
   Vice President and Assistant Secretary

The CIT Group/Business Credit, Inc., as Agent

_____

By: ANDREW GIANGRAVE
   MANAGING DIRECTOR
   CIT GROUP

The CIT Group/Business Credit, Inc.
individually solely for the purpose of the release in
paragraph 2(c)(iv)

_____

By: ANDREW GIANGRAVE
   MANAGING DIRECTOR
   CIT GROUP

15

# EXHIBIT 1
**Joint Motion**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JEVIC HOLDING CORP., *et al.*, | ) Case No. 08-11006 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED | ) |
| CREDITORS, on behalf of the bankruptcy estates | ) |
| of JEVIC HOLDING CORP., *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) Adv. Pro. No. 08-51903 (BLS) |
| | ) |
| The CIT GROUP/BUSINESS CREDIT, INC., in its | ) |
| capacity as Agent, and SUN CAPITAL PARTNERS | ) |
| IV, LP, SUN CAPITAL PARTNERS | ) |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) |
| PARTNERS, INC. | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION OF THE DEBTORS, CIT, SUN CAPITAL AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT
TO 11 U.S.C. §§ 105(a), 349 AND 1112(b) AND FED. R. BANKR. P. 9019 FOR ENTRY
OF AN ORDER: (I) APPROVING SETTLEMENT AGREEMENT AND RELEASING
CLAIMS; (II) DISMISSING THE DEBTORS' CASES UPON IMPLEMENTATION
OF SETTLEMENT; AND (III) GRANTING RELATED RELIEF**

Jevic Holding Corp. ("JHC"), Jevic Transportation Inc. ("Jevic") and Creek Road

Properties LLC ("Creek Road") (collectively the "Debtors"), The Official Committee of

Unsecured Creditors (the "Committee"), Sun Capital Partners IV, LP, Sun Partners Management

IV, LLC and Sun Capital Partners, Inc. (collectively, "Sun"); and The CIT Group/Business

Credit, Inc. as agent ("CIT") for the lenders (the "Lender Group") under the loan facilities

described in the complaint filed in the above-captioned Adversary Proceeding (all hereinafter

referred to in this Joint Motion (the "Joint Motion") as a "Party" or collectively, the "Parties"),

by and through their respective undersigned counsel, hereby move this Court, pursuant to sections 105(a), 349 and 1112(b) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code"), and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Settlement and Dismissal Order") (i) approving the Settlement Agreement and Release (the "Settlement Agreement") entered into between and among the Parties, (ii) dismissing the Debtors' Chapter 11 Cases (defined below) upon implementation of the Settlement Agreement; and (iii) granting related relief. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A. In support of the Joint Motion, the Parties respectfully state the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 349 and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## FACTUAL BACKGROUND

1.      On May 20, 2008 (the "Petition Date"), the Debtors filed in this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases")[1] and have continued in possession of their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      No trustee or examiner has been appointed in these Chapter 11 Cases.

3.      On June 4, 2008, the United States Trustee appointed the Committee.

---

[1]    JHC was assigned Case No. 08-11006, Jevic was assigned Case No. 08-11008 and Creek Road was assigned Case No. 08-11007.

4.    Jevic[2] was a hybrid less-than-truckload and truckload carrier that provided regional and inter-regional time definite delivery across the United States and parts of Canada.

5.    The Debtors began operations in 1981, had an initial public offering in 1997, and were acquired by Yellow Corporation in 1999. Jevic was spun off to form SCS Transportation in 2002. In June 2006, Sun Transportation, LLC ("STL"), which is owned by Sun Capital Partners, IV, acquired the Debtors.

6.    As of the Petition Date, the Debtors were borrowers under a secured credit agreement (the "Prepetition Facility") dated as of July 28, 2006, with CIT and the Lender Group. As of December 31, 2007, the Debtors had $25.4 million of borrowings and $27.8 million of outstanding letters of credit, for a total balance of $53.2 million (the "Prepetition Debt"), under the Prepetition Facility.

7.    In connection with a forbearance agreement entered into between the Debtors and Lender Group on January 8, 2008, Sun provided a $2 million limited guaranty of the Prepetition Facility. Prior to the Petition Date, Sun paid CIT in respect of such guaranty and thus acquired by subrogation a last-out claim against the Debtors secured by substantially all of the Debtors' assets, which claim is to be allowed pursuant to the Settlement Agreement and Release.

8.    Immediately prior to the Petition Date, the Debtors commenced a wind-down process pursuant to which they ceased substantially all of their operations and terminated approximately 90% of their employees. Post-petition, all of the Debtors' tangible assets were liquidated, and the proceeds were used to repay the outstanding obligations owed to the Lender Group under the Prepetition Facility, which had been "rolled up" into the DIP financing facility. See Final Order (i) Authorizing Debtors-in-Possession to Obtain Senior Debtor in Possession

---

[2] JHC is the parent of Jevic and Creek Road. All of the Debtors' operations occurred through Jevic.

Financing; (ii) Granting Liens, Security Interest, and Super Priority Status; (iii) Authorizing Use of Cash Collateral; and (iv) Affording Adequate Protection to Prepetition Lenders entered on June 20, 2008 (the "Final DIP Financing Order") [Docket No. 118].

9.      Pursuant to the Final DIP Financing Order, the Committee was granted standing to assert claims against the Lender Group as set forth therein. Pursuant to that Order, on December 31, 2008, the Committee commenced an adversary proceeding by filing a complaint against CIT, Adv. Pro No. 08-51903 (BLS) (the "Adversary Proceeding") asserting claims arising from Sun's acquisition of Jevic pursuant to a leveraged buyout. The complaint was later amended on June 30, 2010 to add the Sun parties as defendants. Following a ruling by the Court on CIT's motion to dismiss the complaint rendered on September 15, 2011, the Committee filed a second amended complaint against CIT and Sun on October 7, 2011, to which Sun has filed responsive pleadings and CIT has filed responsive pleadings including a counterclaim against the Committee.

10.     Rather than litigate the claims in the Adversary Proceeding, the Parties commenced discussions in March, 2012 regarding the terms under which the Adversary Proceeding could be settled and the Chapter 11 Cases disposed of, insofar as all other assets of the estate (including all avoidance actions) have been monetized and there is no further need for administration of these estates by the Bankruptcy Court once the Adversary Proceeding is resolved. To this end, the parties have reached the terms of the Settlement Agreement. The material provisions of the Settlement Agreement are summarized below.

## THE SETTLEMENT AGREEMENT

11.     In order to resolve the Adversary Proceeding and bring these Chapter 11 Cases to an orderly conclusion, the Parties have agreed, subject to the Court's approval, to the terms and conditions of the Settlement Agreement which resolve all claims that the Parties may have

4

against each other, and provides for (a) the exchange of releases, (b) the payment of $2,000,000 by CIT to the Debtors, which shall be used to satisfy unpaid chapter 11 allowed administrative claims, (c) the dismissal with prejudice of the Adversary Proceeding, (d) the assignment by Sun of its lien on the estates' remaining assets to  a liquidating trust established by the Debtors as grantor, pursuant to the Settlement Agreement, for the exclusive benefit of the Debtors' general unsecured creditors (the "Trust"), (e) the reconciliation of administrative and general unsecured claims during the sixty (60) day period following the "Effective Date" as that term is defined in the Settlement Agreement, and (f) thereafter, the dismissal of the Chapter 11 Cases.[3]

## RELIEF REQUESTED

12.     By this Joint Motion the Parties seek entry of the Settlement and Dismissal Order, substantially in the form attached hereto as Exhibit B providing for:

a.      Authorization and approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019, including the releases described in the Settlement Agreement and dismissal of the Adversary Proceeding with prejudice; and

b.      Dismissal of the Chapter 11 Cases upon the reconciliation and payment of administrative expenses and reconciliation of any remaining disputed general unsecured claims, satisfaction of all unpaid Chapter 11 administrative claims expenses, and upon the Effective Date, the assignment by Sun of its lien on the estates' remaining funds to the Trust pursuant to the Settlement Agreement.

---

[3]  The above description of the Settlement Agreement is provided as a summary only, and if there is any conflict between the terms described herein and the Settlement Agreement, the terms of the Settlement Agreement shall control.

A.    **Proposed Procedures for Payment of Administrative Expenses Other Than Professional Fees**

13.    Presently, there are no unencumbered assets in the Debtors' estates.    All the Debtors' assets, including their tangible assets and all avoidance actions (other than the claims asserted in the Adversary Proceeding) have been fully liquidated, and the only asset in the estate is cash in the approximate amount of $2 million, which is subject to Sun's lien described above. Accordingly, there are no available assets to pay outstanding administrative, priority or general unsecured claims at this time.    Pursuant to the Settlement Agreement, provision will be made for the satisfaction in full of all unpaid administrative expenses claims in conjunction with dismissal of the Chapter 11 Cases.

14.    More specifically, the Debtors believe that all valid post-petition administrative expenses incurred in the ordinary course of the Debtors' businesses have been paid, except for certain unpaid professional fees and expenses (collectively, the "Professional Fees") of the professionals of the Debtors and Committee (collectively, the "Professionals").    The Debtors believe the only other valid and unpaid administrative expense claims are those that were timely submitted pursuant to section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claims") as well as certain post Petition Date Taxes (the "Admin Taxes").    A list of the 503(b)(9) Claims and Admin Taxes in the amounts filed prior to the claims bar date is attached as Exhibit C hereto.[4] However, in an abundance of caution, the Debtors have filed a Motion to set a bar date for filing of administrative claims other than 503(b)(9) Claims and Admin Taxes, which were subject of

---

[4] The claims and amounts set forth on Exhibit C are subject to modification after any claims objection is resolved or adjudicated.    A final version of Exhibit C will be filed with the Certification referenced in paragraph 22 hereof and attached as Exhibit E hereto.

6

the bar date previously set in these Chapter 11 Cases[5]. To the extent that any of these claims are disputed, they will be reconciled during the sixty (60) day period following the Effective Date and prior to dismissal of the Chapter 11 Cases.

15.     Upon the Effective Date of the Settlement, CIT will pay the sum of $2 million to the Debtors. The Debtors believe that this sum will be sufficient to pay in full all unpaid Professional Fees, as well as all allowed 503(b)(9) Claims and Admin Taxes. The Debtors request authority to pay all 503(b)(9) Claims and Admin Taxes, as set forth on Exhibit C, Professional Fees and other allowed administrative claims (collectively, the "Allowed Administrative Expense Claims") upon (i) payment of the Administrative Claim Fund as provided for in the Settlement Agreement and (ii) filing with the Bankruptcy Court of the stipulation dismissing with prejudice the Adversary Proceeding.

**B.     Proposed Procedures for Final Allowance and Payment of Professional Fees**

16.     On June 20, 2008, the Court entered its Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation of Fees and Reimbursement of Expenses for Professionals [Docket No. 119] (the "Interim Compensation Procedures Order"). Since that time, the Professionals have filed interim fee applications pursuant to the Interim Compensation Procedures Order or have otherwise complied with the requirements for compensation under their applicable retention orders. The Professionals' monthly fee applications through [April 2011] (to the extent required) have been filed and approved on an interim basis pursuant to the Interim Compensation Procedures Order..

---

[5] *See* Amended Order Setting Bar Dates for Filing Proofs of Claim [Docket No. 607] entered November 17, 2009.

17.    The Professionals shall file final fee applications within twenty (20) days of the Effective Date.  Upon entry of an order or orders on the Final Fee Applications, the Debtors' request approval to pay all allowed fees and expenses that remain unpaid to Professionals.

**C.    Proposed Payment to the Trust for Payments to Holders of General Unsecured Claims**

18.    Consistent with the Settlement and Dismissal Order and as set forth in the Settlement Agreement, the Debtors and the Committee propose a streamlined and efficient method of making distributions from the Trust to holders of allowed general unsecured claims so that the funds may be distributed to them on a pro rata basis as quickly and easily as possible following the dismissal of the Chapter 11 Cases.

19.    The Debtors have engaged in a process to resolve general unsecured claims asserted against the Debtors, including the filing and prosecution of several rounds of claims objections pending before the Court.

20.    Annexed as Exhibit D to this Joint Motion is a schedule (the "General Unsecured Claims Schedule") [6] of the claims the Debtors believe should constitute allowed general unsecured claims against their estates (collectively, the "Allowed GUC Claims," and each individually, an "Allowed GUC Claim") for purposes of distribution under the Settlement Agreement.

21.    The amounts set forth on the General Unsecured Claims Schedule represent (a) the general unsecured claim amount set forth in the proof of claim filed by the creditor, if any, on or before the claims bar date, excluding duplicative proofs of claim and excluding claims for which an objection has been adjudicated, and (b) with respect to those holders of general

---

[6] The claims and amounts set forth on Exhibit D are subject to modification after any claims objection is resolved or adjudicated.  A final version of Exhibit D will be filed with the Certification referenced in paragraph 22 hereof and attached as Exhibit E hereto.

8

unsecured claims that have not filed a proof of claim, the scheduled general unsecured claim amount, if any, for such creditor set forth in the Debtors' schedules of assets and liabilities, excluding duplicative scheduled amounts or those that were scheduled as "contingent," "unliquidated," or "disputed," to the extent the creditor did not file a timely proof of claim. The Debtors and the Committee do not anticipate further reconciling the Allowed GUC Claim amounts beyond excluding duplicative claims and completing the prosecution of the pending claims objections prior to dismissal of the Chapter 11 Cases. Using the funds subject to Sun's lien assigned to it upon the dismissal of the Chapter 11 Cases, the Trust established under the Settlement Agreement will make distributions to holders of Allowed GUC Claims on a pro rata basis as soon as practicable following the dismissal of the Chapter 11 Cases.

**D.      Certification of Counsel and Request for Dismissal**

22.      After the completion of distributions to the Trust, and payment of Allowed Administrative Expense Claims as described above, the Debtors request that the Court dismiss these Chapter 11 Cases upon the filing of a certification of counsel substantially in the form of Exhibit E to this Joint Motion (the "Certification") with the Court by the Debtors and the Committee, at which time the Chapter 11 Cases will be dismissed without the need for a further Order of the Court. The Certification will be filed as soon as reasonably practicable following the completion of the satisfaction of all Allowed Administrative Expense Claims as set forth above. Among other things, the Certification will verify (a) that all quarterly fees of the U.S. Trustee have been paid in full; (b) that all Allowed Administrative Expense Claims have been paid in full; and (c) that all remaining funds in the estates, which are subject to Sun's lien, have been transferred to the Trust to make pro rata distributions to holders of Allowed GUC Claims after dismissal of the Chapter 11 Cases, all as contemplated by the Settlement Agreement and the proposed Settlement and Dismissal Order.

9

23.    The Debtors intend to serve the Certification on the general service list established in these Chapter 11 Cases, including the U.S. Trustee, but will not send the Certification to the Debtors' entire matrix of creditors and parties-in-interest, as such parties will receive reasonable notice of the proposed dismissal through service of the Joint Motion and/or the Notice of the Joint Motion.

24.    Following dismissal of the Chapter 11 Cases, the Debtors request authority to take such actions as are necessary or appropriate to wind up and/or dissolve as corporate entities under applicable state law.

## APPLICABLE AUTHORITY

### A.    The Settlement Agreement Should Be Approved As It Is In The Best Interest Of The Estates And All Parties In Interest

25.    This Court has the authority to grant the relief requested in this Joint Motion in the form of approval of the Settlement Agreement pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . . that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[7] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F. 3d 389, 393 (3d Cir. 1966) (quoting 9 Collier on Bankruptcy 9019.03[1] (15th ed. 1993)).

26.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re*

---

[7] Bankruptcy Rule 9019 provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

*Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (quoting *in re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997)). To reach such a determination, the Court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin,* 91 F.3d at 393. In striking this balance, the Court should consider the following factors:

(a)    The probability of success in the litigation;

(b)    The complexity, expense and likely duration of the litigation;

(c)    The possibilities of collecting on any judgment which might be obtained;

(d)    All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e)    Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968); *see also, Martin,* 91 F.3d at 393. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry,* 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019.4 (16th ed. 2011) (quoting *In re Drexel Burnham Lambert Group, Inc.,* 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). *See also, Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983), *cert. Denied* 464 U.S. 822 (1983).

27.    Applying these standards to this case, the Debtors and the Committee believe that the Settlement is in the best interest of the Debtors' estates and its creditors and is fair and equitable. The Debtors and the Committee believe it is in the best interest of the estates and its creditors to resolve the Adversary Proceeding in this manner given the amounts at issue and the

11

expense of pursuing CIT and Sun in the Adversary Proceeding. Absent this settlement, the Committee would be required to litigate against CIT and Sun, which would consume all assets in the Debtors' estates, and lead to an uncertain outcome given the potential defenses available to CIT and Sun. Moreover, even if the Committee completely prevailed, the potential delay in obtaining a final judgment against CIT and Sun could impair administration of the Debtors' estates in a timely fashion.

28.     The Settlement results in the payment to the Debtors of the sum of $2,000,000.00 for the benefit of the estates plus the transfer to a trust for the benefit of the unsecured creditors of property belonging to Sun worth approximately $2,000,000.00. For this reason, in addition to the defenses and claims and counterclaims of CIT and Sun, it is respectfully submitted that the settlement falls well within the "range of reasonableness" the Court is required to consider. Accordingly, for the reasons set forth herein, it is respectfully requested that this Motion be granted.

## B.     The Court Should Approve the Dismissal of the Chapter 11 Cases.

29.     The Court should approve the Debtors' proposed procedures for distributions under the Settlement Agreement and for dismissal of these Chapter 11 Cases because, among other things, (a) the Debtors cannot bear the administrative costs of formulating and confirming a plan of reorganization, (b) the Debtors have no remaining estate assets to administer, (c) the proposed procedures provide the most efficient way to distribute the funds under the Settlement Agreement, and (d) the proposed procedures provide for a reasonable and appropriate method for payment of outstanding administrative fees and expenses, including those of Professionals.

30.     Under section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's chapter 11 case for "cause." 11 U.S.C. § 1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674

12

(11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999).  Section 1112(b)(1) of

the Bankruptcy Code states, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing,
> absent unusual circumstances specifically identified by the court
> that establish that the requested conversion or dismissal is not in
> the best interests of creditors and the estate, the court shall convert
> a case under this chapter to a case under chapter 7 or dismiss a case
> under this chapter, whichever is in the best interests of creditors
> and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).  A determination of cause is made by the Court on a case-by-case basis.

*See Albany Partners*, 749 F.2d at 674.  In addition, the decision to dismiss a case is particularly

committed to the bankruptcy court's sound discretion.  *See In re Camden Ordinance Mfg. Co. of

Ark., Inc.*, 1999 WL 587790, at *2 (Bankr. E.D. Pa. July 21, 1999) (citing *In re Atlas Supply

Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988)).  As a result, the Court is authorized to dismiss the

Debtors' Chapter 11 Cases upon a showing of cause.

31.    The legislative history of section 1112(b) of the Bankruptcy Code and relevant

case authority indicate that a court has wide discretion to use its equitable powers in disposing of

a debtor's case.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989, 95th

Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5903; *see also In re Preferred

Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (stating that a court has broad discretion to dismiss

a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (stating

that a determination of whether cause exists under section 1112(b) of the Bankruptcy Code "rests

in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n.7 (5th

Cir. 1986) (stating that a bankruptcy court is afforded "wide discretion" under section 1112(b) of

the Bankruptcy Code); *Albany Partners*, 749 F.2d at 674 (same).

13

32.    Section 1112(b) of the Bankruptcy Code provides a nonexclusive list of sixteen grounds for dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(A)-(P); *Frieouf v. U.S.,* 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that the list in section 1112(b) of the Bankruptcy Code is non-exhaustive); *Blunt,* 236 B.R. at 864 (same); *In re Camden Ordinance Mfg. Co. of Ark., Inc.,* 245 B.R. 794, 799 (E.D. Pa. 2000) ("[T]he bankruptcy court may find 'cause' for conversion or dismissal for reasons beyond the enumerated examples in § 1112(b)").    One example of cause is where there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."    11 U.S.C. § 1112(b)(4)(A). Similarly, cause exists where there is a failure to file or confirm a plan within the time fixed by the Bankruptcy Code or by order of the court.  11 U.S.C. § 1112(b)(4)(J).  The inability to effectuate substantial consummation of a confirmed plan constitutes another form of cause warranting dismissal. 11 U.S.C. § 1112(b)(4)(M).

33.    Dismissal of the Debtors' Chapter 11 Cases is appropriate under the circumstances because the Debtors are unable to confirm or to effectuate a plan.  Inability to effectuate a plan arises when a debtor lacks the capacity to "formulate a plan or carry one out" or where the "core" for a workable plan of reorganization "does not exist." *See Preferred Door,* 990 F.2d at 549 (quoting *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989)) (finding an "[i]nability to effectuate a plan arises where debtor lacks the capacity to 'formulate a plan or carry one out'"); *Blunt,* 236 B.R. at 865 (finding cause to dismiss debtor's case under section 1112(b) of the Bankruptcy Code where "core" for a workable plan of reorganization found to be nonexistent).

34.    In these Chapter 11 Cases, it is not realistic or even possible for the Debtors to confirm a Chapter 11 plan.  The Debtors have sold virtually all of their assets, liquidated the

14

balance of their assets, resolved all pending litigation that would result in a recovery to the Debtors' estates and any remaining assets are designated for specific administrative claims or constitute the proceeds of the collateral of Sun and/or the Lender Group. There is no business to reorganize. There is no prospect of distributions to unsecured creditors, other than from the funds under the Settlement Agreement. Accordingly, cause clearly exists to dismiss the Debtors' Chapter 11 Cases under sections 1112(b)(4)(J) and (b)(4)(M) of the Bankruptcy Code due to the Debtors' inability to propose, much less effectuate, a plan.

35.     In addition, if the Debtors' Chapter 11 Cases are not promptly dismissed, the Debtors will continue to incur unnecessary administrative expenses, creating substantial or continuing losses, as referenced in the first element of section 1112(b)(4)(A) of the Bankruptcy Code. The Debtors no longer have any businesses to operate, and they are beyond rehabilitation, meeting the second element of cause under section 1112(b)(4)(A). As a result, the Debtors also have met their burden of proof to show that cause exists to dismiss the Debtors' Chapter 11 Cases under section 1112(b)(4)(A) of the Bankruptcy Code.

36.     Once a court determines that cause exists to dismiss a Chapter 11 Cases, the court must also evaluate whether dismissal is in the best interests of creditors and the estate. *See In re Superior Sliding & Window, Inc.*, 14 F.3d 240, 243 (4th Cir. 1994); In re Mazzocone, 183 B.R. 402, 411 (Bankr. E.D. Pa. 1995), *aff'd*, 200 B.R. 568 (E.D. Pa. 1996); *In re Warner*, 83 B.R. 807, 809 (Bank. M.D. Fla. 1988). Numerous factors demonstrate that dismissal of these Cases is in the best interests of the Debtors' creditors and estates.

37.     Dismissal of a Debtor's Chapter 11 Cases is in the best interests of creditors where a debtor has nothing left to reorganize and the debtor's assets are fixed and liquidated. *See In re BTS, Inc.,* 247 B.R. 301, 310 (Bankr. N.D. Okla. 2000); *Camden Ordinance*, 245 B.R.

15

at 799 (finding that a reorganization to salvage a business which ceased doing business was not feasible); *In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing chapter 11 case in part where there was "simply nothing to reorganize" and no reason to continue the reorganization). As explained above, the Debtors have nothing left to reorganize, as essentially all of the Debtors' assets have been liquidated to cash. The only remaining tangible asset in the estates is cash subject to Sun's liens, and the claims in the Adversary Proceeding, which are being dismissed pursuant to the Settlement Agreement. Thus, the only significant remaining tasks are the reconciliation and payment of allowed administrative expenses claims, to be paid on a final basis with the funds designated for such purpose, and the reconciliation of any remaining disputed general unsecured claims. Once these tasks are completed, the Chapter 11 Cases will be ripe for dismissal as there is no other action needed to administer these estates..

38.     The funds to be distributed to the Trust and to pay administrative claims are not property of the Debtors' estates, as they constitute Sun's collateral,[8] which pursuant to the Settlement Agreement, are to be specifically carved out and assigned to the Trust for distribution after the Chapter 11 Cases are dismissed to holders of allowed general unsecured claims, a process for which there is ample precedent. *See, e.g., In re SPM Mfg. Corp.*, 984 F.2d 1305 (1st Cir. 1993) (holding that a secured creditor may share proceeds to which it is otherwise entitled with unsecured creditors); *In re TSIC, Inc.*, 393 B.R. 71, 75-77 (approving the transfer of non-estate funds to a junior class of creditors outside of a plan in connection with the settlement of certain objections to the sale of assets*); In re World Health Alternatives, Inc.*, 344 B.R. 291 (Bankr. D. Del. 2006) (permitting a secured lender to carve out funds from its collateral for the

---

[8] In addition to its lien arising from payment on its $2 million guaranty and its subrogation rights, Sun also was granted a replacement lien on all of the Debtors' assets as adequate protection in a series of cash collateral stipulations so ordered by the Court.

benefit of unsecured creditors in exchange for committee's withdrawal of its objection to motion to sell substantially all of the debtor's assets); *In re Genesis Health Ventures, Inc.,* 266 B.R. 591 (Bankr. D. Del. 2001) (holding that secured lender's distribution to management did not preclude confirmation of the plan). Thus, dismissal of the Debtors' Chapter 11 Cases is in the best interest of creditors because the Debtors' have no ongoing business operations, and the terms and conditions of the contemplated dismissal will result in the payment of all allowed administrative claims notwithstanding the administrative insolvency of the estates, as well as a modest distribution to holders of allowed general unsecured claims from the funds assigned by Sun to the Trust.

39.     Additionally, dismissal of these Chapter 11 Cases is warranted because the apparent alternative-conversion to chapter 7-would not serve the best interests of the Debtors' creditors and estates for the reasons discussed herein. One focus of the test regarding the best interests of creditors is upon whether the economic value of the estate is greater inside or outside of bankruptcy. *See In re Clark,* 1995 WL 495951, at *5 (N.D. Ill. Aug. 17, 1995); *In re Staff Inv. Co.,* 146 B.R. 256, 261 (Bankr. E.D. Cal. 1993). The prime criterion for assessing the best interests of the estate is the maximization of value as an economic enterprise. *See id.*

40.     Under the circumstances presented, conversion to chapter 7 and appointment of a chapter 7 trustee would impose significant and unnecessary additional administrative costs upon the Debtors' estates with no correlative benefit. There are no assets for a potential chapter 7 trustee to administer, and all avoidance actions have been settled or adjudicated. There would be no benefit to (and indeed only a burden upon) the Debtors' creditors and estates by conversion to cases under Chapter 7.

17

41.    Furthermore, where creditors agree that dismissal is the proper disposition of the case, the test regarding the best interests of creditors is met. *See Camden Ordinance*, 245 B.R. at 798; *Mazzocone,* 183 B.R. at 411-12. This Motion and the Settlement Agreement represent the Debtors' best efforts at reaching a solution that benefits all of their creditors within the confines of the Bankruptcy Code. The Debtors have formulated this Joint Motion in consultation with counsel for the Committee, and the Committee supports the approval of the Joint Motion. Dismissal of the Debtors' Chapter 11 Cases will curtail the unnecessary incurrence of additional administrative costs, further the Bankruptcy Code's goal of efficient administration of the Debtors' estates, and is in the best interests of creditors.

42.    Finally, with respect to the payment of the Allowed Administrative Expense Claims, which include, *inter alia*, 503(b)(9) claims, Admin Taxes and Professionals Fees incurred in connection with these Chapter 11 Cases, it is well-settled that determinations concerning the payment of administrative expenses outside of a plan of reorganization are matters within the sound discretion of the bankruptcy court. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *In re Colortex Indus., Inc.,* 19 F.3d 1371,1384 (11th Cir. 1994); *In re Verco Indus.,* 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982); *In re Baptist Med. Ctr. of N.Y., Inc.,* 52 B.R. 417, 421 (E.D.N.Y. 1985). One of the chief factors courts consider in making this determination is bankruptcy's goal of an orderly distribution among creditors and the need to prevent a race to the debtor's assets. *See HQ Global Holdings*, 282 B.R. at 173. The Debtors' proposed mechanism for allowing and paying Allowed Administrative Expense Claims on a final basis meets this goal and provides a reasonable and efficient method for addressing such claims, given that the Debtors do not have the ability to confirm and implement a plan of reorganization.

18

43.     Numerous courts, both in this district and throughout the country, have approved structured dismissals under similar circumstances to the Debtors' cases where the debtor lacks the requisite ability to confirm a Chapter 11 plan and/or the costs associated with plan confirmation would eliminate the possibility of a meaningful creditor recovery. *See, e.g., International Garden Products, Inc., et al.,* Case No. 10-13207 (KJC), Docket No. 541 (Bankr. D. Del. 2010); *In re KB Toys, Inc., a Delaware corporation, et. al.*, Case No. 08-13269 (KJC), Docket No. 914 (Bankr. D. Del. 2009); *In re CFM U.S. Corp., et al.*, Case No. 08-10668 (KJC), Docket No. 1097 (Bankr. D. Del. 2009); *In re Wickes Holdings, LLC, et al.*, Case No. 08-10212 (KJC), Docket No. 1418 (Bankr. D. Del. 2009); *In re Bag Liquidation, Ltd.,* Case No. 08-32096 (SGJ), Docket No. 688 (Bank. N.D. Tex. 2009); *In re Princeton Ski Shop, Inc., et al.*, Case No. 07-26206 (MS), Docket No. 546 (Bankr. D. N.J. 2008); *In re Harvey Elecs., Inc.*, Case No. 07-14051 (ALG), Docket No. 177 (Bankr. S.D.N.Y. 2008); *In re Dawahare's of Lexington, LLC*, Case No. 08-51381 (JMS), Docket No. 316 (Bankr. E.D. Ky. 2008*); In re New Weathervane Retail Corp.,* 04-11649 (PJW), Docket No. 566 (Bankr. D. Del. 2005); *In re Blades Board & Skate, LLC*, Case No. 03-48818 (NLW), Docket No. 126 (Bankr. D. N.J. 2004).

44.     As of the Petition Date the Debtors ceased doing business and during the course of their Chapter 11 Cases liquidated all of their assets and, subject to the approval of the Settlement Agreement, have resolved all the estates claims other than a suit styled *Casimir Czyzewski, Jeffrey Oehlers, et al. v. Jevic Transportation, Inc., et al.,* (Adv. Pro. No. 08-50662) filed by certain former employees (the "WARN Act Claimants") as a putative class action in this Court against the Debtors and Sun (the "WARN Act Claim"). Notably, nothing in the Settlement Agreement or the Settlement and Dismissal Order will effect a release of WARN Act Claimants against Sun, which they are free to prosecute in this Court or any other court of

competent jurisdiction. Indeed, the dismissal of the Chapter 11 Cases will not necessarily deprive this court of jurisdiction to resolve the WARN Act Claim. *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 162-63 (2nd Cir. 1995) ("holding that the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement.").

45.    But for the Settlement Agreement the Debtors' estates are administratively insolvent and would not be able to pay their administrative claims in full. The Debtors believe that approval of the Settlement Agreement will provide the Debtors' estates with sufficient funds to pay their Allowed Administrative Expense Claims in full.

46.    The Debtors lack sufficient funds to formulate, confirm, or effectuate a chapter 11 plan that meets the requirements of section 1129 of the Bankruptcy Code. Moreover, even if the Debtors were able to propose a liquidating or other chapter 11 plan, the cost of drafting, soliciting acceptances to, and attempting to confirm a chapter 11 plan would consume all the assets in the Debtors' estates and provide for no distribution to creditors.

47.    Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code is not likely to yield any recovery to the Debtors' creditors or result in any additional benefit to the Debtors' estates or creditors than what they will realize from dismissal.

48.    Dismissing these Chapter 11 Cases in accordance with the procedures herein is in the best interest of the Debtors, their estates, creditors, and parties-in-interest.

49.    Upon the filing of the Certification, attached hereto as Exhibit E, cause (as such term is defined in section 1112(b) of the Bankruptcy Code) will exist to dismiss these chapter 11 cases.

20

50.    Cause exists to modify the effects of section 349(b) of the Bankruptcy Code so that all orders entered in these Chapter 11 Cases, including this order, prior to the date of dismissal shall remain in full force and effect for purposes of *res judicata* and otherwise, notwithstanding section 349(b) of the Bankruptcy Code, and section 349 of the Bankruptcy Code shall be of no force and effect.

51.    No reinstatement or revesting of assets of the Debtors or their estates under section 349(b) of the Bankruptcy Code shall occur upon the entry of the dismissal order or the dismissal of the Chapter 11 Cases.

## NOTICE

52.    Notice of and a copy of this Joint Motion has been given to (a) the United States Trustee, and (b) those parties who have requested special notice pursuant to Bankruptcy Rule 2002. Solely the Notice of the Joint Motion, which sets forth the means to obtain a full copy of the Joint Motion, has been given to the parties on the Debtors' creditor matrix. The Parties submit that the foregoing notice is sufficient for entry of an Order on the Motion.

## CONCLUSION

WHEREFORE, the Parties respectfully pray that the court enter an order substantially in the form of the proposed Settlement and Dismissal Order attached hereto as Exhibit B and (ii) grant the Parties such other and further relief as is just.

Dated:  June 27, 2012
Wilmington, Delaware

KLEHR HARRISON HARVEY BRANZBURG LLP

      */s/ Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone:    (302) 426-1189
Facsimile:     (302) 426-9193

*Counsel to the Debtors and Debtors in Possession*

21

Dated:  June 27, 2012
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Bruce Grohsgal_
Bruce Grohsgal (Bar No. 3583)
Robert J. Feinstein
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington DE 19899-8705 (Courier 19801)
Telephone:  302.652.4100
Facsimile:  302.652.4400
Email:  bgrohsgal@pszjlaw.com
        rfeinstein@pszjlaw.com

_Counsel to the Official Committee of Unsecured
Creditors_

22

Dated:  June 27, 2012
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____ /s/ Curtis S. Miller _____
Robert J. Dehney (DE Bar No. 3578)
Curtis S. Miller (DE Bar No. 4583)
1201 North Market Street, 18th Floor
Wilmington, DE 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
cmiller@mnat.com

-and-

James P. Gillespie, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
Email: james.gillespie@kirkland.com

and

James A. Stempel
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL  60654
Telephone:  (312) 862-2440
Facsimile:  (312) 862-2000
Email:  jstempel@kirkland.com

*Counsel to Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc.*

Dated:  June 27, 2012
Wilmington, Delaware

MORRIS JAMES LLP

_/s/ Stephen M. Miller_
Stephen M. Miller (DE Bar No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box  2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
Email: emonzo@morrisjames.com


-and-

Benjamin C. Ackerly, Esq.
Tara L. Elgie, Esq.
HUNTON & WILLIAMS LLP
Riverfront Plaza, Easter Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: backerly@hunton.com
Email: telgie@hunton.com

Richard P. Norton, Esq.
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
Telephone:  (212) 309-1000
Email: rnorton@hunton.com

_Attorneys for The CIT Group/Business Credit, Inc._

24

# EXHIBIT A to Joint Motion

**Settlement Agreement**

# EXHIBIT B to Joint Motion

**Settlement and Dismissal Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JEVIC HOLDINGS CORP., *et al.*, | ) | Case No. 08-11006 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS, on behalf of the bankruptcy estates | ) | Adv. Pro. No. 08-51903 (BLS) |
| of JEVIC HOLDING CORP., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| THE CIT GROUP/BUSINESS CREDIT, INC., | ) | |
| in its capacity as Agent, and SUN CAPITAL | ) | |
| PARTNERS IV, LP, SUN CAPITAL PARTNERS | ) | |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) | |
| PARTNERS, INC., | ) | |
| | ) | |
| Defendants. | ) | **Realted to D.I.** |

### ORDER GRANTING JOINT MOTION OF THE DEBTORS, CIT,
### SUN CAPITAL AND THE OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a), 349 AND 1112(b)
### AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER:
### (I) APPROVING SETTLEMENT AGREEMENT AND RELEASING CLAIMS;
### (II) DISMISSING THE DEBTORS' CASES UPON IMPLEMENTATION OF
### SETTLEMENT; AND (III) GRANTING RELATED RELIEF

Upon consideration of the *Joint Motion of the Debtors[1], CIT, Sun Capital and the Official*

*Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed.*

*R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing*

*Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III)*

*Granting Related Relief* (the "Motion"); the Court having reviewed the Motion, the Settlement

---

[1]  Defined  terms used herein and not otherwise defined herein shall have the meaning ascribed to them in
the Motion.

Agreement, the exhibits thereto, and any responses or objections thereto; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and the Court finding that notice of the Motion was sufficient and that no other notice need be provided; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       The Motion is GRANTED.

### Settlement Agreement

2.       The Debtors are authorized to enter into the Settlement Agreement, a copy of which is attached hereto as <u>Exhibit A</u>, and the Settlement Agreement is approved in its entirety.

3.       The Debtors are authorized and instructed to take any and all actions necessary or appropriate to perform their obligations arising under the Settlement Agreement.

4.       Within ten (10) business days after the Effective Date, as defined in paragraph 18 of the Settlement Agreement (the "Effective Date"), the following shall occur simultaneously:

> (a) CIT shall pay to the Debtors $2,000,000 (the "Administrative Claim Fund");
>
> (b) The Committee, CIT and Sun shall file with the Court a fully executed stipulation of dismissal with prejudice, substantially in the form of Exhibit 2 to the Settlement Agreement;

4730598

2

PHIL1 2204721-1

(c) The releases set forth in paragraph 2(c) of the Settlement Agreement shall become effective upon payment of the Administrative Claim Fund to the Debtors; and

(d) The Estate Releasing Parties, as such term is defined in the Settlement Agreement, shall execute and deliver to CIT releases in favor of the other members of the Lender Group, as such term is defined in the Settlement Agreement, in the form attached as Exhibit 3 to the Settlement Agreement and such releases shall be effective upon payment of the Administrative Claim Fund to the Debtors.

5.      Sun has an allowed secured claim secured by a superpriority lien and security interest in the cash and other assets of the Debtors' estates in an amount equal to $2,000,000, plus at least $200,00.00 of accrued and unpaid interest as of May 31, 2012 and at least $250,000 in fees and costs incurred as of May 31, 2012.

6.      The failure specifically to describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

7.      The Clerk of the Court is authorized to take all necessary and appropriate actions to give effect to the Settlement Agreement.

Dismissal Of Debtors' Chapter 11 Cases

8.      Upon payment of the Administrative Claim Fund to the Debtors, the Debtors shall pay the aggregate sum of $200,000 from the Administrative Claim Fund to the professionals retained by the Committee on account of previously approved and unpaid fees and expenses.

4730598

3

PHIL1 2204721-1

9.      Unless a later date is agreed to by the Debtors, Sun, and the Committee, within sixty (60) days following the Effective Date, the Debtors shall determine (a) in consultation with the Committee and Sun, the identity of the holders and the amount of the Administrative Claims, as such term is defined in the Settlement Agreement (the "Administrative Claims"), and (b) in consultation with the Committee, the identity of the holders and the amount of the allowed general unsecured claims.

10.     Upon reconciliation of the Administrative Claims, the Debtors shall pay in full the Administrative Claims.  Upon payment in full of the Administrative Claims as provided in the Settlement Agreement, Sun shall indefeasibly transfer to the Trust, as such term is defined in the Settlement Agreement, as a collateral carve-out from its allowed secured claim and superpriority liens on the assets in the Debtors' estates, a sum equal to all of the remaining funds in the estates (the "Carve-out").  The Trust shall be responsible for paying the allowed general unsecured claimants their pro rata share of the Carve-out.

11.     Upon payment in full of the allowed Administrative Claims and after the completion of the transfer of the Carve-out to the Trust, the Debtor and the Committee, by counsel, shall file with this Court a certification substantially in the form of Exhibit 4 attached to the Settlement Agreement that all allowed Administrative Claims have been paid in full and the Carve-out has been transferred to the Trust, and thereupon, the Chapter 11 Cases shall be dismissed without further order of this Court.

12.     Each Party shall bear its own costs and expenses in connection with the Adversary Proceeding and the Settlement Agreement.

4730598

4

<u>Additional Relief</u>

13.    Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

14.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June _____, 2012
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge

4730598

5

# EXHIBIT C to Joint Motion

**503(b)(9) Claims and Admin Taxes**

Exhibit [_____]
Jevic Holding Corp., et al.
503(b)(9) Claims

| Claimant Name | Claim # | Schedule # | Debtor | Admin Amt |
|---|---|---|---|---|
| **Allowed Claims:** | | | | |
| GOODYEAR TIRE & RUBBER COMPANY, THE | 446 | 8011290 | JEVIC TRANSPORTATION, INC. | $   41,115.33 |
| ACTION CALENDAR & SPECIALTY CO., INC. | 211 | 8021390 | JEVIC TRANSPORTATION, INC. | $     6,818.30 |
| **Total Allowed Claims** | | | | $   47,933.63 |
| **Claims Subject to Objection:** | | | | |
| IRVING OIL CORPORATION | 234 | | JEVIC TRANSPORTATION, INC. | $ 165,266.79 |
| Total 503(b)(9) Claims | | | | $ 213,200.42 |

Exhibit [_____]
Jevic Holding Corp., et al.
Administrative Claims - Tax

| Claimant Name | Claim # | Schedule # | Debtor | Admin Amt |
|---|---|---|---|---|
| **Allowed Claims:** | | | | |
| NEW JERSEY DEPARTMENT OF LABOR AND | 853 | | JEVIC TRANSPORTATION, INC. | $ 8,398.67 |
| STATE OF NEW JERSEY | 1137 | | JEVIC HOLDING CORP. | $ 7,655.72 |
| DEPARTMENT OF THE TREASURY | 1141 | | JEVIC HOLDING CORP. | $ 2,253.32 |
| INTERNAL REVENUE SERVICE | 1144 | | JEVIC HOLDING CORP. | $ 120.36 |
| **Total Allowed Claims** | | | | $ 18,428.07 |
| | | | | |
| **Claims Subject to Objection:** | | | | |
| STATE OF MICHIGAN, DEPT OF TREASURY | 1143 | | JEVIC TRANSPORTATION, INC. | $ 59,869.11 |
| | | | | |
| Total All Administrative Tax Claims | | | | $ 78,297.18 |

Exhibit [_____]
Jevic Holding Corp., et al.
Administrative Claims - Other

| Claimant Name | Claim # | Schedule # | Debtor | Admin Amt |
|---|---|---|---|---|
| **Allowed Claims:** | | | | |
| HARTFORD FIRE INSURANCE COMPANY | 237 | | JEVIC HOLDING CORP. | $ 8,562.61 |
| ILLUMINATING COMPANY, THE | 468 | | JEVIC TRANSPORTATION, INC. | $ 7,251.92 |
| PITNEY BOWES CREDIT CORPORATION | 227 | | JEVIC TRANSPORTATION, INC. | $ 8,379.25 |
| WILLIAMS SCOTSMAN, INC. | 203 | | JEVIC TRANSPORTATION, INC. | $ 804.23 |
| SUNGARD AVAILABILITY SERVICES LP | 34 | | JEVIC HOLDING CORP. | $ 36,856.00 |
| METROPOLITAN LIFE INSURANCE COMPANY | 1034 | 8017180 | JEVIC HOLDING CORP. | $ 14,705.74 |
| **Total Allowed Claims** | | | | $ 76,559.75 |
| **Claims Subject to Objection:** | | | | |
| WAITE, JAMES E | 538 | | NO DEBTOR ASSERTED BY CREDITOR | $ 2,700.00 |

Total All Administrative Other Claims                                            $ 79,259.75

# EXHIBIT D to Joint Motion

## General Unsecured Claims Schedule

Exhibit [_____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| **Allowed Claims:** | | | | |
| 4C FOODS CORP | | 8000070 | JEVIC TRANSPORTATION, INC. | $ 33.00 |
| 501 HOES LANE, INC. | 241 | | JEVIC HOLDING CORP. | $ 5,553.20 |
| A & S TRUCKING SERVICE INC | 514 | 8000110 | JEVIC TRANSPORTATION, INC. | $ 450.00 |
| A 1 PLASTICS | | 8000120 | JEVIC TRANSPORTATION, INC. | $ 64.81 |
| A EXCELLENCE TOWING CO | 500 | 8000220 | JEVIC TRANSPORTATION, INC. | $ 3,918.92 |
| A2Z FREIGHT SERVICES | | 8000350 | JEVIC TRANSPORTATION, INC. | $ 813.36 |
| AABBOTT MECHELLI TECHNOLOGIES | | 8000360 | JEVIC TRANSPORTATION, INC. | $ 868.70 |
| AARON DAVIS | | 8000370 | JEVIC TRANSPORTATION, INC. | $ 850.00 |
| A-B TRUCK SERVICE, INC. | | 8000340 | JEVIC TRANSPORTATION, INC. | $ 2,000.00 |
| ABCO FIRE PROTECTION INC | | 8000410 | JEVIC TRANSPORTATION, INC. | $ 204.90 |
| ABRAHAM, JOHN R | 1016 | | NO DEBTOR ASSERTED BY CREDITOR | $ 6,222.89 |
| AB'S 24 HOUR ROAD SERVICE | | 8000380 | JEVIC TRANSPORTATION, INC. | $ 1,214.33 |
| ABSOLUTE BEST CLEANING SERVICE | 999 | 8000450 | JEVIC TRANSPORTATION, INC. | $ 16,047.00 |
| ACCESS INTELLIGENCE LLC | | 8000480 | JEVIC TRANSPORTATION, INC. | $ 1,500.00 |
| ACCOUNTEMPS DIV. OF ROBERT HALF INT. | 1127 | 8000500 | JEVIC TRANSPORTATION, INC. | $ 8,339.76 |
| ACCURATE LIFT TRUCK INC | | 8000520 | JEVIC TRANSPORTATION, INC. | $ 13,459.84 |
| ACCU-TECH POLYMERS INC. | | 8000510 | JEVIC TRANSPORTATION, INC. | $ 614.00 |
| ACE EXTERMINATING CO | | 8000540 | JEVIC TRANSPORTATION, INC. | $ 276.47 |
| ACHESON COLLOIDS | | 8000580 | JEVIC TRANSPORTATION, INC. | $ 432.10 |
| ACHESON COLLOIDS CO | | 8000600 | JEVIC TRANSPORTATION, INC. | $ 122.10 |
| ACTION CALENDAR & SPECIALTY CO., INC. | 211 | 8021390 | JEVIC TRANSPORTATION, INC. | $ 91,318.52 |
| ADP INC | | 8000670 | JEVIC TRANSPORTATION, INC. | $ 9,091.42 |
| ADT SECURITY SYSTEMS | | 8000680 | JEVIC TRANSPORTATION, INC. | $ 574.16 |
| ADVANCED TRANSPORTATION SYSTEM | | 8000740 | JEVIC TRANSPORTATION, INC. | $ 440.71 |
| ADVANTAGE MILLWORK COMPANY | | 8000760 | JEVIC TRANSPORTATION, INC. | $ 538.02 |
| ADVOCATE OCCUPATIONAL HEALTH | 988 | 8000770 | JEVIC TRANSPORTATION, INC. | $ 8,578.81 |
| AEP INDUSTRIES | | 8000780 | JEVIC TRANSPORTATION, INC. | $ 786.20 |
| AFA PROTECTIVE SYSTEMS INC | | 8000800 | JEVIC TRANSPORTATION, INC. | $ 2,003.04 |
| AGSON INC. | | 8000830 | JEVIC TRANSPORTATION, INC. | $ 3,294.19 |
| AID RADIATOR COMP-CORE DIST | | 8000840 | JEVIC TRANSPORTATION, INC. | $ 1,420.72 |
| AIN PLASTICS | | 8000860 | JEVIC TRANSPORTATION, INC. | $ 165.12 |
| AIR PRODUCTS | | 8000920 | JEVIC TRANSPORTATION, INC. | $ 857.81 |
| AIR PRODUCTS & CHEMICAL INC. | | 8000960 | JEVIC TRANSPORTATION, INC. | $ 813.13 |
| AIRGAS NATIONAL WELDERS | | 8001000 | JEVIC TRANSPORTATION, INC. | $ 315.86 |
| AIRGAS SAFETY | 715 | 8001010 | JEVIC HOLDING CORP. | $ 1,775.12 |
| AIR-TEMP MECHANICAL INC | | 8000980 | JEVIC TRANSPORTATION, INC. | $ 1,923.97 |
| AJ GATES COMPANY INC | | 8001030 | JEVIC TRANSPORTATION, INC. | $ 30,756.63 |
| AKZO NOBEL | | 8001040 | JEVIC TRANSPORTATION, INC. | $ 75.00 |
| ALLEGHENY WAREHOUSE AND CARTAG | 844 | 8001190 | JEVIC TRANSPORTATION, INC. | $ 12,336.99 |
| ALLEN LUND COMPANY | 239 | | JEVIC TRANSPORTATION, INC. | $ 5,612.50 |
| ALL-PAK, INC | 17 | | JEVIC HOLDING CORP. | $ 4,023.94 |
| ALLSTATE INS. | 447 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,100.00 |
| ALLSTATE INSURANCE COMPANY A/S/O | 242 | | JEVIC HOLDING CORP. | $ 4,153.11 |
| ALPHA EXPRESS | 928 | 8001250 | JEVIC TRANSPORTATION, INC. | $ 1,350.00 |
| ALTAIRE PHARMACEUTICALS INC | | 8001260 | JEVIC TRANSPORTATION, INC. | $ 20.16 |
| ALYAN PUMP COMPANY | | 8001310 | JEVIC TRANSPORTATION, INC. | $ 466.67 |
| AMBASSADOR FIND FOODS / QZINA SPECIALTY | 153 | | JEVIC HOLDING CORP. | $ 699.75 |
| AMBUCARE CLINIC | | 8001330 | JEVIC TRANSPORTATION, INC. | $ 55.00 |
| AMCOR FLEXIBLES | | 8001340 | JEVIC TRANSPORTATION, INC. | $ 2,223.00 |
| AMERENCILCO | 470 | | JEVIC HOLDING CORP. | $ 10,206.28 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SVCS CO | 159 | 8001420 | JEVIC HOLDING CORP. | $ 512,783.34 |
| AMERICAN EXPRESS TRAVEL RELATED SVCS CO | 160 | | Multiple Debtors | $ 26,670.67 |
| AMERICAN EXPRESS TRAVEL RELATED SVCS CO | 161 | | Multiple Debtors | $ 13,280.81 |
| AMERICAN EXPRESS TRAVEL RELATED SVCS CO | 162 | | JEVIC HOLDING CORP. | $ 2,172.77 |
| AMERICAN EXPRESS TRAVEL RELATED SVCS CO | 163 | | Multiple Debtors | $ 1,916.71 |
| AMERICAN EXPRESS TRAVEL RELATED SVCS CO | 164 | | Multiple Debtors | $ 785.43 |
| AMERICAN ROLAND FOOD CORP | | 8001490 | JEVIC TRANSPORTATION, INC. | $ 71.50 |
| AMERICAN TRUCKING ASSOCIATIONS | | 8001510 | JEVIC TRANSPORTATION, INC. | $ 2,000.00 |
| AMERICANA TIRE & WHEEL | | 8001530 | JEVIC TRANSPORTATION, INC. | $ 54.75 |
| ANDERSON FORKLIFT SUPPLY INC | | 8001680 | JEVIC TRANSPORTATION, INC. | $ 36.93 |
| ANDERSON UNIFORM CO INC | | 8001690 | JEVIC TRANSPORTATION, INC. | $ 44.70 |
| ANGELA REID | | 8001710 | JEVIC TRANSPORTATION, INC. | $ 114.12 |
| ANOFOL INTERNATIONAL | 1003 | | JEVIC HOLDING CORP. | $ 18,450.00 |
| ANOFOL INTERNATIONAL INC | 118 | | JEVIC HOLDING CORP. | $ 8,290.80 |
| APPLE TRAILER RENTAL CORP. | | 8001820 | JEVIC TRANSPORTATION, INC. | $ 242.55 |
| AQUARION WATER COMPANY OF MA | | 8001880 | JEVIC TRANSPORTATION, INC. | $ 453.35 |
| ARBILL | 444 | 8001910 | JEVIC HOLDING CORP. | $ 778.90 |
| ARBITRATION FORUM INC | | 8001920 | JEVIC TRANSPORTATION, INC. | $ 100.00 |
| ARBOR DAY FOUNDATION | | 8001930 | JEVIC TRANSPORTATION, INC. | $ 100.00 |
| ARKEMA INC | 922 | 8001960 | JEVIC TRANSPORTATION, INC. | $ 422.93 |
| ARROWHEAD | | 8001990 | JEVIC TRANSPORTATION, INC. | $ 26.84 |
| ART INSTITUTES INT'L MINNESOTA | | 8002020 | JEVIC TRANSPORTATION, INC. | $ 9,711.01 |
| ARTUR EXPRESS INC | 638 | 8002060 | JEVIC TRANSPORTATION, INC. | $ 1,900.00 |
| ASCENDIA BRANDS-LANDER | | 8002090 | JEVIC TRANSPORTATION, INC. | $ 650.16 |
| ASHLAND DISTRIBUTION CO | | 8002110 | JEVIC TRANSPORTATION, INC. | $ 187.86 |
| ASSOCIATED FUEL SYSTEM INC | | 8002140 | JEVIC TRANSPORTATION, INC. | $ 113.46 |
| AT&T | 60 | 8002200 | JEVIC HOLDING CORP. | $ 3,418.69 |
| AT&T CORP. | 105 | | JEVIC HOLDING CORP. | $ 63,488.17 |
| AT&T GLOBAL SERVICES | 58 | 50, 8002170, 8( | Multiple Debtors | $ 17,412.14 |
| ATL COURIER INC | | 8002260 | JEVIC TRANSPORTATION, INC. | $ 5,765.34 |
| ATLANTA COFFEE TIME | 725 | 8002280 | JEVIC TRANSPORTATION, INC. | $ 251.79 |
| ATLANTA FREIGHTLINER | 662 | 8002290 | NO DEBTOR ASSERTED BY CREDITOR | $ 1,350.47 |
| ATLANTA SCALES INC | | 8002300 | JEVIC TRANSPORTATION, INC. | $ 1,242.34 |
| ATLANTA TRAILER SERVICE | 635 | 8002320 | JEVIC TRANSPORTATION, INC. | $ 1,823.08 |
| ATLANTECH DISTRIBUTION | | 8002330 | JEVIC TRANSPORTATION, INC. | $ 101.76 |
| ATLANTIC COAST TRAILER SALES | | 8002340 | JEVIC TRANSPORTATION, INC. | $ 9,124.78 |
| ATLANTIC SWEETNER | | 8002380 | JEVIC TRANSPORTATION, INC. | $ 72.81 |
| ATLAS OIL COMPANY | 998 | 8002390 | JEVIC TRANSPORTATION, INC. | $ 70,167.76 |
| AUTOMATION AIDS INC | | 8002430 | JEVIC TRANSPORTATION, INC. | $ 7,130.90 |
| AUTOMOTIVE RENTALS INC | 983 | 8002440 | JEVIC TRANSPORTATION, INC. | $ 47,598.97 |
| AVERY WEIGH-TRONIX INC | 572 | 8002480 | NO DEBTOR ASSERTED BY CREDITOR | $ 911.50 |
| B & K EQUIPMENT COMPANY | 659 | 8002500 | JEVIC TRANSPORTATION, INC. | $ 676.97 |
| B & T PUMP AND LUBE SERVICE | | 8002510 | JEVIC TRANSPORTATION, INC. | $ 2,350.27 |
| B&C FIRE EQUIPMENT INC | | 8002650 | JEVIC TRANSPORTATION, INC. | $ 88.92 |
| B&G FOODS INC. | | 8002660 | JEVIC TRANSPORTATION, INC. | $ 430.00 |
| B&W TRAILER SERVICES, INC. | | 8002670 | JEVIC TRANSPORTATION, INC. | $ 1,449.83 |
| BAKKER SERVICE INC | | 8002710 | JEVIC TRANSPORTATION, INC. | $ 392.86 |
| BALL & BALL TRUCKING CO., INC. | | 8002720 | JEVIC TRANSPORTATION, INC. | $ 7,413.17 |
| BALLARD SPAHR ANDREWS INGERSOL, LLP | 129 | 8002730 | JEVIC TRANSPORTATION, INC. | $ 3,380.23 |
| BARASSATIAN & ASSOCIATES, INC | 35 | 8002750 | JEVIC TRANSPORTATION, INC. | $ 71,673.00 |
| BARCELONA NUT CO | | 8002770 | JEVIC TRANSPORTATION, INC. | $ 779.95 |
| BAREFOOT OIL CO OF CONCORD | 47 | | JEVIC TRANSPORTATION, INC. | $ 328.26 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | | Unsecured Amt |
|---|---|---|---|---|---|
| BARTH, SULLIVAN & BEHR, LLP | 728 | | JEVIC HOLDING CORP. | $ | 2,289.71 |
| BARTH, SULLIVAN BEHR | | 8002830 | JEVIC TRANSPORTATION, INC. | $ | 1,208.00 |
| BAY JOHNSON'S FIREPLACE &PATIO | | 8002920 | JEVIC TRANSPORTATION, INC. | $ | 191.26 |
| BAYER MATERIAL SCIENCE | | 8002950 | JEVIC TRANSPORTATION, INC. | $ | 7,680.00 |
| BC TOOL SERVICES | | 8002980 | JEVIC TRANSPORTATION, INC. | $ | 798.88 |
| BEHNKE INC | 550 | 8003000 | JEVIC TRANSPORTATION, INC. | $ | 550.00 |
| BELTS INTERMODAL CORP | | 8003040 | JEVIC TRANSPORTATION, INC. | $ | 40.00 |
| BERRIOS, NAYSHA | 1153 | | JEVIC HOLDING CORP. | $ | - |
| BERRIOS, NAYSHA, ADMINISTRATRIX OF THE | 1152 | | JEVIC HOLDING CORP. | $ | - |
| BESTDRIVERSJOBS.COM | | 8003140 | JEVIC TRANSPORTATION, INC. | $ | 500.00 |
| BETHESDA HEALTHCARE INC | | 8003150 | JEVIC TRANSPORTATION, INC. | $ | 698.00 |
| BEVCO SERVICE INC | 939 | 8003180 | JEVIC TRANSPORTATION, INC. | $ | 2,064.03 |
| BILLOWS ELECTRIC SUPPLY CO | | 8003230 | JEVIC TRANSPORTATION, INC. | $ | 1,746.75 |
| BINGHAMTON-ITHACA EXPRESS INC | | 8003240 | JEVIC TRANSPORTATION, INC. | $ | 2,774.00 |
| BLACK & DECKER | | 8003290 | JEVIC TRANSPORTATION, INC. | $ | 2,940.00 |
| BLAINE BROTHER | 649 | 8003320 | JEVIC TRANSPORTATION, INC. | $ | 3,258.41 |
| BLAKE HARDWARE & MILL SUPPLY | 830 | 8003330 | JEVIC TRANSPORTATION, INC. | $ | 1,497.11 |
| BLUE BEACON INTERNATIONAL INC | 22 | 8003340 | JEVIC TRANSPORTATION, INC. | $ | 1,592.71 |
| BNP MEDIA | 190 | 8003360 | JEVIC TRANSPORTATION, INC. | $ | 18,000.00 |
| BOGERS CORP | | 8003370 | JEVIC TRANSPORTATION, INC. | $ | 812.57 |
| BONDO CORPORATION | | 8003450 | JEVIC TRANSPORTATION, INC. | $ | 3,371.27 |
| BONNIE SPEED DELIVERY INC | | 8003460 | JEVIC TRANSPORTATION, INC. | $ | 3,699.91 |
| BORDEN, BRUCE | 803 | | NO DEBTOR ASSERTED BY CREDITOR | $ | - |
| BOTTOMS UP | | 8003500 | JEVIC TRANSPORTATION, INC. | $ | 480.00 |
| BRAINTREE LABS INC | | 8003570 | JEVIC TRANSPORTATION, INC. | $ | 403.38 |
| BREAKER GROUP, INC. | 710 | | NO DEBTOR ASSERTED BY CREDITOR | $ | 24,000.00 |
| BROADVIEW NETWORKS | 224 | | JEVIC HOLDING CORP. | $ | 2,008.05 |
| BROWN PAPER GOODS | | 8003660 | JEVIC TRANSPORTATION, INC. | $ | 131.52 |
| BRYAN CAVE LLP | | 8003710 | JEVIC TRANSPORTATION, INC. | $ | 26,973.29 |
| BULLEN CHEMICAL | | 8003740 | JEVIC TRANSPORTATION, INC. | $ | 711.00 |
| BURLEIGH'S PAINT AND PAPER INC | | 8003770 | JEVIC TRANSPORTATION, INC. | $ | 164.40 |
| BUSINESS FUNDING CORPORATION | 30 | 8003820 | JEVIC TRANSPORTATION, INC. | $ | 5,053.00 |
| BUTLER-STARKS, CLARICE L | 1050 | | Multiple Debtors | $ | 1,200.00 |
| C & M FORWARDING CO INC | | 8003860 | JEVIC TRANSPORTATION, INC. | $ | 3,115.15 |
| C H ROBINSON - ROSS DIVISION | | 8003930 | JEVIC TRANSPORTATION, INC. | $ | 101.00 |
| C R T S INC | | 8003990 | JEVIC TRANSPORTATION, INC. | $ | 544.94 |
| C S TRUCK & TRAILER REPAIR SER | 908 | | NO DEBTOR ASSERTED BY CREDITOR | $ | 2,368.31 |
| C&L TOWING SERVICE, INC. | | 8004010 | JEVIC TRANSPORTATION, INC. | $ | 641.50 |
| CAIN'S RAPID ROOTER INC | 526 | 8004030 | JEVIC TRANSPORTATION, INC. | $ | 923.50 |
| CAL EAST NAT, LLC | 479 | 004060, 80040 | JEVIC TRANSPORTATION, INC. | $ | 25,615.00 |
| CALI CHEM, INC. | | 8004110 | JEVIC TRANSPORTATION, INC. | $ | 68.00 |
| CAL-LIFT INC | | 8004050 | JEVIC TRANSPORTATION, INC. | $ | 6,355.13 |
| CAMBREX CHARLES CITY INC | | 8004210 | JEVIC TRANSPORTATION, INC. | $ | 563.21 |
| CAMPBELL - BROWN INC | | 8004240 | JEVIC TRANSPORTATION, INC. | $ | 3,355.26 |
| CAMPBELL FREIGHTLINER | 502 | 8004250 | JEVIC TRANSPORTATION, INC. | $ | 30,902.62 |
| CANADA BORDER SERVICES AGENCY | | 8004260 | JEVIC TRANSPORTATION, INC. | $ | 30.00 |
| CANUS EQ CORP | | 8004300 | JEVIC TRANSPORTATION, INC. | $ | 125.00 |
| CAPITAL TRANSPORTATION LOGISTI | | 8004320 | JEVIC TRANSPORTATION, INC. | $ | 1,675.26 |
| CAPITOL TRANSPORTATION SOLUTIO | | 8004330 | JEVIC TRANSPORTATION, INC. | $ | 1,023.96 |
| CAREERBUILDER, LLC | 173 | 8004400 | JEVIC HOLDING CORP. | $ | 7,768.50 |
| CARLTON INDUSTRIES, L.P. | | 8004480 | JEVIC TRANSPORTATION, INC. | $ | 65.95 |
| CARLYLE COCOA COMPANY | | 8004500 | JEVIC TRANSPORTATION, INC. | $ | 130.00 |

Page 6 of 25

Exhibit [_____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| CAROLINA CUTLERY | 647 | 8004520 | JEVIC TRANSPORTATION, INC. | $ 150.00 |
| CAROLINA DOOR SPECIALTIES INC | 530 | 8004530 | JEVIC TRANSPORTATION, INC. | $ 3,491.63 |
| CAROLINA INDUSTRIAL EQUIPMENT | 729 | 8004540 | JEVIC TRANSPORTATION, INC. | $ 682.27 |
| CAROLINA KOOLERS | | 8004550 | JEVIC TRANSPORTATION, INC. | $ 1,023.22 |
| CAROLINA TRACTOR | 622 | 8004560 | JEVIC TRANSPORTATION, INC. | $ 2,370.34 |
| CARON AUTO WORKS | | 8004570 | JEVIC TRANSPORTATION, INC. | $ 754.07 |
| CARR ELECTRIC HEATING &COOLING | | 8004600 | JEVIC TRANSPORTATION, INC. | $ 7,339.80 |
| CASS INFORMATION SYSTEMS, INC. | 247 | | JEVIC HOLDING CORP. | $ 5,666.37 |
| CATERING BY STEVE'S | | 8004740 | JEVIC TRANSPORTATION, INC. | $ 613.60 |
| CATERPILLAR FINANCIAL SERVICES CORP. | 1021 | | JEVIC TRANSPORTATION, INC. | $ 43,776.09 |
| CATERPILLAR FINANCIAL SERVICES CORP. DBA | 1135 | | JEVIC TRANSPORTATION, INC. | $ 10,000.00 |
| CATERPILLAR FINANCIAL SERVICES CORP. DBA | 1136 | | JEVIC HOLDING CORP. | $ 10,000.00 |
| CAVENDISH FARMS AKA MIDLAND TRANSPORT | 94 | | JEVIC HOLDING CORP. | $ 94,857.61 |
| CDW CORPORATION | 78 | | JEVIC TRANSPORTATION, INC. | $ 1,452.88 |
| CDW DIRECT LLC | | 8004750 | JEVIC TRANSPORTATION, INC. | $ 469.18 |
| CDW OF VIRGINIA INC | 713 | 8004760 | JEVIC TRANSPORTATION, INC. | $ 18,022.39 |
| CE DE CANDY | | 8004770 | JEVIC TRANSPORTATION, INC. | $ 68.46 |
| CENTRAL FREIGHT LINES | 192 | 8004890 | JEVIC TRANSPORTATION, INC. | $ 345,481.81 |
| CENTRAL WHSE SUPPLY | | 8004920 | JEVIC TRANSPORTATION, INC. | $ 27.33 |
| CENTRAL WIRE | | 8004930 | JEVIC TRANSPORTATION, INC. | $ 928.81 |
| CERASIS | | 8004970 | JEVIC TRANSPORTATION, INC. | $ 643.47 |
| CERVANTES, JOHNNY | 827 | 8014440 | JEVIC TRANSPORTATION, INC. | $ 4,338.96 |
| CH ROBINSON | | 8005000 | JEVIC TRANSPORTATION, INC. | $ 322.18 |
| CH ROBINSON | | 8005010 | JEVIC TRANSPORTATION, INC. | $ 279.59 |
| CHALLENGER FREIGHT SYSTEMS INC | | 8005020 | JEVIC TRANSPORTATION, INC. | $ 4,981.61 |
| CHAMBERLAIN EXTERMINATORS | 773 | 8005030 | JEVIC TRANSPORTATION, INC. | $ 240.00 |
| CHAMPION CHEMICAL COMPANY | | 8005050 | JEVIC TRANSPORTATION, INC. | $ 795.14 |
| CHARKIT CHEMICAL CORPORATION | | 8005080 | JEVIC TRANSPORTATION, INC. | $ 367.70 |
| CHARLIE'S TOWING SERVICES INC | | 8005120 | JEVIC TRANSPORTATION, INC. | $ 360.97 |
| CHEETAH SOFTWARE SYSTEMS, INC. | 233 | | JEVIC HOLDING CORP. | $ 1,116,016.04 |
| CHEMSOL | | 8005240 | JEVIC TRANSPORTATION, INC. | $ 344.85 |
| CHEMTREAT INC | | 8005260 | JEVIC TRANSPORTATION, INC. | $ 231.86 |
| CHESAPEAKE PRINTING & PKG | 742 | 8005320 | JEVIC TRANSPORTATION, INC. | $ 669.60 |
| CHEVRON PRODUCTS COMPANY | | 8005350 | JEVIC TRANSPORTATION, INC. | $ 37,756.08 |
| CHICAGO BEARS FOOTBALL CLUB | | 8005360 | JEVIC TRANSPORTATION, INC. | $ 6,104.00 |
| CHICAGO TIRE INC | | 8005370 | JEVIC TRANSPORTATION, INC. | $ 2,765.78 |
| CHICAGOLAND QUAD CITIES EXP | | 8005390 | JEVIC TRANSPORTATION, INC. | $ 84.00 |
| CHIP CASSIDY | 930 | 8005400 | JEVIC TRANSPORTATION, INC. | $ 1,249.80 |
| CHRISTINA KLEIN | | 8005410 | JEVIC TRANSPORTATION, INC. | $ 273.90 |
| CICONTE & WASSERMAN, LLC | | 8005440 | JEVIC TRANSPORTATION, INC. | $ 47.00 |
| CINCINNATI BELL TELEPHONE | 29 | 8005450 | JEVIC HOLDING CORP. | $ 4,081.98 |
| CINERGY/CG&E | | 8005460 | JEVIC TRANSPORTATION, INC. | $ 3,975.75 |
| CINTAS CORP #061&#36 | | 8005470 | JEVIC TRANSPORTATION, INC. | $ 7,733.22 |
| CIRCLE K SERVICE | 89 | 8005490 | JEVIC HOLDING CORP. | $ 274.03 |
| CIT TECHNOLOGY FINANCING SERVICES, INC. | 96 | | JEVIC TRANSPORTATION, INC. | $ 83,428.48 |
| CIT TECHNOLOGY FINANCING SERVICES, INC. | 7 | | JEVIC TRANSPORTATION, INC. | $ 41,947.69 |
| CIT TECHNOLOGY FINANCING SERVICES, INC. | 6 | 8005510 | JEVIC TRANSPORTATION, INC. | $ 10,494.27 |
| CITY AUTO RADIATOR INC | | 8005530 | JEVIC TRANSPORTATION, INC. | $ 4,675.31 |
| CITY OF BROOK PARK | | 8005550 | JEVIC TRANSPORTATION, INC. | $ 375.00 |
| CITY OF CONCORD COLLECTIONS | | 8005600 | JEVIC TRANSPORTATION, INC. | $ 2,393.20 |
| CITY OF MANCHESTER OVB | | 8005630 | JEVIC TRANSPORTATION, INC. | $ 20.00 |
| CITY OF ONTARIO | 450 | 8005650 | JEVIC HOLDING CORP. | $ 1,758.74 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| CLARION HOTEL | | 8005780 | JEVIC TRANSPORTATION, INC. | $ 5,858.10 |
| CLARK, RUSSELL L | 1041 | | JEVIC HOLDING CORP. | $ 5,599.32 |
| CLASSADRIVERS | | 8005800 | JEVIC TRANSPORTATION, INC. | $ 1,000.00 |
| CLAYTON COUNTY WATER AUTHORITY | 498 | 8005820 | NO DEBTOR ASSERTED BY CREDITOR | $ 2,006.51 |
| CLEAN CARE SERVICES LLC | 871 | 8005850 | JEVIC TRANSPORTATION, INC. | $ 3,225.00 |
| CLEMENT COMMUNICATIONS INC | | 8005870 | JEVIC TRANSPORTATION, INC. | $ 561.67 |
| CLEVELAND CHIROPRACTIC INC | | 8005890 | JEVIC TRANSPORTATION, INC. | $ 416.00 |
| CMC-NORTHEAST PHY. NETWORK INC | | 8005930 | JEVIC TRANSPORTATION, INC. | $ 2,969.00 |
| COGNIS CORP | | 8006020 | JEVIC TRANSPORTATION, INC. | $ 39.66 |
| COGNIS CORPORATION | | 8006040 | JEVIC TRANSPORTATION, INC. | $ 2,259.23 |
| COLLINS & AIKMAN FLOORCOVERING | | 8006060 | JEVIC TRANSPORTATION, INC. | $ 300.04 |
| COLLINS INK | | 8006070 | JEVIC TRANSPORTATION, INC. | $ 2,972.27 |
| COLORCRAFT SIGN COMPANY | | 8006090 | JEVIC TRANSPORTATION, INC. | $ 125.19 |
| COLUMBIAN DISTRIBUTION SERVICE | 833 | 8006110 | JEVIC TRANSPORTATION, INC. | $ 28,434.82 |
| COMBINED SALES CO | 556 | 8006140 | JEVIC TRANSPORTATION, INC. | $ 3,442.70 |
| COMCAST CABLEVISION | | 8006150 | JEVIC TRANSPORTATION, INC. | $ 162.36 |
| COMDATA NETWORK, INC. | 130 | 8006160 | JEVIC TRANSPORTATION, INC. | $ 26,329.99 |
| COMFORT INN | | 8006180 | JEVIC TRANSPORTATION, INC. | $ 177.53 |
| COMFORT INN & SUITES | | 8006190 | JEVIC TRANSPORTATION, INC. | $ 2,665.60 |
| COMFORT INN CONCORD | 529 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,204.41 |
| COMMERCIAL SNOW CONTROL INC | | 8006250 | JEVIC TRANSPORTATION, INC. | $ 7,060.00 |
| COMMERCIAL TRANS. ADJ. SVC. | | 8006260 | JEVIC TRANSPORTATION, INC. | $ 600.00 |
| COMMERCIAL VEHICLE SAFETY ALLI | | 8006270 | JEVIC TRANSPORTATION, INC. | $ 1,049.67 |
| COMMFLEET INC | | 8006280 | JEVIC TRANSPORTATION, INC. | $ 2,671.31 |
| COMMONWEALTH OF MASSACHUSETTS | 93 | | Multiple Debtors | $ 10,172.32 |
| COMMUNITY COFFEE COMPANY LLC | | 8006330 | JEVIC TRANSPORTATION, INC. | $ 153.25 |
| COMP MANAGEMENT, INC. | 609 | 8006340 | JEVIC TRANSPORTATION, INC. | $ 11,581.00 |
| COMPUNET CREDIT SERVICES, INC | | 8006380 | JEVIC TRANSPORTATION, INC. | $ 5,191.42 |
| CONCENTRA MEDICAL CENTERS | 789 | )06420, 80064: | NO DEBTOR ASSERTED BY CREDITOR | $ 1,344.47 |
| CONECTIV ENERGY SUPPLY, INC. | 171 | 8019960 | JEVIC TRANSPORTATION, INC. | $ 78,138.01 |
| CONTINENTAL AMERICAN INS. CO. | | 8006490 | JEVIC TRANSPORTATION, INC. | $ 10,993.32 |
| CONTINENTAL SEASONING INC | | 8006540 | JEVIC TRANSPORTATION, INC. | $ 18.90 |
| CON-WAY TRUCKLOAD INC | 634 | 8006400 | JEVIC TRANSPORTATION, INC. | $ 14,340.88 |
| COOK COUNTY COLLECTOR | | 8006570 | JEVIC TRANSPORTATION, INC. | $ 163,661.35 |
| CORNETT'S TRUCK-N-TRAILER REPS | | 8006660 | JEVIC TRANSPORTATION, INC. | $ 829.45 |
| CORPORATE EXPRESS | | 8006670 | JEVIC TRANSPORTATION, INC. | $ 98.35 |
| CORPORATE EXPRESS DOC & PRINT | | 8006680 | JEVIC TRANSPORTATION, INC. | $ 12,261.33 |
| CORPORATE TELECOM SOLUTIONS | | 8006690 | JEVIC TRANSPORTATION, INC. | $ 32.43 |
| COSTELLO'S MOBILE TRUCK SVC. | | 8006720 | JEVIC TRANSPORTATION, INC. | $ 169.65 |
| COVERALL NORTH AMERICA, INC. | | 8006750 | JEVIC TRANSPORTATION, INC. | $ 1,017.55 |
| CRAWFORD & COMPANY | 996 | | JEVIC HOLDING CORP. | $ - |
| CREATIVE LOGISTICS SOLUTIONS | | 8006810 | JEVIC TRANSPORTATION, INC. | $ 1,049.88 |
| CREDIT CLEARING HOUSE INC | | 8006820 | JEVIC TRANSPORTATION, INC. | $ 1,256.40 |
| CRESCENT & SPRAGUE SUPPLY | | 8006830 | JEVIC TRANSPORTATION, INC. | $ 63.25 |
| CRESENT CARDBOARD | | 8006850 | JEVIC TRANSPORTATION, INC. | $ 4,205.04 |
| CROSBY DIESEL SERVICES | | 8006930 | JEVIC TRANSPORTATION, INC. | $ 7,738.75 |
| CROWN CORK DAYTON | | 8006990 | JEVIC TRANSPORTATION, INC. | $ 40.01 |
| CRTS, INC. | 522 | | JEVIC TRANSPORTATION, INC. | $ 544.94 |
| CRUCIBLE CHEMICAL COMPANY | | 8007010 | JEVIC TRANSPORTATION, INC. | $ 546.00 |
| CS TRAILER REPAIR SVC., INC. | | 8007030 | JEVIC TRANSPORTATION, INC. | $ 1,065.84 |
| CS TRUCK & TRAILER REPAIR SERV | | 8007040 | JEVIC TRANSPORTATION, INC. | $ 1,302.47 |
| CUMMINS ATLANTIC INC | | 8007070 | JEVIC TRANSPORTATION, INC. | $ 7,235.38 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| CUMMINS CENTRAL POWER | 774 | 8007080 | JEVIC TRANSPORTATION, INC. | $ 1,759.79 |
| CUMMINS NORTHEAST INC | | 8007090 | JEVIC TRANSPORTATION, INC. | $ 571.46 |
| CUMMINS POWER SOUTH, LLC | | 8007100 | JEVIC TRANSPORTATION, INC. | $ 621.62 |
| CUMMINS POWER SYSTEMS INC | | 8007110 | JEVIC TRANSPORTATION, INC. | $ 70,906.29 |
| CUMMINS/ONAN NORTHERN ILLINOIS | | 8007120 | JEVIC TRANSPORTATION, INC. | $ 7,514.46 |
| CURVED GLASS DISTRIBUTORS, INC | | 8007140 | JEVIC TRANSPORTATION, INC. | $ 9,559.00 |
| CUSTARD INSURANCE ADJUSTERS, INC. | 430 | 8007150 | JEVIC TRANSPORTATION, INC. | $ 3,706.43 |
| CUYAHOGA COUNTY TREASURER | 230 | | JEVIC HOLDING CORP. | $ 78.49 |
| CYTEC INDUSTRIES INC | | 8007280 | JEVIC TRANSPORTATION, INC. | $ 433.54 |
| D W L IND WINCO | | 8007390 | JEVIC TRANSPORTATION, INC. | $ 143.44 |
| DAC SERVICES | | 8007400 | JEVIC TRANSPORTATION, INC. | $ 175.00 |
| DAIMLER TRUCKS NORTH AMERICA LLC | 480 | 8007420 | JEVIC TRANSPORTATION, INC. | $ 87,298.07 |
| DANISE & ASSOCIATES | | 8007450 | JEVIC TRANSPORTATION, INC. | $ 99.12 |
| DATA2 LOGISTICS | | 8007490 | JEVIC TRANSPORTATION, INC. | $ 732.98 |
| DAVE MC DOWELL'S PURE PRESSURE | 856 | 8007530 | JEVIC TRANSPORTATION, INC. | $ 542.72 |
| DAVID BEINER | | 8007560 | JEVIC TRANSPORTATION, INC. | $ 1,558.41 |
| DAVID WILSON ASSOCIATES, INC. | | 8007580 | JEVIC TRANSPORTATION, INC. | $ 2,521.30 |
| DAYS INN | | 8007630 | JEVIC TRANSPORTATION, INC. | $ 501.78 |
| DAYS INN CINCINNATI/SHARONVILL | | 8007640 | JEVIC TRANSPORTATION, INC. | $ 34.80 |
| DAYS INN CLEVELAND AIRPORT | 243 | | JEVIC HOLDING CORP. | $ 2,503.76 |
| DEARBORN COUNTY HOSPITAL | | 8007670 | JEVIC TRANSPORTATION, INC. | $ 624.60 |
| DEARTH, JERRY L | 919 | | JEVIC TRANSPORTATION, INC. | $ 15,753.29 |
| DEB SBS INC. | | 8007700 | JEVIC TRANSPORTATION, INC. | $ 182.04 |
| DEER PARK SPRING WATER | | 8007720 | JEVIC TRANSPORTATION, INC. | $ 11.99 |
| DEGROATE PETROLEUM SERIVCE INC | | 8007730 | JEVIC TRANSPORTATION, INC. | $ 571.34 |
| DEGUSSA | | 8007740 | JEVIC TRANSPORTATION, INC. | $ 72.84 |
| DELAWARE VALLEY PACKAGING GROUP | 524 | 8007820 | JEVIC TRANSPORTATION, INC. | $ 8,142.49 |
| DELL MARKETING | | 8007840 | JEVIC TRANSPORTATION, INC. | $ 122,869.17 |
| DELTA APPAREL | | 8007860 | JEVIC TRANSPORTATION, INC. | $ 432.00 |
| DELVAL VALLEY MESSENGER | 689 | 8007900 | JEVIC TRANSPORTATION, INC. | $ 225.00 |
| DEMMING'S TRUCK SERVICE, INC. | | 8007920 | JEVIC TRANSPORTATION, INC. | $ 2,561.30 |
| DENIZ METIN PISKIN | | 8007940 | JEVIC TRANSPORTATION, INC. | $ 1,073.27 |
| DENNIS, WANDA L | 624 | | NO DEBTOR ASSERTED BY CREDITOR | $ 111.04 |
| DEPARTMENT OF THE TREASURY | 466 | | JEVIC HOLDING CORP. | $ 97,469.93 |
| DETAMORE, WINSTON | 1015 | | NO DEBTOR ASSERTED BY CREDITOR | $ 15,936.00 |
| DHL EXPRESS (USA), INC. | 448 | 8008050 | JEVIC HOLDING CORP. | $ 1,923.40 |
| DIAMOND TRUCK & TRAILER | | 8008060 | JEVIC TRANSPORTATION, INC. | $ 240.69 |
| DICKIE, MCCAMEY & CHILCOTE, P.C. | 1098 | | JEVIC HOLDING CORP. | $ 1,063.88 |
| DIGITAL DESIGNS, INC. | | 8008080 | JEVIC TRANSPORTATION, INC. | $ 1,050.00 |
| DIRECTV INC | | 8008090 | JEVIC TRANSPORTATION, INC. | $ 210.61 |
| DISCOUNT AUTO GLASS | | 8008100 | JEVIC TRANSPORTATION, INC. | $ 4,050.00 |
| DISH NETWORK | | 8008110 | JEVIC TRANSPORTATION, INC. | $ 6.83 |
| DISTRIBUTED SYSTEMS SERVICES | 600 | | NO DEBTOR ASSERTED BY CREDITOR | $ 2,330.62 |
| DISTRIBUTION SOLUTIONS INC | | 8008130 | JEVIC TRANSPORTATION, INC. | $ 709.57 |
| DIVINE ENTERPRISES | 748 | 8008160 | JEVIC TRANSPORTATION, INC. | $ 3,850.00 |
| DIVITO, AL | 429 | | JEVIC TRANSPORTATION, INC. | $ 97,957.00 |
| DOCC INC. | | 8008200 | JEVIC TRANSPORTATION, INC. | $ 75.02 |
| DOCUSAFE DATA & RECORDING MGMT | | 8008210 | JEVIC TRANSPORTATION, INC. | $ 1,327.10 |
| DOHRN TRANSFER COMPANY | 3 | 8008220 | JEVIC TRANSPORTATION, INC. | $ 44,697.05 |
| DOLE PACKAGE FOODS | | 8008230 | JEVIC TRANSPORTATION, INC. | $ 1,545.50 |
| DOMINION EAST OHIO | | 8008270 | JEVIC TRANSPORTATION, INC. | $ 1,437.01 |
| DONALD O'NEAL | | 8008310 | JEVIC TRANSPORTATION, INC. | $ 13,441.82 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| DOOR SPECIALTIES | | 8008340 | JEVIC TRANSPORTATION, INC. | $ 204.00 |
| DOVER CHEMICAL | | 8008400 | JEVIC TRANSPORTATION, INC. | $ 1,090.92 |
| DRAFFEN'S WAREHOUSE & STORAGE | | 8008480 | JEVIC TRANSPORTATION, INC. | $ 816.00 |
| DUBELL LUMBER COMPANY | 77 | 8008530 | JEVIC HOLDING CORP. | $ 2,270.75 |
| DUBOIS REGIONAL MEDICAL CENTER | | 8008540 | JEVIC TRANSPORTATION, INC. | $ 90.00 |
| DUGGAN'S TRUCKING INC | 637 | 8008560 | JEVIC TRANSPORTATION, INC. | $ 376.00 |
| DUKE ENERGY CAROLINAS | 71 | 8008570 | JEVIC HOLDING CORP. | $ 4,706.12 |
| DUKE ENERGY OHIO | 238 | | JEVIC HOLDING CORP. | $ 8,145.57 |
| DUNKIN DONUTS | 899 | 8008600 | JEVIC TRANSPORTATION, INC. | $ 4,475.00 |
| DUTCH AMERICAN FOODS INC | | 8008650 | JEVIC TRANSPORTATION, INC. | $ 227.52 |
| DYSART'S SERVICE INC | | 8008700 | JEVIC TRANSPORTATION, INC. | $ 72.71 |
| E F R FIRE EQUIPMENT CO INC | | 8008740 | JEVIC TRANSPORTATION, INC. | $ 158.00 |
| EAGAN TRANSPORT INC | 947 | 8008770 | JEVIC TRANSPORTATION, INC. | $ 2,050.17 |
| EAGLE TRAFFIC SERVICES | | 8008810 | JEVIC TRANSPORTATION, INC. | $ 2,007.17 |
| EAGLE TRUCK REBUILDERS | | 8008820 | JEVIC TRANSPORTATION, INC. | $ 6,001.87 |
| EARTHBORNE | | 8008830 | JEVIC TRANSPORTATION, INC. | $ 151.05 |
| EASTERN LIFT TRUCK | 714 | 8008850 | JEVIC TRANSPORTATION, INC. | $ 19,269.05 |
| EASY LIFT EQUIPMENT CO INC | | 8008880 | JEVIC TRANSPORTATION, INC. | $ 824.22 |
| ECHO GLOBAL LOGISTICS | | 8008890 | JEVIC TRANSPORTATION, INC. | $ 272.88 |
| ECOLAB INC | | 8008960 | JEVIC TRANSPORTATION, INC. | $ 512.45 |
| ECONOLODGE | | 8008990 | JEVIC TRANSPORTATION, INC. | $ 1,027.98 |
| ED PERRY AUTO PARTS | | 8009010 | JEVIC TRANSPORTATION, INC. | $ 155.52 |
| EHRLICH | | 8009050 | JEVIC TRANSPORTATION, INC. | $ 536.07 |
| ELLIOTT DIST CO | 785 | 8009170 | JEVIC TRANSPORTATION, INC. | $ - |
| EM GRUPPE MEDIA LLC | | 8009180 | JEVIC TRANSPORTATION, INC. | $ 500.00 |
| EMERGENCY FLEET SERVICE | | 8009210 | JEVIC TRANSPORTATION, INC. | $ 2,365.51 |
| EMERGENCY PROF SVCS, INC. | | 8009220 | JEVIC TRANSPORTATION, INC. | $ 669.00 |
| EMERSON ELECTRIC CO | | 8009230 | JEVIC TRANSPORTATION, INC. | $ 459.58 |
| ENDURA PRODUCTS | 657 | | NO DEBTOR ASSERTED BY CREDITOR | $ 83.55 |
| ENPRO SERVICES, INC. | 262 | | JEVIC HOLDING CORP. | $ 1,228.88 |
| ENTEC POLYMERS LLC | | 8009330 | JEVIC TRANSPORTATION, INC. | $ 24.45 |
| ENTERPRISE LEASING CO.-DETROIT | | 8009340 | JEVIC TRANSPORTATION, INC. | $ 158.95 |
| ENTERPRISEID, INC | | 8009350 | JEVIC TRANSPORTATION, INC. | $ 21.32 |
| EO HABHEGGER CO INC | | 8009400 | JEVIC TRANSPORTATION, INC. | $ 235.39 |
| EPATH LEARNING INC | 792 | | JEVIC TRANSPORTATION, INC. | $ 3,375.00 |
| EPS/ENGINEERED POLYMER SOLUTION | | 8009420 | JEVIC TRANSPORTATION, INC. | $ 162.66 |
| EQUIPMENT TRADE SERVICE CO INC | | 8009430 | JEVIC TRANSPORTATION, INC. | $ 1,258.32 |
| ESKO, RYAN | 1074 | | JEVIC HOLDING CORP. | $ - |
| EXEL TRANSPORTATION SERVICES, INC. | 131 | | JEVIC HOLDING CORP. | $ 26,485.00 |
| EXXON MOBIL CHEMICAL | | 8009600 | JEVIC TRANSPORTATION, INC. | $ 399.30 |
| F & R LANDSCAPING INC | | 8009690 | JEVIC TRANSPORTATION, INC. | $ 367.50 |
| F&R LANDSCAPING INC | | 8009770 | JEVIC TRANSPORTATION, INC. | $ 726.25 |
| FAIRBANKS SCALES INC | 670 | | NO DEBTOR ASSERTED BY CREDITOR | $ 746.71 |
| FALCOM FARM | 535 | 8009780 | JEVIC TRANSPORTATION, INC. | $ 55,150.00 |
| FALLON CLINIC INC | | 8009800 | JEVIC TRANSPORTATION, INC. | $ 955.00 |
| FALZONE'S TOWING SERVICE INC | 523 | 8009820 | JEVIC TRANSPORTATION, INC. | $ 1,591.69 |
| FARKAS, JACK | 218 | | JEVIC TRANSPORTATION, INC. | $ 820.92 |
| FATHER NATURE LANDSCAPING | 977 | 8009840 | JEVIC TRANSPORTATION, INC. | $ 17,032.66 |
| FCC EQUIPMENT FINANCING INC. | | 8009860 | JEVIC TRANSPORTATION, INC. | $ 81,672.51 |
| FEDEX CUSTOMER INFORMATION SERVICES | 49 | 8009890 | JEVIC TRANSPORTATION, INC. | $ 8,168.54 |
| FELLOWES MANUFACTURING | | 8009940 | JEVIC TRANSPORTATION, INC. | $ 300.55 |
| FIDELITY & DEPOSIT CO. OF MARYLAND | 231 | | JEVIC HOLDING CORP. | $ 251,372.25 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| FIDELITY INVESTMENTS | | 8009990 | JEVIC TRANSPORTATION, INC. | $ 2,050.00 |
| FIRST ACCESS | 497 | 8010020 | JEVIC TRANSPORTATION, INC. | $ 4,276.28 |
| FIRST ADVANTAGE TAX CONSULTING SVCS. | 63 | 8010030 | JEVIC TRANSPORTATION, INC. | $ 13,955.20 |
| FIRST FLEET INC | 639 | | NO DEBTOR ASSERTED BY CREDITOR | $ 675.00 |
| FIRST INDUSTRIAL INVEST. INC. | 916 | 8010050 | JEVIC TRANSPORTATION, INC. | $ 3,244,203.84 |
| FIRST TRUCKING INC | 615 | 8010090 | JEVIC TRANSPORTATION, INC. | $ 9,920.00 |
| FISHER RUSHMER WERRENRATH DICKSON, ET AL | 617 | 8010100 | JEVIC TRANSPORTATION, INC. | $ 4,278.21 |
| FLEET SERVICES | 883 | 8010140 | JEVIC TRANSPORTATION, INC. | $ 1,420.42 |
| FLEETNET AMERICA INC | 72 | 8010150 | JEVIC TRANSPORTATION, INC. | $ 34,755.37 |
| FLEETPRIDE | | 8010160 | JEVIC TRANSPORTATION, INC. | $ 1,364.70 |
| FLEETSOURCE | 84 | 8010170 | JEVIC TRANSPORTATION, INC. | $ 3,809.68 |
| FLEETWASH | 545 | 8010180 | JEVIC TRANSPORTATION, INC. | $ 68,432.37 |
| FLEXIBLE MATERIALS INC | 509 | 8010190 | JEVIC TRANSPORTATION, INC. | $ 174.80 |
| FOCUS COMMUNICATIONS NJ | | 8010260 | JEVIC TRANSPORTATION, INC. | $ 503.00 |
| FORBO ADHESIVES | | 8010330 | JEVIC TRANSPORTATION, INC. | $ 174.16 |
| FORTRANS INC | 1006 | 8010410 | JEVIC TRANSPORTATION, INC. | $ 750.00 |
| FOSTER RADIATOR INC. | | 8010420 | JEVIC TRANSPORTATION, INC. | $ 675.00 |
| FRANK N. ABATE, INC. | 558 | 8010460 | JEVIC TRANSPORTATION, INC. | $ 555.75 |
| FRANKLIN CHEMICAL & EQUIPMENT | | 8010480 | JEVIC TRANSPORTATION, INC. | $ 859.90 |
| FRANKLIN INTERNATIONAL | | 8010490 | JEVIC TRANSPORTATION, INC. | $ 2,220.66 |
| FRANKLYN J SCOLA | | 8010510 | JEVIC TRANSPORTATION, INC. | $ 180.00 |
| FRED'S TRAILER PARTS CENTER, LLC | 449 | 8010530 | JEVIC TRANSPORTATION, INC. | $ 8,594.71 |
| FREIGHTLINER LLC | | 8010560 | JEVIC TRANSPORTATION, INC. | $ 20,632.67 |
| FREIGHTQUOTE.COM | | 8010590 | JEVIC TRANSPORTATION, INC. | $ 1,401.59 |
| G & W EQUIPMENT INC | 566 | 8010700 | JEVIC TRANSPORTATION, INC. | $ 1,906.77 |
| G M H TRANS LLC | 675 | 8010760 | JEVIC TRANSPORTATION, INC. | $ 1,050.00 |
| GATEWAY INDUSTRIAL POWER INC | 589 | 8010840 | JEVIC TRANSPORTATION, INC. | $ 13,845.37 |
| GAW ASSOCIATES | | 8010850 | JEVIC TRANSPORTATION, INC. | $ 1,007.29 |
| GB COLLECTS | 517 | 8010860 | JEVIC TRANSPORTATION, INC. | $ 2,341.48 |
| GE CAPITAL CORPORATION | 178 | | JEVIC TRANSPORTATION, INC. | $ 1,581.04 |
| GE CAPITAL CORPORATION | 184 | )10880, 80108!| JEVIC TRANSPORTATION, INC. | $ 1,398.52 |
| GE CAPITAL CORPORATION | 183 | | JEVIC TRANSPORTATION, INC. | $ 834.68 |
| GE CAPITAL CORPORATION | 177 | | JEVIC TRANSPORTATION, INC. | $ 707.92 |
| GE CAPITAL CORPORATION | 181 | | JEVIC TRANSPORTATION, INC. | $ 418.57 |
| GE CAPITAL CORPORATION | 180 | | JEVIC TRANSPORTATION, INC. | $ 326.31 |
| GE CAPITAL CORPORATION | 182 | | JEVIC TRANSPORTATION, INC. | $ 155.30 |
| GEICO A/S/O DEREK TONEY | 434 | | JEVIC HOLDING CORP. | $ 1,860.25 |
| GENERAL ELECTRIC CAPITAL CORPORATION | 172 | 8010910 | JEVIC TRANSPORTATION, INC. | $ 250,000.00 |
| GENERAL SESSIONS COURT CLERK | | 8011010 | JEVIC TRANSPORTATION, INC. | $ 243.00 |
| GEORGIA DEPARTMENT OF REVENUE | 168 | | JEVIC TRANSPORTATION, INC. | $ 1,247.76 |
| GEORGIA POWER COMPANY | 443 | 8011060 | JEVIC TRANSPORTATION, INC. | $ 8,976.62 |
| GERALD GOLD & ASSOCIATES LTD | | 8011090 | JEVIC TRANSPORTATION, INC. | $ 130.00 |
| GERRARD TIRE CO INC | | 8011100 | JEVIC TRANSPORTATION, INC. | $ 539.05 |
| GILES & RANSOME INC | | 8011120 | JEVIC TRANSPORTATION, INC. | $ 17,699.06 |
| GLOBAL CROSSING TELECOMMUNICATION | 898 | | NO DEBTOR ASSERTED BY CREDITOR | $ 142,259.01 |
| GMG TRANSPORTATION CORPORATION | | 8011230 | JEVIC TRANSPORTATION, INC. | $ 352.10 |
| GOCH & SONS TOWING | 528 | 8011260 | JEVIC TRANSPORTATION, INC. | $ 1,974.00 |
| GOODYEAR TIRE & RUBBER COMPANY, THE | 446 | 8011290 | JEVIC TRANSPORTATION, INC. | $ 298,608.28 |
| GORILLA PLASTIC & RUBBER GROUP | | 8011330 | JEVIC TRANSPORTATION, INC. | $ 3,063.43 |
| GORMAN, DAVID | 772 | | NO DEBTOR ASSERTED BY CREDITOR | $ 265,000.00 |
| GRAINGER | | 8011340 | JEVIC TRANSPORTATION, INC. | $ 6,515.84 |
| GRAND DORODO | | 8011350 | JEVIC TRANSPORTATION, INC. | $ 1,068.66 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| GREAT DANE TRAILERS | 741 | 8011410 | NO DEBTOR ASSERTED BY CREDITOR | $ 1,487.69 |
| GREAT LAKES TRUCK & EQUIP INC | | 8011430 | JEVIC TRANSPORTATION, INC. | $ 13,534.51 |
| GREAT NORTHERN LUMBER | | 8011440 | JEVIC TRANSPORTATION, INC. | $ 933.16 |
| GREAT WEST CASUALTY COMPANY | 157 | | JEVIC HOLDING CORP. | $ 3,728.65 |
| GREG MELLER CUSTODIAN OF PETTY | | 8011470 | JEVIC TRANSPORTATION, INC. | $ 229.97 |
| GROENEVELD TRANSPORT EFFICIENCY, INC. | 2 | 8011510 | JEVIC TRANSPORTATION, INC. | $ 16,356.65 |
| GROUP HEALTH ASSOCIATES | | 8011520 | JEVIC TRANSPORTATION, INC. | $ 800.00 |
| GROVE SUPPLY INC | | 8011550 | JEVIC TRANSPORTATION, INC. | $ 92.35 |
| GT&S, INC. | | 8011560 | JEVIC TRANSPORTATION, INC. | $ 1,382.57 |
| GUARANTY GLASS & MIRROR | 819 | 8011580 | JEVIC TRANSPORTATION, INC. | $ 3,733.88 |
| GUNDERSEN CLINIC LTD | 884 | | JEVIC TRANSPORTATION, INC. | $ 60.70 |
| GURSKY, WILLIAM C. JR | 740 | | NO DEBTOR ASSERTED BY CREDITOR | $ 7,948.00 |
| H B FULLER | | 8011650 | JEVIC TRANSPORTATION, INC. | $ 7,328.27 |
| H M H T T C | 505 | 8011700 | JEVIC TRANSPORTATION, INC. | $ 46,135.39 |
| HAINES TOWING INC | 536 | 8011740 | JEVIC TRANSPORTATION, INC. | $ 1,028.40 |
| HANSON CARTAGE INC | | 8011790 | JEVIC TRANSPORTATION, INC. | $ 61.25 |
| HAR ADHESIVES TECHNOLOGIES | | 8011820 | JEVIC TRANSPORTATION, INC. | $ 309.72 |
| HARBOR GRAPHICS CORPORATION | | 8011830 | JEVIC TRANSPORTATION, INC. | $ 7,886.27 |
| HARRIS BATTERY COMPANY | | 8011900 | JEVIC TRANSPORTATION, INC. | $ 597.94 |
| HARRIS TEA COMPANY | | 8011920 | JEVIC TRANSPORTATION, INC. | $ 18.33 |
| HARRISON SPECIALTY | | 8011930 | JEVIC TRANSPORTATION, INC. | $ 450.30 |
| HARRISONBURG FIRE DEPARTMENT | 579 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,346.70 |
| HART TRANSPORTATION | 520 | 8011960 | JEVIC TRANSPORTATION, INC. | $ 3,200.00 |
| HARTFORD FIRE INSURANCE COMPANY | 236 | | JEVIC TRANSPORTATION, INC. | $ 11,119.91 |
| HARTFORD INSURANCE CO. OF MIDWEST | 697 | | NO DEBTOR ASSERTED BY CREDITOR | $ 5,948.35 |
| HENRY, WILLIAM P., JR. | 92 | | JEVIC HOLDING CORP. | $ 500.00 |
| HENYAN, DOUGLAS | 839 | | NO DEBTOR ASSERTED BY CREDITOR | $ 20,580.56 |
| HENYAN, JOANN | 840 | | NO DEBTOR ASSERTED BY CREDITOR | $ 13,375.00 |
| HERCULES INC | | 8012170 | JEVIC TRANSPORTATION, INC. | $ 235.00 |
| HERNON MANUFACTURING INC. | | 8012220 | JEVIC TRANSPORTATION, INC. | $ 958.32 |
| HETTINGER, INC. | | 8012240 | JEVIC TRANSPORTATION, INC. | $ 80.20 |
| HEVEATEX CORPORATION | | 8012250 | JEVIC TRANSPORTATION, INC. | $ 137.68 |
| HIGGINS HEATING & COOLING CORP | 560 | 8012290 | JEVIC TRANSPORTATION, INC. | $ 1,040.40 |
| HIGHTEC | 631 | 8012300 | JEVIC TRANSPORTATION, INC. | $ 7,425.11 |
| HILLARD ENERGY, LTD. HILLARD OFFICE | 194 | | JEVIC HOLDING CORP. | $ 831.65 |
| HIRAM WAKEMAN INC | | 8012320 | JEVIC TRANSPORTATION, INC. | $ 100.00 |
| HODGE PRODUCTS INC | | 8012370 | JEVIC TRANSPORTATION, INC. | $ 1,832.87 |
| HONEYWELL | | 8012450 | JEVIC TRANSPORTATION, INC. | $ 7,594.92 |
| HONEYWELL INT'L | | 8012470 | JEVIC TRANSPORTATION, INC. | $ 118.10 |
| HOOSIER TRADEWINDS | 52 | 8012510 | JEVIC TRANSPORTATION, INC. | $ 1,375.00 |
| HOSPITAL OF THE UNIVERSITY OF | 174 | | JEVIC TRANSPORTATION, INC. | $ 1,646,711.17 |
| HOUSTON TRANSPORTATION INC. | 64 | | JEVIC HOLDING CORP. | $ 2,900.00 |
| HSM ELECTRONIC PROTECTION SVCS | | 8012590 | JEVIC TRANSPORTATION, INC. | $ 807.60 |
| HUGH WATER SERVICES | | 8012600 | JEVIC TRANSPORTATION, INC. | $ 4,739.92 |
| HUTCHINSON | | 8012650 | JEVIC TRANSPORTATION, INC. | $ 2,142.89 |
| HWY. 49 TRUCK & TRAILER REPAIR | | 8012660 | JEVIC TRANSPORTATION, INC. | $ 414.81 |
| HYDRO TEK SYSTEMS, INC. | 133 | 8012680 | JEVIC TRANSPORTATION, INC. | $ 2,520.40 |
| HYDROCARBON RECOVERY SVC. INC. | | 8012690 | JEVIC TRANSPORTATION, INC. | $ 1,348.33 |
| HYDROX LABORATORIES | | 8012710 | JEVIC TRANSPORTATION, INC. | $ 24.36 |
| ICC TRUCKING, INC. | 42 | 8012900 | JEVIC TRANSPORTATION, INC. | $ 775.00 |
| ICO POLYMERS NORTH AMERICA | | 8012910 | JEVIC TRANSPORTATION, INC. | $ 1,134.00 |
| ILLINOIS DEPARTMENT OF REVENUE | 154 | | JEVIC HOLDING CORP. | $ 3,051.73 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| ILLINOIS DEPARTMENT OF REVENUE | | 8012940 | JEVIC TRANSPORTATION, INC. | $ 265.36 |
| ILLUMINATING COMPANY - CIE, THE | 698 | | JEVIC HOLDING CORP. | $ 6,364.85 |
| ILT TOYOTA - LIFT | | 8012960 | JEVIC TRANSPORTATION, INC. | $ 1,471.85 |
| INCE MOTOR FREIGHT | | 8013000 | JEVIC TRANSPORTATION, INC. | $ 45.00 |
| INDUSTRIAL PAPER SHREDDERS | | 8013020 | JEVIC TRANSPORTATION, INC. | $ 522.51 |
| INDUSTRIAL WEIGHING SYSTEMS | 616 | 8013040 | JEVIC TRANSPORTATION, INC. | $ 3,288.93 |
| INTEGRATED LABELING SYSTEMS IN | | 8013150 | JEVIC TRANSPORTATION, INC. | $ 858.70 |
| INTELOGISTIX LLC | | 8013170 | JEVIC TRANSPORTATION, INC. | $ 1,000.74 |
| INTERFACE AMERICAS | | 8013220 | JEVIC TRANSPORTATION, INC. | $ 131.56 |
| INTERFACE FLOORING SYSTEM | | 8013230 | JEVIC TRANSPORTATION, INC. | $ 19,463.35 |
| INTERFACE FLOORING SYSTEMS | | 8013240 | JEVIC TRANSPORTATION, INC. | $ 667.78 |
| INTERSTATE BATTERIES | | 8013500 | JEVIC TRANSPORTATION, INC. | $ 10,768.15 |
| INTERSTATE BATTERY SYS CHICAGO | | 8013510 | JEVIC TRANSPORTATION, INC. | $ 9,799.63 |
| INTERSTATE BATTERY SYSTEM EAST | 945 | 8013520 | JEVIC TRANSPORTATION, INC. | $ 2,413.25 |
| INTERSTATE BATTERY-SYS CHARLOT | | 8013530 | JEVIC TRANSPORTATION, INC. | $ 2,111.03 |
| INTERSTATE POWER SYSTEMS, INC | | 8013570 | JEVIC TRANSPORTATION, INC. | $ 747.75 |
| INTERWIRE PRODUCTS | | 8013580 | JEVIC TRANSPORTATION, INC. | $ 388.06 |
| INX INTERNATIOANL INK | | 8013680 | JEVIC TRANSPORTATION, INC. | $ 483.91 |
| IRVING OIL CORPORATION | 235 | 8013700 | JEVIC TRANSPORTATION, INC. | $ 323,277.81 |
| ITW TACC | | 8013760 | JEVIC TRANSPORTATION, INC. | $ 650.12 |
| IV TRANSPORTATION | 1010 | 8013770 | JEVIC TRANSPORTATION, INC. | $ 1,850.00 |
| IWX MOTOR FREIGHT | | 8013790 | JEVIC TRANSPORTATION, INC. | $ 27,861.96 |
| J A KING & CO | | 8013800 | JEVIC TRANSPORTATION, INC. | $ 232.75 |
| J F E SHOJI TRADE AMERICA INC | 736 | 8013820 | JEVIC TRANSPORTATION, INC. | $ 200.00 |
| J MICHAEL LEVERETT INC. | | 8013860 | JEVIC TRANSPORTATION, INC. | $ 32.22 |
| J.E. HERRING MOTOR COMPANY | | 8013890 | JEVIC TRANSPORTATION, INC. | $ 1,570.74 |
| J.M. APPLIANCE SERVICE | | 8013910 | JEVIC TRANSPORTATION, INC. | $ 424.00 |
| J.S.S.J.R. ENTERPRISES, INC. | | 8013920 | JEVIC TRANSPORTATION, INC. | $ 485.81 |
| JACOB PRESS' SONS, INC | | 8013940 | JEVIC TRANSPORTATION, INC. | $ 499.85 |
| JAN PRO CLEANING SYSTEMS | 938 | 8014000 | JEVIC TRANSPORTATION, INC. | $ 37,947.25 |
| JANI KING OF CINCINNATI INC | | 8014020 | JEVIC TRANSPORTATION, INC. | $ 3,671.38 |
| JANI KING OF CLEVELAND | | 8014030 | JEVIC TRANSPORTATION, INC. | $ 2,187.32 |
| JANI-KING OF ATLANTA | 618 | 8014040 | JEVIC TRANSPORTATION, INC. | $ 2,076.94 |
| JAN-PRO OF WESTERN MASS | | 8014010 | JEVIC TRANSPORTATION, INC. | $ 3,590.00 |
| JAY'S COFFEE SERVICE | | 8014070 | JEVIC TRANSPORTATION, INC. | $ 315.60 |
| JBF EXPRESS, INC. | | 8014080 | JEVIC TRANSPORTATION, INC. | $ 62.51 |
| JC GRAPHIC SOLUTIONS | 570 | | JEVIC TRANSPORTATION, INC. | $ 927.69 |
| JC GRAPHIC SOLUTIONS | 39 | 8014100 | JEVIC TRANSPORTATION, INC. | $ 927.69 |
| JEFF ROBEY TRUCK LINES, INC. | | 8014110 | JEVIC TRANSPORTATION, INC. | $ 797.76 |
| JEKA TRANSPORT INC | | 8014140 | JEVIC TRANSPORTATION, INC. | $ 2,313.37 |
| JEM CONTAINER CORP. | 228 | | JEVIC HOLDING CORP. | $ 5,246.96 |
| JERICH USA INC | | 8014170 | JEVIC TRANSPORTATION, INC. | $ 14.30 |
| JERRY'S LOCK AND SAFE CO | | 8014190 | JEVIC TRANSPORTATION, INC. | $ 85.06 |
| JET REPAIR SERVICES | 532 | 8014210 | JEVIC TRANSPORTATION, INC. | $ 234.16 |
| JETRO CASH & CARRY | | 8014220 | JEVIC TRANSPORTATION, INC. | $ 859.70 |
| JEVIC TRANSPORTATION INC | | 8014240 | JEVIC TRANSPORTATION, INC. | $ 535.54 |
| JJ BAFARO INC | | 8014260 | JEVIC TRANSPORTATION, INC. | $ 675.22 |
| JJ KELLER | | 8014270 | JEVIC TRANSPORTATION, INC. | $ 3,615.51 |
| JOHN BRILLINGE TIRE SALES | | 8014340 | JEVIC TRANSPORTATION, INC. | $ 587.20 |
| JOHN J MCINTYRE SONS INC | | 8014380 | JEVIC TRANSPORTATION, INC. | $ 1,822.25 |
| JOHN TRAILER REPAIR INC. | | 8014430 | JEVIC TRANSPORTATION, INC. | $ 664.00 |
| JOHNIS PLAZA WEST INC | 489 | | NO DEBTOR ASSERTED BY CREDITOR | $ 733.68 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| JOHNSON & TOWERS | | 8014460 | JEVIC TRANSPORTATION, INC. | $ 65.84 |
| JOHNSON DIVERSEY | 677 | 8014500 | JEVIC TRANSPORTATION, INC. | $ 6,489.52 |
| JOHNSON SPECIALIZED TRANSPORTA | 573 | 8014540 | JEVIC TRANSPORTATION, INC. | $ 403.38 |
| JONES AND HARPER | 790 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,556.13 |
| JOSEPH DONALDSON | | 8014590 | JEVIC TRANSPORTATION, INC. | $ 559.70 |
| JP #1 | | 8014620 | JEVIC TRANSPORTATION, INC. | $ 275.00 |
| K.C. FLEET SERVICE, INC. | 485 | 8014710 | JEVIC TRANSPORTATION, INC. | $ 2,442.93 |
| KANE MCKENNA & ASSC INC | | 8014730 | JEVIC TRANSPORTATION, INC. | $ 2,628.75 |
| KEN MICHOLS | | 8014790 | JEVIC TRANSPORTATION, INC. | $ 1,720.00 |
| KENNA METAL | | 8014800 | JEVIC TRANSPORTATION, INC. | $ 261.00 |
| KENT INDUSTRIAL TRUCKS | 940 | 8014840 | JEVIC TRANSPORTATION, INC. | $ 10,670.33 |
| KEYSTONE ADJUSTABLE CAP | | 8014900 | JEVIC TRANSPORTATION, INC. | $ 3,185.37 |
| KINDERSLEY TRANSPORT LTD | 655 | 8014950 | JEVIC TRANSPORTATION, INC. | $ 23,355.69 |
| KINGS EXPRESS INC | 97 | 8014990 | JEVIC TRANSPORTATION, INC. | $ 800.00 |
| KIRKLAND AND ELLIS LLP | | 8015030 | JEVIC TRANSPORTATION, INC. | $ 60,688.06 |
| KLATT EQUIPMENT INC | 608 | 8015050 | JEVIC TRANSPORTATION, INC. | $ 17,298.09 |
| KLEHR, HARRISON, HARVEY, | | 8015060 | JEVIC TRANSPORTATION, INC. | $ 94.00 |
| KLEINSCHMIDT INC | 626 | | NO DEBTOR ASSERTED BY CREDITOR | $ 2,758.35 |
| KOCH LOGISTICS | | 8015140 | JEVIC TRANSPORTATION, INC. | $ 501.38 |
| KRAMER LEVIN NAFTALIS FRANKEL | | 8015230 | JEVIC TRANSPORTATION, INC. | $ 1,185.00 |
| KRISTIN JACKAMONIS | | 8015240 | JEVIC TRANSPORTATION, INC. | $ 34.02 |
| KRONOS INC. | | 8015250 | JEVIC TRANSPORTATION, INC. | $ 1,387.50 |
| KULLMAN FIRM, THE | 495 | 8025760 | JEVIC TRANSPORTATION, INC. | $ 4,557.00 |
| KUTOL PRODUCTS | | 8015280 | JEVIC TRANSPORTATION, INC. | $ 1,541.50 |
| L & D COMMUNICATIONS INC | 557 | | NO DEBTOR ASSERTED BY CREDITOR | $ 444.05 |
| L A FASTENERS INC | | 8015300 | JEVIC TRANSPORTATION, INC. | $ 2,428.90 |
| LABELMASTER | | 8015340 | JEVIC TRANSPORTATION, INC. | $ 19,519.71 |
| LAGROU DISTRIBUTION SYSTEM | | 8015350 | JEVIC TRANSPORTATION, INC. | $ 48.00 |
| LAND AIR EXPRESS OF NEW ENGLAND | 193 | 8015490 | NO DEBTOR ASSERTED BY CREDITOR | $ 12,920.59 |
| LARRY'S AUTO ELECTRIC SERVICE | | 8015600 | JEVIC TRANSPORTATION, INC. | $ 468.28 |
| LARRY'S TRUCK REPAIR & TOWING | | 8015610 | JEVIC TRANSPORTATION, INC. | $ 165.00 |
| LAS VEGAS/L.A. EXPRESS INC. | 984 | | JEVIC HOLDING CORP. | $ 414,235.00 |
| LERRO CANDY COMPANY | | 8015780 | JEVIC TRANSPORTATION, INC. | $ 99.50 |
| LESAINT LOGISTICS | | 8015790 | JEVIC TRANSPORTATION, INC. | $ 200.00 |
| LEUKEMIA LYMPHOMA SOCIETY | | 8015820 | JEVIC TRANSPORTATION, INC. | $ 423.00 |
| LEVY HOME ENTERTAINMENT | | 8015840 | JEVIC TRANSPORTATION, INC. | $ 238.47 |
| LEWIS-GOETZ & COMPANY INC | | 8015850 | JEVIC TRANSPORTATION, INC. | $ 220.00 |
| LEXISNEXIS, A DIV OF REED ELSEVIER INC. | 757 | | JEVIC HOLDING CORP. | $ 633.44 |
| LIBERTY KENWORTH | | 8015870 | JEVIC TRANSPORTATION, INC. | $ 11,715.40 |
| LIFT INC | | 8015890 | JEVIC TRANSPORTATION, INC. | $ 2,469.68 |
| LIFT PARTS SUPPLY CO | | 8015900 | JEVIC TRANSPORTATION, INC. | $ 3,274.41 |
| LIGHTING LOCKERS | | 8015910 | JEVIC TRANSPORTATION, INC. | $ 580.98 |
| LINDENWOLD TAXI FINANCIAL SVCS | | 8015940 | JEVIC TRANSPORTATION, INC. | $ 100.00 |
| LINDNER LOGISTICS LLC | | 8015960 | JEVIC TRANSPORTATION, INC. | $ 1,500.00 |
| LISTA INTERNATIONAL | | 8016010 | JEVIC TRANSPORTATION, INC. | $ 3,760.69 |
| LITTLE HARDWARE COMPANY INC. | | 8016040 | JEVIC TRANSPORTATION, INC. | $ 85.62 |
| LOBO, RAYMOND GEORGE | 968 | | JEVIC HOLDING CORP. | $ 7,877.00 |
| LOLITAS CLEANING | | 8016100 | JEVIC TRANSPORTATION, INC. | $ 823.73 |
| LONE STAR LIFT | | 8016110 | JEVIC TRANSPORTATION, INC. | $ 1,423.85 |
| LORCO PETROLEUM SERVICES | | 8016150 | JEVIC TRANSPORTATION, INC. | $ 1,915.30 |
| LOWES COMPANIES | | 8016250 | JEVIC TRANSPORTATION, INC. | $ 14,032.68 |
| LOWE'S COMPANIES | | 8016220 | JEVIC TRANSPORTATION, INC. | $ 1,776.96 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | | Unsecured Amt |
|---|---|---|---|---|---|
| LUBRIZOL ADVANCED MATERIALS | | 8016280 | JEVIC TRANSPORTATION, INC. | $ | 1,204.08 |
| LUBRIZOL CORP | | 8016300 | JEVIC TRANSPORTATION, INC. | $ | 423.77 |
| LUCAS TRUCK SALES, INC. | | 8016320 | JEVIC TRANSPORTATION, INC. | $ | 893.45 |
| LUCKY STAR DEER PARK LLC | | 8016330 | JEVIC TRANSPORTATION, INC. | $ | 13,334.00 |
| M & M GLASS SERVICE | | 8016380 | JEVIC TRANSPORTATION, INC. | $ | 430.00 |
| M W TRAILER PARTS | 769 | 8016510 | JEVIC TRANSPORTATION, INC. | $ | 11,156.94 |
| M&K QUALITY TRUCK SALES | | 8016520 | JEVIC TRANSPORTATION, INC. | $ | 1,328.96 |
| MAGNUM LTL, INC. | 88 | )16560, 80165; | JEVIC TRANSPORTATION, INC. | $ | 67,357.59 |
| MANHATTAN HOSIERY | | 8016630 | JEVIC TRANSPORTATION, INC. | $ | 77.50 |
| MANNINGTON MILLS | 759 | 8016650 | JEVIC TRANSPORTATION, INC. | $ | 897.60 |
| MANN'S WRECKER SERVICE | | 8016640 | JEVIC TRANSPORTATION, INC. | $ | 1,377.38 |
| MARKETING & SALES ESSENTIALS | | 8016750 | JEVIC TRANSPORTATION, INC. | $ | 99.00 |
| MARLITE INC. | | 8016790 | JEVIC TRANSPORTATION, INC. | $ | 204.42 |
| MARSHALL DISTRIBUTING | | 8016820 | JEVIC TRANSPORTATION, INC. | $ | 29.46 |
| MARTEC INTERNATIONAL | | 8016840 | JEVIC TRANSPORTATION, INC. | $ | 4,704.89 |
| MATCO NORCA INC | | 8016880 | JEVIC TRANSPORTATION, INC. | $ | 1,443.28 |
| MATCO TOOLS | | 8016890 | JEVIC TRANSPORTATION, INC. | $ | 1,000.00 |
| MATT-A-GRAPHICS INC. DBA MGI FINANCE | 91 | | JEVIC HOLDING CORP. | $ | 1,300.00 |
| MAX TRUCKING, INC. | 75 | 8016950 | JEVIC TRANSPORTATION, INC. | $ | 5,595.35 |
| MCCARTHY TIRE SERVICE CCO INC | 484 | 8016960 | JEVIC TRANSPORTATION, INC. | $ | 3,406.30 |
| MCCASLIN, IMBUS & MCCASLIN | 189 | 8016970 | JEVIC TRANSPORTATION, INC. | $ | 11,048.58 |
| MCGINNIS LUMBER CO., INC., THE | 421 | | JEVIC TRANSPORTATION, INC. | $ | 8,130.15 |
| MCLEMORE & EDINGTON, PLLC | | 8017010 | JEVIC TRANSPORTATION, INC. | $ | 319.00 |
| MCMASTER CARR | | 8017020 | JEVIC TRANSPORTATION, INC. | $ | 2,240.42 |
| MCNEELY MEDIA, LLC | 1005 | 8017030 | JEVIC TRANSPORTATION, INC. | $ | 1,200.00 |
| MCQUAIDE INC | 544 | 8017040 | JEVIC TRANSPORTATION, INC. | $ | 600.00 |
| MEMPHIS SCALE WORKS, INC. | 132 | 8017100 | JEVIC TRANSPORTATION, INC. | $ | 314.53 |
| MENARD | | 8017110 | JEVIC TRANSPORTATION, INC. | $ | 430.90 |
| MERCYWORKS OCCUPATIONAL MED. | | 8017120 | JEVIC TRANSPORTATION, INC. | $ | 42.00 |
| MESCA FREIGHT CO-OPERATIVE | | 8017140 | JEVIC TRANSPORTATION, INC. | $ | 1,329.78 |
| METROPOLITAN REPORTING BUREAU | 487 | 8017200 | JEVIC TRANSPORTATION, INC. | $ | 405.85 |
| METROPOLITAN TRUCKING, INC | 597 | | NO DEBTOR ASSERTED BY CREDITOR | $ | 2,850.00 |
| MICHAEL GOPEL/HUNTER ENGINEERI | | 8017230 | JEVIC TRANSPORTATION, INC. | $ | 420.02 |
| MICHELIN NORTH AMERICA INC | 104 | 8017270 | JEVIC TRANSPORTATION, INC. | $ | 68,356.12 |
| MICHIGAN DEPARTMENT OF TREASURY | 187 | | JEVIC TRANSPORTATION, INC. | $ | 14,260.51 |
| MICROCAST TECHNOLOGIES | | 8017290 | JEVIC TRANSPORTATION, INC. | $ | 16.57 |
| MICROFLEX CORP | | 8017320 | JEVIC TRANSPORTATION, INC. | $ | 4,777.43 |
| MIDLAND TRANSPORT LIMITED | 1132 | | JEVIC TRANSPORTATION, INC. | $ | 10,000.00 |
| MIDTOWN PETROLEUM | 750 | 8017360 | JEVIC TRANSPORTATION, INC. | $ | 179.53 |
| MIDWEST SYSTEMS | 519 | 8017400 | JEVIC TRANSPORTATION, INC. | $ | 79.54 |
| MILES MICHAEL DOTSON | | 8017450 | JEVIC TRANSPORTATION, INC. | $ | 2,650.00 |
| MILLIKEN & CO | | 8017460 | JEVIC TRANSPORTATION, INC. | $ | 250.00 |
| MINUTEMAN TOWING & REPAIRS | | 8017480 | JEVIC TRANSPORTATION, INC. | $ | 1,565.85 |
| MISSISSIPPI STATE TAX COMMISSION | 244 | | JEVIC TRANSPORTATION, INC. | $ | 18.75 |
| MITSUI SUMITOMO INSURANCE CO., LTD. | 149 | | JEVIC HOLDING CORP. | $ | 17,153.52 |
| MITSUI SUMITOMO INSURANCE CO., LTD. | 185 | | JEVIC HOLDING CORP. | $ | 946.51 |
| MLG INTERMODAL | 61 | | JEVIC HOLDING CORP. | $ | 1,200.00 |
| MMR LIFT TRUCK PARTS | | 8017560 | JEVIC TRANSPORTATION, INC. | $ | 401.85 |
| MOBILE AIR TRANSPORT, INC. | 499 | 8017580 | JEVIC TRANSPORTATION, INC. | $ | 1,584.04 |
| MORGAN, LEWIS, BOCKIUS LLP | 43 | 8017680 | JEVIC TRANSPORTATION, INC. | $ | 155,050.03 |
| MORGAN,BORNSTEIN & MORGAN8 | | 017690 | JEVIC TRANSPORTATION, INC. | $ | 231.00 |
| MTI INSPECTION SERVICES, INC. | 87 | | JEVIC HOLDING CORP. | $ | 2,624.26 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| MULTI COLOR SPECIALTIES INC. | | 8017770 | JEVIC TRANSPORTATION, INC. | $ 768.96 |
| MW TRANSPORT SERVICES INC | | 8017800 | JEVIC TRANSPORTATION, INC. | $ 41,597.50 |
| N E O R S D | | 8017840 | JEVIC TRANSPORTATION, INC. | $ 271.65 |
| NACCO OF ILLINOIS INC | | 8017890 | JEVIC TRANSPORTATION, INC. | $ 2,510.13 |
| NALCO COMPANY | | 8017940 | JEVIC TRANSPORTATION, INC. | $ 2,303.88 |
| NANCY MILLER | | 8017950 | JEVIC TRANSPORTATION, INC. | $ 170.27 |
| NAPA AUTO PARTS | | 8017980 | JEVIC TRANSPORTATION, INC. | $ 413.30 |
| NAPA TRANSPORTATION INC | 492 | 8017990 | JEVIC TRANSPORTATION, INC. | $ 800.00 |
| NAPCO STEEL INC | | 8018000 | JEVIC TRANSPORTATION, INC. | $ 1,543.45 |
| NASSAU PARADISE ISL. PROMO.BRD | | 8018020 | JEVIC TRANSPORTATION, INC. | $ 73.14 |
| NASSAU SUFFOLK TRUCK | | 8018030 | JEVIC TRANSPORTATION, INC. | $ 592.69 |
| NATIONAL GRID | 611 | 8018060 | JEVIC TRANSPORTATION, INC. | $ 18,266.81 |
| NATIONAL GRID | 610 | | JEVIC TRANSPORTATION, INC. | $ 225.74 |
| NATIONAL PARKINSON FOUNDATION | | 8018080 | JEVIC TRANSPORTATION, INC. | $ 422.25 |
| NATIONAL WELDERS SUPPLY CP INC | | 8018130 | JEVIC TRANSPORTATION, INC. | $ 467.51 |
| NC DEPT OF STATE TREASURER | 858 | | JEVIC TRANSPORTATION, INC. | $ 2,367.00 |
| NEHRING ELECTRICAL WORKS | | 8018220 | JEVIC TRANSPORTATION, INC. | $ 3,738.18 |
| NELSON, AMMIE J | 745 | | NO DEBTOR ASSERTED BY CREDITOR | $ 343,000.00 |
| NEW ASIA LOGISTICS INC | 576 | | NO DEBTOR ASSERTED BY CREDITOR | $ 6,230.00 |
| NEW ASIA LOGISTICS INC | 425 | | JEVIC TRANSPORTATION, INC. | $ 6,180.00 |
| NEW ENGLAND INDUSTRIAL TRK,INC | | 8018270 | JEVIC TRANSPORTATION, INC. | $ 1,787.75 |
| NEW ENGLAND TRUCK STOP INC | | 8018290 | JEVIC TRANSPORTATION, INC. | $ 26,755.52 |
| NEW JERSEY AMERICAN WATER CO | | 8018300 | JEVIC TRANSPORTATION, INC. | $ 1,075.66 |
| NEW JERSEY BUSINESS & INDUSTRY | | 8018310 | JEVIC TRANSPORTATION, INC. | $ 3,600.00 |
| NEW JERSEY TECH SUPPLY | 843 | 8018330 | JEVIC TRANSPORTATION, INC. | $ 5,010.86 |
| NEW PIG CORP | | 8018350 | JEVIC TRANSPORTATION, INC. | $ 511.02 |
| NEW YORK THRUWAY STATE AUTHORITY | 685 | | NO DEBTOR ASSERTED BY CREDITOR | $ 544.65 |
| NEXTRAN TRUCK CENTER | | 8018400 | JEVIC TRANSPORTATION, INC. | $ 185.34 |
| NICHOLE S. ROBINSON | | 8018420 | JEVIC TRANSPORTATION, INC. | $ 18.13 |
| NICOR GAS | 115 | 8018460 | JEVIC HOLDING CORP. | $ 7,915.51 |
| NJ MOTOR TRUCK ASSOCIATION | | 8018480 | JEVIC TRANSPORTATION, INC. | $ 600.00 |
| NJ MOTOR VEHICLE COMMISSION | | 8018490 | JEVIC TRANSPORTATION, INC. | $ 250.00 |
| NKP PROMOTIONS | 838 | 8018520 | JEVIC TRANSPORTATION, INC. | $ 3,512.30 |
| NORMAN'S GLASS & AUTO SERVICES | | 8018570 | JEVIC TRANSPORTATION, INC. | $ 861.00 |
| NORTH CAROLINA DEPARTMENT OF REVENUE | 156 | | JEVIC TRANSPORTATION, INC. | $ 4,187.21 |
| NORTH COAST PROPERTY MAINTENANCE | 784 | | JEVIC HOLDING CORP. | $ 740.35 |
| NORTH COAST VENDING SERVICES | | 8018650 | JEVIC TRANSPORTATION, INC. | $ 435.00 |
| NORTH STAR TRAFFIC SERVICES INC | 629 | 8018560 | JEVIC TRANSPORTATION, INC. | $ 12,565.00 |
| NORTHEAST GREAT DANE | | 8018680 | JEVIC TRANSPORTATION, INC. | $ 8,311.32 |
| NORTHLAND INSURANCE CO. AS SUBROGEE OF | 454 | | NO DEBTOR ASSERTED BY CREDITOR | $ 66,179.99 |
| NORTHWAY TRANSPORT REFRIGERATION | 102 | 8018710 | JEVIC TRANSPORTATION, INC. | $ 730.71 |
| NOVACARE INC | | 8018730 | JEVIC TRANSPORTATION, INC. | $ 2,052.00 |
| NOVACARE REHABILITATION | 142 | | JEVIC HOLDING CORP. | $ 456.00 |
| NUFARM AMERICAS, INC. | | 8018770 | JEVIC TRANSPORTATION, INC. | $ 34.00 |
| NY STATE DEPT OF TAXATION & FINANCE | 471 | | JEVIC TRANSPORTATION, INC. | $ 55,192.96 |
| NY STATE DEPT OF TAXATION & FINANCE | 1145 | | JEVIC TRANSPORTATION, INC. | $ 28,443.05 |
| NYC DEPARTMENT OF FINANCE | 855 | | NO DEBTOR ASSERTED BY CREDITOR | $ 455.00 |
| O. C. TANNER RECOGNITION COMPANY | 41 | | JEVIC HOLDING CORP. | $ 28,953.70 |
| OAK HARBOR FREIGHT LINES | 100 | | JEVIC HOLDING CORP. | $ 36,921.07 |
| OC TANNER | | 8018840 | JEVIC TRANSPORTATION, INC. | $ 26,796.35 |
| OCCUPATIONAL HEALTH CENTERS | | 8018860 | JEVIC TRANSPORTATION, INC. | $ 1,070.91 |
| OCCUPATIONAL HEALTH CENTERS | | 8018850 | JEVIC TRANSPORTATION, INC. | $ 138.00 |

Exhibit [___]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | | Unsecured Amt |
|---|---|---|---|---|---|
| OCCUPATIONAL HEALTH CTR SW PA | | 8018880 | JEVIC TRANSPORTATION, INC. | $ | 138.00 |
| OCCUPATIONAL HEALTH CTR SW PA | | 8018870 | JEVIC TRANSPORTATION, INC. | $ | 50.00 |
| OCCUPATIONAL HEALTH CTRS OF GA | | 8018890 | JEVIC TRANSPORTATION, INC. | $ | 294.00 |
| OCEAN STATE OIL | 569 | 8018900 | JEVIC TRANSPORTATION, INC. | $ | 460.25 |
| ODYSSEY LOGISTICS | | 8018920 | JEVIC TRANSPORTATION, INC. | $ | 24,790.29 |
| OFFICE DEPOT | 1 | 8018940 | JEVIC TRANSPORTATION, INC. | $ | 18,076.82 |
| OGDEN FORKLIFTS LLC | | 8018950 | JEVIC TRANSPORTATION, INC. | $ | 1,421.67 |
| OHIO BUSINESS SYSTEM | | 8018960 | JEVIC TRANSPORTATION, INC. | $ | 2,500.00 |
| OHIO CAT | | 8018970 | JEVIC TRANSPORTATION, INC. | $ | 19,049.93 |
| OHIO TURNPIKE COMMISSION | 144 | | JEVIC HOLDING CORP. | $ | 5,946.09 |
| OHIO VALLEY HEALTH SERVICES | | 8019040 | JEVIC TRANSPORTATION, INC. | $ | 380.86 |
| OLD CASTLE GLASS - TELEFORD | | 8019060 | JEVIC TRANSPORTATION, INC. | $ | 312.33 |
| OLEON AMERICAS | | 8019090 | JEVIC TRANSPORTATION, INC. | $ | 2,617.96 |
| ON SITE FUEL SERVICE INC | 673 | 8019120 | JEVIC TRANSPORTATION, INC. | $ | 46,385.76 |
| O'NEILL, JAMIE | 1054 | | JEVIC HOLDING CORP. | $ | 1,028.83 |
| OSBOURNE TRUCKING COMPANY (QTC | | 8019160 | JEVIC TRANSPORTATION, INC. | $ | 600.00 |
| OSTENDOR, TATE, BARNETT & WELLS, LLP | 465 | 8019170 | JEVIC TRANSPORTATION, INC. | $ | 11,642.40 |
| OVERHEAD DOOR CO. OF ATLANTA | | 8019180 | JEVIC TRANSPORTATION, INC. | $ | 1,334.49 |
| P & V CANDLE EQUIPMENT SALES | | 8019230 | JEVIC TRANSPORTATION, INC. | $ | 1,260.00 |
| PACIFIC TELEMANAGEMENT SERVICE | | 8019330 | JEVIC TRANSPORTATION, INC. | $ | 550.44 |
| PALLETIZED TRUCKING INC | 165 | | JEVIC HOLDING CORP. | $ | 271.13 |
| PAONE WOODWORKING CORPORATION | | 8019430 | JEVIC TRANSPORTATION, INC. | $ | 925.47 |
| PAPER DIRECT | | 8019440 | JEVIC TRANSPORTATION, INC. | $ | 1,184.07 |
| PARAMOUNT FENCE COMPANY | | 8019480 | JEVIC TRANSPORTATION, INC. | $ | 1,500.00 |
| PARDO'S TRUCK SERVICE PARTS WHSE, INC | 207 | 8019490 | JEVIC TRANSPORTATION, INC. | $ | 32,043.96 |
| PARIS DESIGN | 20 | | JEVIC TRANSPORTATION, INC. | $ | 2,500.00 |
| PATRICK J KELLY DRUMS INC | 504 | 8019590 | JEVIC TRANSPORTATION, INC. | $ | 1,499.00 |
| PATTEN INDUSTRIES INC | | 8019610 | JEVIC TRANSPORTATION, INC. | $ | 4,840.52 |
| PAULAUR CORPORATION | | 8019680 | JEVIC TRANSPORTATION, INC. | $ | 285.00 |
| PAUL'S CUSTOM AWARDS & TROPHIES | 525 | 8019660 | JEVIC TRANSPORTATION, INC. | $ | 1,224.35 |
| PB HEAT LLC | 150 | | JEVIC HOLDING CORP. | $ | 3,858.98 |
| PC MALL | | 8019720 | JEVIC TRANSPORTATION, INC. | $ | 54,291.76 |
| PEACH STATE TRUCK CENTERS | | 8019740 | JEVIC TRANSPORTATION, INC. | $ | 1,350.47 |
| PENN DETROIT DIESEL ALLISON | 245 | )04610, 801975 | JEVIC TRANSPORTATION, INC. | $ | 7,121.39 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 179 | 8019800 | JEVIC TRANSPORTATION, INC. | $ | 349.00 |
| PENNSYLVANIA TURNPIKE COMM | | 8019810 | JEVIC TRANSPORTATION, INC. | $ | 83,383.35 |
| PEP DIRECT | | 8019820 | JEVIC TRANSPORTATION, INC. | $ | 464.79 |
| PERFORMANCE ONE TOWING &REPAIR | | 8019830 | JEVIC TRANSPORTATION, INC. | $ | 99.11 |
| PERRIGO COMPANY | | 8019900 | JEVIC TRANSPORTATION, INC. | $ | 219.60 |
| PEST TECHNOLOGIES INC | 651 | 8019910 | JEVIC TRANSPORTATION, INC. | $ | 395.90 |
| PETE COSTELLO | | 8019920 | JEVIC TRANSPORTATION, INC. | $ | 5,251.42 |
| PETER DOLAN WATER SYSTEMS | | 8019930 | JEVIC TRANSPORTATION, INC. | $ | 450.00 |
| PETRO STOPPING CENTERS | | 8019950 | JEVIC TRANSPORTATION, INC. | $ | 8,058.37 |
| PHILADELPHIA OCCUPATIONAL HLTH | | 8020010 | JEVIC TRANSPORTATION, INC. | $ | 8,860.00 |
| PHILLIPS, JEFFREY A | 719 | | JEVIC HOLDING CORP. | $ | 145.00 |
| PHYSICIANS TREATMENT CENTER | | 8020030 | JEVIC TRANSPORTATION, INC. | $ | 45.00 |
| PIONEER SUPPLY | | 8020110 | JEVIC TRANSPORTATION, INC. | $ | 682.85 |
| PIRTEK SOUTH HOLLAND | 644 | 8020120 | JEVIC TRANSPORTATION, INC. | $ | 113.23 |
| PITNEY BOWES CREDIT CORPORATION | 225 | | JEVIC TRANSPORTATION, INC. | $ | 125,464.25 |
| PITNEY BOWES CREDIT CORPORATION | 51 | | JEVIC TRANSPORTATION, INC. | $ | 51,952.58 |
| PITNEY BOWES CREDIT CORPORATION | 101 | | JEVIC TRANSPORTATION, INC. | $ | 2,770.00 |
| PITNEY BOWES GLOBAL FINANCIAL SERVICES | 1147 | | JEVIC TRANSPORTATION, INC. | $ | 130,190.39 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| PJAX INC | | 8020150 | JEVIC TRANSPORTATION, INC. | $ 3,000.00 |
| PMTA/SMC | | 8020230 | JEVIC TRANSPORTATION, INC. | $ 1,190.00 |
| POLMAN TRANSFER INC | 571 | 8020240 | JEVIC TRANSPORTATION, INC. | $ 2,500.00 |
| POMA DISTRIBUTING COMPANY INC | 513 | 8020320 | JEVIC TRANSPORTATION, INC. | $ 30,100.61 |
| PORTLAND AIR FREIGHT INC. | | 8020330 | JEVIC TRANSPORTATION, INC. | $ 2,627.13 |
| PORTMAN EQUIPMENT COMPANY | 612 | 8020340 | JEVIC TRANSPORTATION, INC. | $ 13,416.97 |
| PRAIRIE PACKAGING | | 8020360 | JEVIC TRANSPORTATION, INC. | $ 620.92 |
| PRAIRIE SUPPLY CO. | | 8020380 | JEVIC TRANSPORTATION, INC. | $ 56.55 |
| PRAXAIR DISTRIBUTION INC | | 8020390 | JEVIC TRANSPORTATION, INC. | $ 278.35 |
| PREMIER CARE INDUSTRIES | | 8020440 | JEVIC TRANSPORTATION, INC. | $ 272.00 |
| PREMIER PHYSICIANS CENTER | 458 | | JEVIC HOLDING CORP. | $ 3,190.00 |
| PREMIUM ENVIRONMENTAL SVC.,INC | 229 | 8020460 | JEVIC HOLDING CORP. | $ 73,772.21 |
| PREPASS | | 8020480 | JEVIC TRANSPORTATION, INC. | $ 2,321.02 |
| PRICE TRUCK LINE INC | 731 | )20500, 80205: | JEVIC TRANSPORTATION, INC. | $ 15,294.22 |
| PRIME LUBE INC | | 8020560 | JEVIC TRANSPORTATION, INC. | $ 2,095.06 |
| PRIME, INC. | 469 | 8020540 | JEVIC TRANSPORTATION, INC. | $ 146,051.81 |
| PRINTPACK | | 8020590 | JEVIC TRANSPORTATION, INC. | $ 160.48 |
| PROCURA MANAGEMENT INC | | 8020660 | JEVIC TRANSPORTATION, INC. | $ 719.93 |
| PROGRESSIVE ADHESIVES, INC. | | 8020670 | JEVIC TRANSPORTATION, INC. | $ 1,763.88 |
| PROPERTY DAMAGE APPRAISERS | | 8020690 | JEVIC TRANSPORTATION, INC. | $ 134.00 |
| PROPERTY PROTECTION MONITORING | | 8020700 | JEVIC TRANSPORTATION, INC. | $ 282.00 |
| PROSPECT SERVICE CENTER & TOWING | 208 | | JEVIC HOLDING CORP. | $ 365.00 |
| PROTECTIVE COATING CO. | | 8020710 | JEVIC TRANSPORTATION, INC. | $ 875.78 |
| PSI WATER SYSTEMS INC | | 8020750 | JEVIC TRANSPORTATION, INC. | $ 300.57 |
| PSS WAREHOUSE & JEVIC TRANS. | | 8020760 | JEVIC TRANSPORTATION, INC. | $ 6,577.23 |
| PUBLIC SERVICE ELECTRIC AND GAS COMPANY | 136 | )20730, 80207: | JEVIC HOLDING CORP. | $ 69,280.97 |
| PUBLIC UTILITIES COMMISSION OF | | 8020780 | JEVIC TRANSPORTATION, INC. | $ 1,110.00 |
| PUCEL ENTERPRISES INC | 935 | | NO DEBTOR ASSERTED BY CREDITOR | $ 893.55 |
| PURCHASE POWER | | 8020790 | JEVIC TRANSPORTATION, INC. | $ 49,999.99 |
| PUREWORKS, INC. | | 8020800 | JEVIC TRANSPORTATION, INC. | $ 2,970.00 |
| QUAKER COLOR | | 8020860 | JEVIC TRANSPORTATION, INC. | $ 967.50 |
| QUALCOMM INC | | 8020870 | JEVIC TRANSPORTATION, INC. | $ 108,973.23 |
| QUALITY DOOR TECH | | 8020890 | JEVIC TRANSPORTATION, INC. | $ 928.00 |
| QUALITY TOWING EQUIPMENT MOVIN | 565 | 8020900 | JEVIC TRANSPORTATION, INC. | $ 1,675.38 |
| QWEST CORPORATION | 805 | 8020960 | JEVIC HOLDING CORP. | $ 166.71 |
| R J CASEY INDUSTRIAL PARK | | 8020980 | JEVIC TRANSPORTATION, INC. | $ 775.00 |
| R W HIRD TRUCKING | 712 | 8021040 | JEVIC TRANSPORTATION, INC. | $ 1,300.00 |
| R.J. REYNOLDS TOBACCO COMPANY | | 8021050 | JEVIC TRANSPORTATION, INC. | $ 176.81 |
| R.L.R. INVESTMENTS, LLC | 98 | 8021650 | JEVIC TRANSPORTATION, INC. | $ 407,731.68 |
| RANDALLDRIVER RECRUITING.COM | | 8021110 | JEVIC TRANSPORTATION, INC. | $ 500.00 |
| RANDOLPH PRODUCTS COMPANY | 135 | | JEVIC HOLDING CORP. | $ 2,110.94 |
| RAPID ROVER | | 8021140 | JEVIC TRANSPORTATION, INC. | $ 601.00 |
| RARITAN RIVER GARAGE CO | | 8021150 | JEVIC TRANSPORTATION, INC. | $ 3,131.35 |
| RAYNOR OVERHEAD DOOR | 735 | 8021210 | JEVIC TRANSPORTATION, INC. | $ 1,652.88 |
| RE DO IT CORPORATION | | 8021220 | JEVIC TRANSPORTATION, INC. | $ 375.00 |
| RECEIVER GENERAL FOR CANADA, THE | 895 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,054.40 |
| REED BUSINESS INFORMATION | | 8021260 | JEVIC TRANSPORTATION, INC. | $ 23,900.00 |
| REED'S PHARMACY | | 8021280 | JEVIC TRANSPORTATION, INC. | $ 76.06 |
| REGIONS INTERSTATE BILLING SERVICE, INC. | 8 | | Multiple Debtors | $ 8,858.90 |
| REGSCAN INC | | 8021310 | JEVIC TRANSPORTATION, INC. | $ 12,600.00 |
| RELIABLE TRAILER PARTS INC | 496 | 8021350 | JEVIC TRANSPORTATION, INC. | $ 3,472.70 |
| RELIANT ENERGY | | 8021360 | JEVIC TRANSPORTATION, INC. | $ 1.19 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| RENDEL'S GMC COLLISION SPEC. | 1001 | )21400, 80214; | JEVIC TRANSPORTATION, INC. | $ 52,771.80 |
| REPUBLIC SERVICES OF NJ INC | | 8021430 | JEVIC TRANSPORTATION, INC. | $ 28,777.47 |
| RHS SOLUTIONS | | 8021550 | JEVIC TRANSPORTATION, INC. | $ 3,396.00 |
| RICHMOND RECYCLING CO | | 8021600 | JEVIC TRANSPORTATION, INC. | $ 2,000.00 |
| RICH'S TOWING & SERVICE INC | | 8021570 | JEVIC TRANSPORTATION, INC. | $ 1,093.13 |
| ROADRUNNER RUBBER CORPORATION | | 8021690 | JEVIC TRANSPORTATION, INC. | $ 540.82 |
| ROBARB ENTERPRISES INC. | 683 | | JEVIC TRANSPORTATION, INC. | $ 3,450.32 |
| ROBERT S THOMPSON SNAP ON TOOL | | 8021750 | JEVIC TRANSPORTATION, INC. | $ 850.00 |
| ROB'S AUTOMOTIVE & COLLISION C | | 8021710 | JEVIC TRANSPORTATION, INC. | $ 25,482.42 |
| ROCKY MOUNTAIN DATA SVCS., INC | | 8021840 | JEVIC TRANSPORTATION, INC. | $ 427.00 |
| ROHM & HAAS COMPANY | 219 | 8021920 | JEVIC HOLDING CORP. | $ 74,204.93 |
| RONNIE MAYNOR | | 8022050 | JEVIC TRANSPORTATION, INC. | $ 1,535.00 |
| RON'S TRUCK REPAIR SERVICE | | 8022020 | JEVIC TRANSPORTATION, INC. | $ 242.48 |
| ROSEMARY LAMB-MOUREY | | 8022130 | JEVIC TRANSPORTATION, INC. | $ 852.25 |
| ROSS EXPRESS | | 8022150 | JEVIC TRANSPORTATION, INC. | $ 214.94 |
| ROYALTY PRESS INC | | 8022260 | JEVIC TRANSPORTATION, INC. | $ 13,400.06 |
| RUESCH INTERNATIONAL | | 8022290 | JEVIC TRANSPORTATION, INC. | $ 150.00 |
| RUSH TRANSPORTATION & LOGISTICS, INC. | 117 | 8022330 | JEVIC TRANSPORTATION, INC. | $ 1,235.04 |
| RUSSELL, LATROI & TIFFANY | 462 | | JEVIC TRANSPORTATION, INC. | $ 11,854.49 |
| RUSSO, FRANK | 802 | | NO DEBTOR ASSERTED BY CREDITOR | $ - |
| RYCOLINE PRODUCTS | | 8022390 | JEVIC TRANSPORTATION, INC. | $ 802.53 |
| RYDER TRUCK RENTAL | 257 | 8022400 | JEVIC TRANSPORTATION, INC. | $ 5,131.79 |
| S & E PRODUCTIONS LLC | 821 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,962.15 |
| S&W TOWING | | 8022490 | JEVIC TRANSPORTATION, INC. | $ 419.00 |
| SAFETY AUTO REPAIR | | 8022530 | JEVIC TRANSPORTATION, INC. | $ 1,337.57 |
| SAFETY INSURANCE ASO RACHAEL W | | 8022540 | JEVIC TRANSPORTATION, INC. | $ 2,790.79 |
| SAFETY-KLEEN | 934 | 8022550 | NO DEBTOR ASSERTED BY CREDITOR | $ 2,553.78 |
| SAIA MOTOR FREIGHT | 152 | | JEVIC HOLDING CORP. | $ 108,006.86 |
| SAINT GOBAIN HIGH PERFORMANCE | | 8022620 | JEVIC TRANSPORTATION, INC. | $ 2,322.56 |
| SALOV NORTH AMERICA CORP | | 8022640 | JEVIC TRANSPORTATION, INC. | $ 1,743.03 |
| SANDMEYER STEEL COMPANY | | 8022680 | JEVIC TRANSPORTATION, INC. | $ 266.41 |
| SANDVIK MATERIALS TECHNOLOGY NAFTA | 424 | | JEVIC HOLDING CORP. | $ 5,091.53 |
| SARGENT TRUCKING | 533 | | NO DEBTOR ASSERTED BY CREDITOR | $ 3,000.00 |
| SAXON FLEET SERVICES INC | 666 | 8022770 | JEVIC TRANSPORTATION, INC. | $ 602.20 |
| SAYREVILLE GJM | | 8022780 | JEVIC TRANSPORTATION, INC. | $ 400.00 |
| SBC GLOBAL SERVICES | 419 | | Multiple Debtors | $ 15,064.47 |
| SCHNEIDER NATIONAL, INC. | 217 | 8022800 | JEVIC TRANSPORTATION, INC. | $ 66,949.19 |
| SCHREIBER FOODS INTL INC. | | 8022810 | JEVIC TRANSPORTATION, INC. | $ 24.50 |
| SCIENTIFIC PLASTICS INC | 889 | | JEVIC HOLDING CORP. | $ 2,226.17 |
| SCOTT'S COMMERCIAL TRUCK SERVI | | 8022830 | JEVIC TRANSPORTATION, INC. | $ 406.26 |
| SCOTTS COMPANY LLC, THE | 439 | 8022840 | JEVIC TRANSPORTATION, INC. | $ 47,242.97 |
| SCULLY SIGNAL COMPANY | 79 | 8022870 | JEVIC TRANSPORTATION, INC. | $ 5,668.82 |
| SEALED AIR CORP | | 8022910 | JEVIC TRANSPORTATION, INC. | $ 123.27 |
| SEAN CRAWFORD | | 8022960 | JEVIC TRANSPORTATION, INC. | $ 2,341.67 |
| SELECT MEDICAL CORPORATION | 23 | | JEVIC HOLDING CORP. | $ 28,722.21 |
| SEMERMED | | 8023020 | JEVIC TRANSPORTATION, INC. | $ 290.50 |
| SENTRY SECURITY SYSTEMS, LLC | | 8023050 | JEVIC TRANSPORTATION, INC. | $ 1,800.00 |
| SERVICE ELECTRIC INC. | | 8023060 | JEVIC TRANSPORTATION, INC. | $ 185.96 |
| SERVICE MAX INC | 486 | 8023070 | JEVIC TRANSPORTATION, INC. | $ 12,646.04 |
| SERVICE TIRE TRUCK CENTERS | | 8023080 | JEVIC TRANSPORTATION, INC. | $ 2,746.79 |
| SET RITE | | 8023100 | JEVIC TRANSPORTATION, INC. | $ 4,416.41 |
| SHAMICH, YAKOV | 887 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,382.00 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| SHANNON CHEMICAL CORP | | 8023140 | JEVIC TRANSPORTATION, INC. | $ 250.00 |
| SHARK TRANSPORT SERVICES, INC. | | 8023150 | JEVIC TRANSPORTATION, INC. | $ 2,041.50 |
| SHEFFIELD PLASTICS | | 8023180 | JEVIC TRANSPORTATION, INC. | $ 2,682.12 |
| SHERRY L. WAJID | | 8023220 | JEVIC TRANSPORTATION, INC. | $ 130.69 |
| SIEMENS WATER TECHNOLOGIES COR | | 8023250 | JEVIC TRANSPORTATION, INC. | $ 889.35 |
| SIGNPOST, INC. | | 8023300 | JEVIC TRANSPORTATION, INC. | $ 997.00 |
| SIMPLEXGRINNELL | | 8023330 | JEVIC TRANSPORTATION, INC. | $ 2,000.00 |
| SKIDMORE SALES & DISTRIBUTING8 | | 023370 | JEVIC TRANSPORTATION, INC. | $ 90.53 |
| SKYTEL | | 8023390 | JEVIC TRANSPORTATION, INC. | $ 188.14 |
| SKYTEL CORPORATION | 103 | | JEVIC HOLDING CORP. | $ 348.28 |
| SLADE, GARY R | 828 | | NO DEBTOR ASSERTED BY CREDITOR | $ 5,170.74 |
| SM FINANCIAL SERVICES CORPORATION AS | 205 | | JEVIC HOLDING CORP. | $ 9,378.60 |
| SMITH & LAMOUNTAIN SERVICE COR | 512 | 8023440 | JEVIC TRANSPORTATION, INC. | $ 10,336.59 |
| SMITH LEVISON CULLEN & AYLWARD | 661 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,301.56 |
| SMITHEREEN COMPANY | | 8023460 | JEVIC TRANSPORTATION, INC. | $ 157.00 |
| SNYDER, HOWARD M | 823 | | NO DEBTOR ASSERTED BY CREDITOR | $ 52,500.00 |
| SOLVAY SOLEXIS INC | | 8023520 | JEVIC TRANSPORTATION, INC. | $ 236.82 |
| SOMERSET LEASING CORP., VII | 574 | | JEVIC TRANSPORTATION, INC. | $ 600,212.75 |
| SONITROL SECURITY SERVICES INC | | 8023540 | JEVIC TRANSPORTATION, INC. | $ 69.00 |
| SONWIL DISTRIBUTION CENTER INC | | 8023550 | JEVIC TRANSPORTATION, INC. | $ 2,528.59 |
| SOUTHEAST INDUSTRIAL EQUIPMENT | 493 | 8023600 | JEVIC TRANSPORTATION, INC. | $ 3,209.59 |
| SOUTHERN CALIFORNIA FLEET SERV | | 8023610 | JEVIC TRANSPORTATION, INC. | $ 14,809.85 |
| SOUTHERN INDUSTRIAL TIRE INC. | | 8023640 | JEVIC TRANSPORTATION, INC. | $ 1,598.93 |
| SOUTHERN PUMP & TANK COMPANY LLC | 32 | 8023660 | JEVIC HOLDING CORP. | $ 1,493.83 |
| SOUTHWEST GENERAL | | 8023670 | JEVIC TRANSPORTATION, INC. | $ 483.64 |
| SOUTHWEST SPRING | | 8023680 | JEVIC TRANSPORTATION, INC. | $ 401.86 |
| SOUTHWIRE COMPANY | | 8023710 | JEVIC TRANSPORTATION, INC. | $ 684.55 |
| SOUTHWORTH MILTON INC | | 8023720 | JEVIC TRANSPORTATION, INC. | $ 1,540.24 |
| SPARKS EXHIBITS | | 8023730 | JEVIC TRANSPORTATION, INC. | $ 253.50 |
| SPEED COMPLETE TRUCK & TRAILER REPAIR | 99 | 8023820 | JEVIC TRANSPORTATION, INC. | $ 9,573.90 |
| SPRING ROAD PARTNERS LLC (DBA - ACTFAST) | 44 | 8000610 | JEVIC HOLDING CORP. | $ 1,329.20 |
| SPRINT NEXTEL | 148 | )23860, 80238 | JEVIC HOLDING CORP. | $ 157,239.32 |
| STAINLESS CORP. | | 8023920 | JEVIC TRANSPORTATION, INC. | $ 398.00 |
| STALLION EXPRESS INC | 567 | 8023940 | JEVIC TRANSPORTATION, INC. | $ 1,450.00 |
| STALLION EXPRESS, INC. | 438 | | JEVIC TRANSPORTATION, INC. | $ 14,884.40 |
| STANLEY KOPALA | | 8023990 | JEVIC TRANSPORTATION, INC. | $ 38.52 |
| STAR SNACKS | | 8024020 | JEVIC TRANSPORTATION, INC. | $ 68.26 |
| STATE OF CALIFORNIA | 250 | | JEVIC HOLDING CORP. | $ 340.34 |
| STATE OF FLORIDA DEPT. OF REVENUE | 62 | | JEVIC TRANSPORTATION, INC. | $ 171.75 |
| STATE OF LOUISIANA | 82 | | JEVIC TRANSPORTATION, INC. | $ 198.50 |
| STATE OF MAINE | 126 | | JEVIC HOLDING CORP. | $ 33.00 |
| STATE OF NC TAX | | 8024220 | JEVIC TRANSPORTATION, INC. | $ 674.92 |
| STATE OF NEW MEXICO | 955 | | JEVIC HOLDING CORP. | $ 870.60 |
| STERLING COMMERCE, INC. | 59 | | JEVIC HOLDING CORP. | $ 2,721.64 |
| STEWART BUSINESS SYSTEMS | 684 | 8024500 | JEVIC TRANSPORTATION, INC. | $ 16,380.87 |
| STINGER PEST SOLUTIONS INC | 754 | 8024510 | JEVIC TRANSPORTATION, INC. | $ 375.00 |
| STRATEGIC FLOORING SERVICES | | 8024620 | JEVIC TRANSPORTATION, INC. | $ 484.54 |
| STURDY STORE DISPLAYS | | 8024640 | JEVIC TRANSPORTATION, INC. | $ 213.71 |
| SUN CAP. PARTNERS MGMT IV, LLC | | 8024700 | JEVIC TRANSPORTATION, INC. | $ 250,000.00 |
| SUN CHEMICAL | | 8024720 | JEVIC TRANSPORTATION, INC. | $ 60.00 |
| SUN LOGISTICS MIA, INC. | 214 | 8024750 | JEVIC TRANSPORTATION, INC. | $ 14,217.10 |
| SUN LOGISTICS NYC, INC. | 215 | 8024760 | JEVIC TRANSPORTATION, INC. | $ 124,458.24 |

Exhibit [_____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| SUNGARD AVAILABILITY SERVICES LP | 202 | 8024820 | JEVIC HOLDING CORP. | $ 266,067.00 |
| SUNGARD AVAILABILITY SERVICES LP | 34 | | JEVIC HOLDING CORP. | $ 25,748.00 |
| SUPERGLASS WINDSHIELD REPAIR | | 8024900 | JEVIC TRANSPORTATION, INC. | $ 105.00 |
| SUPERIOR EXPRESS, INC | 642 | 8024910 | JEVIC TRANSPORTATION, INC. | $ 12,533.79 |
| SUPERIOR INDUSTRIAL SUPPLY CO. | 169 | 8024920 | JEVIC HOLDING CORP. | $ 267.05 |
| SUPERIOR POOL PRODUCTS | | 8024940 | JEVIC TRANSPORTATION, INC. | $ 120.00 |
| SUPERIOR QUALITY FOODS | | 8024970 | JEVIC TRANSPORTATION, INC. | $ 115.18 |
| SURFACE ENGINEERING | | 8025010 | JEVIC TRANSPORTATION, INC. | $ 6,000.00 |
| SURGE FRICTION PRODUCTS CO | 491 | 8025020 | JEVIC TRANSPORTATION, INC. | $ 1,519.26 |
| SWAIN'S TRUCK CARE | | 8025030 | JEVIC TRANSPORTATION, INC. | $ 230.25 |
| SWEET OVATIONS | | 8025060 | JEVIC TRANSPORTATION, INC. | $ 88.00 |
| SWISHER HYGIENE FRANCHISEE | | 8025110 | JEVIC TRANSPORTATION, INC. | $ 758.06 |
| SWR LLC | | 8025120 | JEVIC TRANSPORTATION, INC. | $ 800.00 |
| SYN-TECH SYSTEMS, INC. | | 8025140 | JEVIC TRANSPORTATION, INC. | $ 10,007.80 |
| SYSTEMS, INC | | 8025170 | JEVIC TRANSPORTATION, INC. | $ 2,538.77 |
| SZCZECHOWICZ, STANISLAW | 734 | | NO DEBTOR ASSERTED BY CREDITOR | $ 10,000.00 |
| T J'S MOWING & MORE | | 8025260 | JEVIC TRANSPORTATION, INC. | $ 12,013.20 |
| TACC INT'L CORP | | 8025370 | JEVIC TRANSPORTATION, INC. | $ 1,361.59 |
| TALX CORP./THE WORK NUMBER | | 8025380 | JEVIC TRANSPORTATION, INC. | $ 26.32 |
| TALX CORPORATION | | 8025390 | JEVIC TRANSPORTATION, INC. | $ 1,800.00 |
| TARGET MEDIA PARTNERS INTERACT | 724 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,990.00 |
| T-CHEK SYSTEMS INC | | 8025320 | JEVIC TRANSPORTATION, INC. | $ 1,564,402.74 |
| T-CHEK SYSTEMS, INC. | 1131 | | JEVIC TRANSPORTATION, INC. | $ 475,000.00 |
| TECHALLOY COMPANY | | 8025470 | JEVIC TRANSPORTATION, INC. | $ 1,300.50 |
| TEKLA | | 8025500 | JEVIC TRANSPORTATION, INC. | $ 345.50 |
| TELEPHONE OPERATING SYSTEMS IN | | 8025530 | JEVIC TRANSPORTATION, INC. | $ 137.00 |
| TELKA INC | | 8025540 | JEVIC TRANSPORTATION, INC. | $ 344.07 |
| TENNANT | | 8025550 | JEVIC TRANSPORTATION, INC. | $ 247.66 |
| TERLECKEY | 738 | 8025580 | JEVIC TRANSPORTATION, INC. | $ 700.00 |
| TERMINAL MANAGEMENT  INC | | 8025590 | JEVIC TRANSPORTATION, INC. | $ 57,061.16 |
| TERMINIX INTERNATIONAL | | 8025600 | JEVIC TRANSPORTATION, INC. | $ 107.26 |
| THE CASHION COMPANY | | 8025730 | JEVIC TRANSPORTATION, INC. | $ 910.00 |
| THE ILLUMINATING COMPANY | | 8025750 | JEVIC TRANSPORTATION, INC. | $ 5,017.92 |
| THE MCGINNIS LUMBER COMPANY | | 8025770 | JEVIC TRANSPORTATION, INC. | $ 8,130.15 |
| THE TESTOR CORPORATION | | 8025780 | JEVIC TRANSPORTATION, INC. | $ 540.60 |
| THERMWELL PRODUCTS | | 8025820 | JEVIC TRANSPORTATION, INC. | $ 259.80 |
| THU TRAN | | 8025890 | JEVIC TRANSPORTATION, INC. | $ 541.55 |
| THYSSEN ELEVATOR COMPANY | | 8025900 | JEVIC TRANSPORTATION, INC. | $ 582.72 |
| TIARCO CHEMICAL | | 8025910 | JEVIC TRANSPORTATION, INC. | $ 85.00 |
| TIER DE INC | 501 | 8025990 | JEVIC TRANSPORTATION, INC. | $ 80,852.21 |
| TILL PAINT COMPANY | | 8026000 | JEVIC TRANSPORTATION, INC. | $ 893.32 |
| TIRE CENTERS LLC | | 8026040 | JEVIC TRANSPORTATION, INC. | $ 807.52 |
| TIRE CENTERS LLC | | 8026030 | JEVIC TRANSPORTATION, INC. | $ 664.51 |
| TMI LOGISTICS | | 8026050 | JEVIC TRANSPORTATION, INC. | $ 480.43 |
| TMI PLASTICS INDUSTRIES INC | | 8026060 | JEVIC TRANSPORTATION, INC. | $ 350.28 |
| T-MOBILE USA, INC. | 138 | 8025340 | JEVIC TRANSPORTATION, INC. | $ 4,343.43 |
| TOMASULO, VINCE | 606 | | NO DEBTOR ASSERTED BY CREDITOR | $ 5,229.84 |
| TOOL STORE | | 8026110 | JEVIC TRANSPORTATION, INC. | $ 3,697.61 |
| TORNADO TRANSPORTATION | 113 | | JEVIC TRANSPORTATION, INC. | $ 1,900.00 |
| TOTO USA | | 8026180 | JEVIC TRANSPORTATION, INC. | $ 224.78 |
| TOWERS PERRIN | 125 | | JEVIC HOLDING CORP. | $ 18,855.84 |
| TOWNE AIR FREIGHT INC | | 8026200 | JEVIC TRANSPORTATION, INC. | $ 6,077.02 |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| TOYOTA FORKLIFTS OF ATLANTA | | 8026240 | JEVIC TRANSPORTATION, INC. | $ 80.51 |
| TRACEY ROAD EQUIPMENT, INC. | 818 | 8026250 | JEVIC TRANSPORTATION, INC. | $ 613.29 |
| TRAFFIC BUREAU | | 8026260 | JEVIC TRANSPORTATION, INC. | $ 90.00 |
| TRAFFIC WORLD | | 8026270 | JEVIC TRANSPORTATION, INC. | $ 5,000.00 |
| TRAILER TECH | | 8026280 | JEVIC TRANSPORTATION, INC. | $ 1,028.15 |
| TRAILWAY TRANSPORTS INC | | 8026290 | JEVIC TRANSPORTATION, INC. | $ 675.00 |
| TRAMAT | 721 | 8026300 | JEVIC TRANSPORTATION, INC. | $ 2,350.00 |
| TRANSAXLE CORPORATION | 503 | 8026340 | JEVIC TRANSPORTATION, INC. | $ 6,106.24 |
| TRANS-AXLE INC | 548 | 8026330 | JEVIC TRANSPORTATION, INC. | $ 1,767.03 |
| TRANSCORE #3801 | 727 | 8026360 | JEVIC TRANSPORTATION, INC. | $ 111.78 |
| TRANSETTLEMENTS INC | | 8026380 | JEVIC TRANSPORTATION, INC. | $ 457.71 |
| TRANSITE TECHNOLOGY, INC. | | 8026400 | JEVIC TRANSPORTATION, INC. | $ 47.00 |
| TRANSPORT REFRIGERATION INC | 656 | 8026430 | JEVIC TRANSPORTATION, INC. | $ 649.96 |
| TRANSPORT SPECIALIST INC | | 8026440 | JEVIC TRANSPORTATION, INC. | $ 1,904.26 |
| TRANSPORTATION SUPPORT GRP,INC | | 8026460 | JEVIC TRANSPORTATION, INC. | $ 5,956.86 |
| TRAVELERS | | 8026490 | JEVIC TRANSPORTATION, INC. | $ 1,628.18 |
| TREASURER - STATE OF NEW JERSE | | 8026500 | JEVIC TRANSPORTATION, INC. | $ 292.00 |
| TRUCK CENTERS INC | 932 | 8026590 | JEVIC TRANSPORTATION, INC. | $ 425.00 |
| TRUCK CITY OF GARY | | 8026600 | JEVIC TRANSPORTATION, INC. | $ 28,252.96 |
| TRUCKERS EDGE | 543 | | NO DEBTOR ASSERTED BY CREDITOR | $ 111.78 |
| TTI ENVIRONMENTAL INC | | 8026630 | JEVIC TRANSPORTATION, INC. | $ 3,904.34 |
| TTS SERVICES INC | | 8026640 | JEVIC TRANSPORTATION, INC. | $ 679.86 |
| TUMINO'S TOWING | 488 | 8026650 | JEVIC TRANSPORTATION, INC. | $ 10,814.89 |
| TURNER TRANSPORTATION GROUP INC | 472 | 8026660 | JEVIC HOLDING CORP. | $ 1,145.00 |
| TYLER DISTRIBUTION CENTERS INC | | 8026740 | JEVIC TRANSPORTATION, INC. | $ 680.00 |
| U S SECURITY ASSOC | 494 | 8026820 | JEVIC TRANSPORTATION, INC. | $ 85,523.32 |
| UNIFIRST CORPORATION | 960 | 8026840 | JEVIC TRANSPORTATION, INC. | $ 55,482.97 |
| UNIFORM INTERMODAL INTERCHANGE | | 8026850 | JEVIC TRANSPORTATION, INC. | $ 275.00 |
| UNION COUNTY SEATING & SUPPLY | | 8026890 | JEVIC TRANSPORTATION, INC. | $ 1,008.48 |
| UNITED HEALTHCARE INSURANCE CO | | 8027020 | JEVIC TRANSPORTATION, INC. | $ 27,978.02 |
| UNITED PARCEL SERVICE | | 8027040 | JEVIC TRANSPORTATION, INC. | $ 403.47 |
| UNITED PUMP AND CONTROLS INC | | 8027060 | JEVIC TRANSPORTATION, INC. | $ 459.30 |
| UNITED REFRIGERATION INC | | 8027070 | JEVIC TRANSPORTATION, INC. | $ 82.14 |
| UNITED WORLD LOGISTICS | | 8027100 | JEVIC TRANSPORTATION, INC. | $ 385.55 |
| UNIVERSAL GLASS & STOREFRONT8 | | 027180 | JEVIC TRANSPORTATION, INC. | $ 925.00 |
| UNIVERSAL OIL INC | 720 | 8027200 | JEVIC TRANSPORTATION, INC. | $ 1,286.88 |
| UNIVERSITY OF CONNECTICUT | | 8027230 | JEVIC TRANSPORTATION, INC. | $ 600.00 |
| UNLIMITED CARRIER INC | 592 | 8027240 | JEVIC TRANSPORTATION, INC. | $ 1,000.00 |
| US EVALUATIONS INC | | 8027270 | JEVIC TRANSPORTATION, INC. | $ 600.00 |
| US HEALTHWORKS MEDICAL GRP OH | 970 | 8027280 | JEVIC TRANSPORTATION, INC. | $ 68.00 |
| US REGIONAL II OF NJ | | 8027320 | JEVIC TRANSPORTATION, INC. | $ 10,758.00 |
| US SPECIAL DELIVERY, INC. | 19 | | NO DEBTOR ASSERTED BY CREDITOR | $ 52,053.21 |
| US TRAILER PARTS & SUPPLY INC | | 8027330 | JEVIC TRANSPORTATION, INC. | $ 3,487.11 |
| USA TRUCK, INC | 199 | 8027360 | JEVIC TRANSPORTATION, INC. | $ 44,015.00 |
| USIS COMMERCIAL SERVICES, INC | | 8027380 | JEVIC TRANSPORTATION, INC. | $ 5,346.56 |
| VALSPAR CORP | | 8027430 | JEVIC TRANSPORTATION, INC. | $ 232.54 |
| VALUATION RESEARCH CORPORATION | | 8027460 | JEVIC TRANSPORTATION, INC. | $ 25,775.00 |
| VANGUARD TRUCK CTR OF ALTANTA | 653 | 8027470 | JEVIC TRANSPORTATION, INC. | $ 2,765.93 |
| VEEPAK, INC. | | 8027510 | JEVIC TRANSPORTATION, INC. | $ 1,750.00 |
| VEHICARE LLC | | 8027520 | JEVIC TRANSPORTATION, INC. | $ 550.73 |
| VERIZON | | 8027570 | JEVIC TRANSPORTATION, INC. | $ 6,008.05 |
| VERIZON | | 8027560 | JEVIC TRANSPORTATION, INC. | $ 1,269.72 |

Exhibit [_____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| VERIZON | | 8027580 | JEVIC TRANSPORTATION, INC. | $ 32.21 |
| VERIZON WIRELESS | | 8027600 | JEVIC TRANSPORTATION, INC. | $ 3,715.42 |
| VERIZON WIRELESS - LA | | 8027610 | JEVIC TRANSPORTATION, INC. | $ 570.83 |
| VERIZON WIRELESS NORTHEAST | 259 | 8027590 | JEVIC HOLDING CORP. | $ 14,287.80 |
| VETERANS RADIATOR CO INC | | 8027650 | JEVIC TRANSPORTATION, INC. | $ 198.00 |
| VFS LEASING CO. | 197 | 8027740 | JEVIC TRANSPORTATION, INC. | $ 252,270.44 |
| VFS LEASING CO. | 196 | | JEVIC TRANSPORTATION, INC. | $ 237,519.05 |
| VFS LEASING CO. | 195 | | JEVIC TRANSPORTATION, INC. | $ 213,170.07 |
| VFS LEASING CO. | 127 | | JEVIC TRANSPORTATION, INC. | $ 71,859.81 |
| W R GRACE & CO | | 8027860 | JEVIC TRANSPORTATION, INC. | $ 790.80 |
| W R GRACE & CO. | | 8027870 | JEVIC TRANSPORTATION, INC. | $ 150.11 |
| W.B. HILL, INC. | | 8027900 | JEVIC TRANSPORTATION, INC. | $ 355.88 |
| W.W. GRAINGER INC | 120 | | Multiple Debtors | $ 8,790.07 |
| WABASH NATIONAL TRAILER CTRS | 643 | 8027910 | JEVIC TRANSPORTATION, INC. | $ 517.13 |
| WACKER CHEMICAL CORPORATION | | 8027940 | JEVIC TRANSPORTATION, INC. | $ 335.10 |
| WARREN C SAUERS CO INC | 531 | 8027970 | JEVIC TRANSPORTATION, INC. | $ 750.00 |
| WATCHTOWER BIBLE & TRACT SOCIE | | 8027980 | JEVIC TRANSPORTATION, INC. | $ 402.12 |
| WEBSTER FABRIC | | 8028030 | JEVIC TRANSPORTATION, INC. | $ 679.79 |
| WEL COMPANIES INC | 650 | 8028060 | JEVIC TRANSPORTATION, INC. | $ 1,150.00 |
| WELDSTAR COMPANY | | 8028070 | JEVIC TRANSPORTATION, INC. | $ 1,673.38 |
| WELLER AUTO & TRUCK | 552 | 8028080 | JEVIC TRANSPORTATION, INC. | $ 525.00 |
| WH FITZGERALD INC | 665 | 8028130 | JEVIC TRANSPORTATION, INC. | $ 600.00 |
| WHITEFORD KENWORTH | | 8028180 | JEVIC TRANSPORTATION, INC. | $ 7,386.87 |
| WHITELEY TRUCKING LLC | | 8028200 | JEVIC TRANSPORTATION, INC. | $ 112.60 |
| WHITLEY TRUCKING LLC | | 8028220 | JEVIC TRANSPORTATION, INC. | $ 112.60 |
| WIKOFF COLOR CORP | | 8028260 | JEVIC TRANSPORTATION, INC. | $ 943.89 |
| WILLIAMS SCOTSMAN, INC. | 204 | 8028390 | JEVIC TRANSPORTATION, INC. | $ 1,043.35 |
| WILLIAMS, W W | 870 | 8027890 | JEVIC TRANSPORTATION, INC. | $ 5,222.02 |
| WILSON & TUCKER AUTO GLASS INC | 717 | 8028430 | JEVIC TRANSPORTATION, INC. | $ 2,066.14 |
| WINDSTREAM CONCORD TELEPHONE, | | 8028480 | JEVIC TRANSPORTATION, INC. | $ 4,007.43 |
| WINGFOOT COMMERCIAL TIRE | | 8028500 | JEVIC TRANSPORTATION, INC. | $ 1,098.79 |
| WINNEBAGO INDUSTRIES, INC. | 206 | 8028520 | JEVIC TRANSPORTATION, INC. | $ 1,636.48 |
| WISDOM ADHESIVES | | 8028530 | JEVIC TRANSPORTATION, INC. | $ 947.51 |
| WORCESTER SCALE CO INC | | 8028570 | JEVIC TRANSPORTATION, INC. | $ 2,175.00 |
| WORTHINGTON FIRE PROTECTION | | 8028590 | JEVIC TRANSPORTATION, INC. | $ 3,048.82 |
| WRE OWNERSHIP SERVICES LLC | | 8028600 | JEVIC TRANSPORTATION, INC. | $ 5,570.98 |
| WYRE WYND | | 8028630 | JEVIC TRANSPORTATION, INC. | $ 1,131.34 |
| XPEDX | | 8028660 | JEVIC TRANSPORTATION, INC. | $ 724.00 |
| XROADS SOLUTIONS GROUP LLC | 1128 | 8028720 | JEVIC TRANSPORTATION, INC. | $ 178,020.00 |
| XTIVIA INC. | | 8028740 | JEVIC TRANSPORTATION, INC. | $ 4,680.00 |
| YARD TRUCK SPECIALISTS | | 8028770 | JEVIC TRANSPORTATION, INC. | $ 111.95 |
| YULES & YULES, LLC | 37 | | JEVIC TRANSPORTATION, INC. | $ 10,655.11 |
| ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, | 451 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,872.38 |
| ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, | 452 | | NO DEBTOR ASSERTED BY CREDITOR | $ 578.90 |
| ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, | 1156 | 08-11006 | JEVIC HOLDING CORP. | $ 1,215.24 |
| ZEE MEDICAL, INC. (MCKESSON CORP) | 65 | 8028790 | JEVIC HOLDING CORP. | $ 4,958.18 |
| ZEP MANUFACTURING COMPANY | | 8028820 | JEVIC TRANSPORTATION, INC. | $ 1,910.04 |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL | 66 | | JEVIC TRANSPORTATION, INC. | $ - |

**Total Allowed Claims** $ 21,075,726.66

Exhibit [_____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| **Claims Subject to Objection:** | | | | |
| ABEST SCALE REPAIR & SERVICE | 730 | 8000420 | JEVIC TRANSPORTATION, INC. | $ 1,986.59 |
| B2 PROMOTIONS, INC. | 804 | 8002680 | JEVIC TRANSPORTATION, INC. | $ 1,574.76 |
| BARNETT BATES CORPORATION | 760 | | JEVIC TRANSPORTATION, INC. | $ 38,505.20 |
| BERRIOS, ILBA | 920 | | JEVIC HOLDING CORP. | $ - |
| BERRIOS, ILBA | 457 | | JEVIC HOLDING CORP. | $ 125,000.00 |
| BERRIOS, ILBA | 674 | | JEVIC TRANSPORTATION, INC. | $ 125,000.00 |
| BERRIOS, NAYSHA | 252 | | JEVIC HOLDING CORP. | $ - |
| BERRIOS, NAYSHA ADMINISTRATRIX OF THE | 246 | | JEVIC HOLDING CORP. | $ - |
| CARRY ON TRUCKING INC | 671 | 8004620 | JEVIC TRANSPORTATION, INC. | $ 750.00 |
| CHARLES, STEVE | 708 | | NO DEBTOR ASSERTED BY CREDITOR | $ 3,127.01 |
| CICUTO, SCOTT | 849 | | NO DEBTOR ASSERTED BY CREDITOR | $ 1,781.69 |
| COMMONWEALTH OF MASSACHUSETTS | 477 | | JEVIC TRANSPORTATION, INC. | $ 66.48 |
| CONCENTRA MEDICAL CENTERS | 111 | | JEVIC HOLDING CORP. | $ 581.88 |
| CORBIN, DUANE | 1060 | | JEVIC HOLDING CORP. | $ 4,321.60 |
| COX, DAVID | 991 | | JEVIC HOLDING CORP. | $ 9,008.22 |
| DANIELS, NORRISSELL | 877 | | NO DEBTOR ASSERTED BY CREDITOR | $ 2,686.00 |
| DAVIS, RICHARD A | 1037 | | JEVIC HOLDING CORP. | $ 3,822.88 |
| DELOATCH, RUPERT | 1025 | 8022310 | JEVIC TRANSPORTATION, INC. | $ 25,000.00 |
| DUPONT SOURCING LOSS & DAMAGE | 943 | | JEVIC TRANSPORTATION, INC. | $ 35,695.00 |
| ENTWISTLE, JOHN H | 868 | | NO DEBTOR ASSERTED BY CREDITOR | $ 4,266.00 |
| ESKO, RYAN | 1072 | | CREEK ROAD PROPERTIES, LLC | $ - |
| ESKO, RYAN | 1075 | | JEVIC TRANSPORTATION, INC. | $ - |
| FIRST STUDENT, INC. | 921 | | JEVIC HOLDING CORP. | $ - |
| GILLEN, MICHAEL | 1065 | | CREEK ROAD PROPERTIES, LLC | $ - |
| GILLEN, MICHAEL | 1066 | | JEVIC HOLDING CORP. | $ - |
| GILLEN, MICHAEL | 1080 | | JEVIC TRANSPORTATION, INC. | $ - |
| GUERRERO, ROY | 436 | | JEVIC TRANSPORTATION, INC. | $ - |
| HARTLEY, MICHAEL J | 815 | | JEVIC TRANSPORTATION, INC. | $ 3,134.00 |
| HIMES, LOYD S | 1055 | | JEVIC HOLDING CORP. | $ 4,803.02 |
| HINSON, JERALD L | 682 | | JEVIC HOLDING CORP. | $ 10,950.00 |
| HOUGHTELING, LAURA | 427 | | CREEK ROAD PROPERTIES, LLC | $ 225,000.00 |
| HOUGHTELING, LAURA | 428 | | JEVIC HOLDING CORP. | $ 225,000.00 |
| HOUGHTELING, LAURA | 426 | | JEVIC TRANSPORTATION, INC. | $ 225,000.00 |
| HOWARD JOHNSON NORTH | 632 | 8012580 | JEVIC TRANSPORTATION, INC. | $ 788.80 |
| HUTCHINSON, EUGENE G | 1061 | | JEVIC HOLDING CORP. | $ 3,279.47 |
| INGRAM, ARTHUR C | 894 | | NO DEBTOR ASSERTED BY CREDITOR | $ 3,517.80 |
| INTERBORO PACKAGING CORP. | 145 | | JEVIC HOLDING CORP. | $ 25,000.00 |
| JACKSON, BENNIE | 166 | | JEVIC HOLDING CORP. | $ 25,000.00 |
| JAMES FRALEY TRUCKING | 780 | | JEVIC HOLDING CORP. | $ 250,000.00 |
| KIDWELL, BRAD R | 1039 | | NO DEBTOR ASSERTED BY CREDITOR | $ 5,810.00 |
| KINGS KLEANING | 716 | 8015000 | JEVIC TRANSPORTATION, INC. | $ 3,598.00 |
| LENNOX M. OLDACRE & GRANGE MUTUAL | 481 | | JEVIC HOLDING CORP. | $ 46,753.79 |
| LENNOX M. OLDACRE AND GRANGE MUTUAL | 212 | | JEVIC HOLDING CORP. | $ 20,253.79 |
| LETT, FRANK B. SR | 962 | | JEVIC HOLDING CORP. | $ 11,867.00 |
| LITWICKI, DWAINE | 942 | | JEVIC TRANSPORTATION, INC. | $ 1,080,275.00 |
| LOUISIANA DEPARTMENT OF REVENUE | 464 | | JEVIC HOLDING CORP. | $ 10.70 |
| LOWERY, JOHN C | 749 | | NO DEBTOR ASSERTED BY CREDITOR | $ 9,880.00 |
| MAROZZI, DEBORAH | 416 | | JEVIC TRANSPORTATION, INC. | $ - |
| MARTI, WAYNE M | 814 | | NO DEBTOR ASSERTED BY CREDITOR | $ 2,091.92 |
| MCCONVERY, MICHAEL | 1082 | | CREEK ROAD PROPERTIES, LLC | $ - |

Exhibit [____]
Jevic Holding Corp., et al.
Unsecured Claims 6/27/12

| Claimant Name | Claim # | Schedule # | Debtor | Unsecured Amt |
|---|---|---|---|---|
| MCCONVERY, MICHAEL | 1084 | | JEVIC HOLDING CORP. | $    - |
| MCCONVERY, MICHAEL | 1081 | | JEVIC TRANSPORTATION, INC. | $    - |
| MCELWEE, F. DIXON. JR | 1090 | | JEVIC HOLDING CORP. | $    - |
| MCELWEE, F. DIXON. JR | 1091 | | CREEK ROAD PROPERTIES, LLC | $    - |
| MCELWEE, F. DIXON. JR | 1092 | | JEVIC TRANSPORTATION, INC. | $    - |
| MEDICAL SERVICES COMPANY | 799 | | NO DEBTOR ASSERTED BY CREDITOR | $    14,119.50 |
| MEISEL, STACEY L. AS CHAPTER 7 TRUSTEE | 128 | | JEVIC TRANSPORTATION, INC. | $    22,253.21 |
| MOXLEY, MICHAEL J. | 473 | | JEVIC TRANSPORTATION, INC. | $    - |
| MURRAY, STEVEN W | 726 | | JEVIC HOLDING CORP. | $    6,132.66 |
| NEIMARK, JASON | 1073 | | JEVIC HOLDING CORP. | $    - |
| NEIMARK, JASON | 1070 | | JEVIC TRANSPORTATION, INC. | $    - |
| NEIMARK, JASON | 1071 | | CREEK ROAD PROPERTIES, LLC | $    - |
| OHIO DEPARTMENT OF TAXATION | 455 | | JEVIC TRANSPORTATION, INC. | $    7,886.55 |
| PARODA, DANIEL J | 537 | | JEVIC HOLDING CORP. | $    2,706.00 |
| PARODA, DANIEL J. | 431 | | JEVIC HOLDING CORP. | $    2,261.36 |
| POMA HOLDING COMPANY, INC | 73 | | JEVIC TRANSPORTATION, INC. | $    30,100.61 |
| QUENCH USA DOLPHIN CAPITAL CORP | 56 | | JEVIC TRANSPORTATION, INC. | $    1,726.40 |
| QUENCH USA DOLPHIN CAPITAL CORP | 55 | 8020930 | JEVIC TRANSPORTATION, INC. | $    14,282.14 |
| REITZ, GEORGE J | 933 | | NO DEBTOR ASSERTED BY CREDITOR | $    4,386.06 |
| SCHRADER, JOHN | 433 | | JEVIC HOLDING CORP. | $    1,453.20 |
| SOLTYS, ADAM | 660 | | NO DEBTOR ASSERTED BY CREDITOR | $    1,893.47 |
| STAHLECKER, CHARLES E | 816 | | JEVIC TRANSPORTATION, INC. | $    2,526.00 |
| STATE OF CALIFORNIA | 482 | | JEVIC HOLDING CORP. | $    203.07 |
| STATE OF NEW JERSEY | 437 | | JEVIC HOLDING CORP. | $    131,272.00 |
| SUN CAPITAL PARTNERS MANANGEMENT IV, LLC | 1087 | | JEVIC TRANSPORTATION, INC. | $    - |
| SUN CAPITAL PARTNERS, INC. | 1086 | | JEVIC HOLDING CORP. | $    - |
| SUN CAPITAL PARTNERS, INC. | 1088 | | CREEK ROAD PROPERTIES, LLC | $    - |
| SUN CAPITAL PARTNERS, INC. | 1089 | | JEVIC TRANSPORTATION, INC. | $    - |
| SUPERIOR EXPRESS, INC | 28 | | JEVIC TRANSPORTATION, INC. | $    10,276.86 |
| SURFACE PROTECTION INDUSTRIES | 143 | | JEVIC TRANSPORTATION, INC. | $    35,278.13 |
| SWIFT TRANSPORTATION CO., INC. | 1064 | 25070, 80250 | JEVIC HOLDING CORP. | $    16,750.00 |
| TALARICO, GARY | 1076 | | JEVIC TRANSPORTATION, INC. | $    - |
| TALARICO, GARY | 1077 | | JEVIC HOLDING CORP. | $    - |
| TALARICO, GARY | 1079 | | CREEK ROAD PROPERTIES, LLC | $    - |
| TOOL WORLD DISTRIBUTORS | 623 | 8026120 | JEVIC TRANSPORTATION, INC. | $    2,004.12 |
| TRANSEND FREIGHT | 261 | 8026370 | JEVIC HOLDING CORP. | $    10,285.00 |
| TURLEY, MICHAEL L. | 795 | | NO DEBTOR ASSERTED BY CREDITOR | $    369,415.25 |
| VELARDE, NOEMY | 221 | | JEVIC TRANSPORTATION, INC. | $    - |
| VILLALOBOS, ELVINA | 910 | | Multiple Debtors | $    31,293.00 |
| VILLENEUVE, JOSEPH J | 880 | | NO DEBTOR ASSERTED BY CREDITOR | $    4,256.00 |
| VILLENEUVE, PHYLLIS M | 882 | | NO DEBTOR ASSERTED BY CREDITOR | $    2,964.00 |
| VILLENEUVE, THOMAS G | 878 | | NO DEBTOR ASSERTED BY CREDITOR | $    5,800.00 |
| W E H SUPPLY INC. | 640 | 8027800 | JEVIC TRANSPORTATION, INC. | $    - |
| WOLFE, AARON | 1078 | | JEVIC HOLDING CORP. | $    - |
| WOLFE, AARON | 1083 | | CREEK ROAD PROPERTIES, LLC | $    - |
| WOLFE, AARON | 1069 | | JEVIC TRANSPORTATION, INC. | $    - |
| WORLEY, KEVIN C | 794 | | NO DEBTOR ASSERTED BY CREDITOR | $    6,802.00 |
| ZARWIN BAUM DEVITO KAPLAN SCHAER & | 26 | | JEVIC TRANSPORTATION, INC. | $    12,389.52 |

Total Claims Subject to Objection                                       $  3,314,882.71

Total All Unsecured Claims                                              $ 24,390,609.37

# EXHIBIT 2
**Stipulation of Dismissal**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| JEVIC HOLDING CORP., et al., | Case No. 08-11006 (BLS) |
| Debtors. | Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the bankruptcy estates of JEVIC HOLDING CORP., et al., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 08-51903 (BLS) |
| THE CIT GROUP/BUSINESS CREDIT, INC., in its capacity as Agent, and SUN CAPITAL PARTNERS IV, LP, SUN CAPITAL PARTNERS MANAGEMENT IV, LLC, and SUN CAPITAL PARTNERS, INC., | |
| Defendants. | |

### STIPULATION OF VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING WITH PREJUDICE

IT IS HEREBY stipulated and agreed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, which is incorporated by reference into Rule 7041 of the Federal Rules of Bankruptcy Procedure, by the above-captioned Plaintiff and above-captioned Defendants, by and through their respective counsel, that the above-captioned adversary proceeding, in which answers have been filed, be dismissed with prejudice. This matter has been settled and this dismissal is with prejudice, and without costs to any party. This adversary proceeding is hereby closed.

*[Signature pages follow.]*

4731369

Dated: June ____, 2012          **PACHULSKI STANG ZIEHL & JONES LLP**

_____

Bruce Grohsgal (Bar No. 3583)
Robert J. Feinstein (NY Bar No. RF-2836)
Beth E. Levine (NY Bar No. BL-6715)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: bgrohsgal@pszjlaw.com
E-mail: rfeinstein@pszjlaw.com
E-mail: blevine@pszjlaw.com

_Counsel to the Official Committee of
Unsecured Creditors_

2

Dated: June ____, 2012                    **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

_____
Robert J. Dehney (DE Bar No. 3578)
Curtis S. Miller (DE Bar No. 4583)
1201 North Market Street, 18th Floor
Wilmington, DE 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
E-mail:  rdehney@mnat.com
E-mail:  cmiller@mnat.com

-and-

James A. Stempel, Esq.
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2440
Facsimile:  (312) 862-2000
E-mail:  jstempel@kirkland.com

-and-

James P. Gillespie, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
E-mail: james.gillespie@kirkland.com

*Counsel for Sun Defendants*

4731369

Dated: June ____, 2012

**MORRIS JAMES LLP**

_____

Stephen M. Miller (DE Bar No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: smiller@morrisjames.com
E-mail: emonzo@morrisjames.com

-and-

Benjamin C. Ackerly, Esq.
Tara L. Elgie, Esq.
HUNTON & WILLIAMS LLP
Riverfront Plaza, Easter Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
E-mail: backerly@hunton.com
E-mail: telgie@hunton.com

Richard P. Norton, Esq.
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, NY10166-0005
Telephone: (212) 309-1000
E-mail: rnorton@hunton.com

*Attorneys for The CIT Group/Business Credit, Inc.*

# EXHIBIT 3
### Release

## FORM OF LENDER GROUP RELEASES

**THIS RELEASE** (the "Release"), is entered into as of this _____ day of ____ 2012, by and among the Estate Releasing Parties[1] and **[LENDER ]** in connection with the settlement of all claims in the Adversary Proceeding No. 08-51903 (BLS) pending in the United States Bankruptcy Court for the District of Delaware (the "Adversary Proceeding").

WHEREAS, the Estate Releasing Parties and **[LENDER]** hereby incorporate by reference the terms of the Settlement Agreement and Release dated June 22, 2012 by and among the Debtors, the Committee, Sun, and The CIT Group/Business Credit, Inc., as Agent for the Lender Group under the loan facilities described in the Adversary Proceeding.

WHEREAS, **[LENDER]**, is a member of the Lender Group; and

WHEREAS, **[LENDER]** has contributed to the Administrative Claim Fund and is a beneficiary of the Settlement Agreement;

NOW THEREFORE, in consideration of the foregoing and the mutual promises and covenants set forth herein, and other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, and subject to any required Bankruptcy Court approval, the Estate Releasing Parties and the **[LENDER]** do hereby agree as follows:

1.    The Estate Releasing Parties hereby grant a full, complete, and unconditional release and forever discharge **[LENDER]** and each of its respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively, the "**[LENDER]** Released Parties"), and each of them, jointly and severally, from any and all claims or counterclaims, causes of action, remedies,

---

[1] Capitalized terms not otherwise defined in this Release shall have the meaning ascribed to them in the Settlement Agreement.

damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings relating in any way to, or arising from any transaction with or connection to, the Debtors or their estates of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, which any of the Estate Releasing Parties may now have, have ever had, or in the future have, as of the Effective Date against any and each of the **[LENDER]** Released Parties, without exception or limitation, including, without limitation, any and all claims asserted in or which could have been asserted in, or which related to the subject matter of the Adversary Proceeding, or which are based on any avoidance or other powers afforded the Estate Releasing Parties under the Bankruptcy Code, except for **[LENDER's]** obligations under this Release.

2.      The Estate Releasing Parties and the **[LENDER]** each shall bear its own costs and expenses in connection with this Release.

3.      **[LENDER]** expressly denies any liability in connection with the claims the Committee has made in the Adversary Proceeding, and this Release and the performance provided **[LENDER]** under this Release is not and shall not be construed as an admission by any **[LENDER]** of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights.  The **[LENDER]** and the Estate Releasing Parties have entered into this Release solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

4.      The Estate Releasing Parties and the **[LENDER]** expressly represent and warrant that this Release is given in good faith and acknowledge that execution of this Release is not the product or result of any duress, economic or otherwise.

5.      The Estate Releasing Parties and the **[LENDER]** represent and warrant that they have read and understand the terms of this Release.

6.      The Estate Releasing Parties and the **[LENDER]** each represent and warrant that they have not assigned or otherwise transferred all or any part of their claims, demands, costs, expenses, liabilities, damages, actions or causes of action against the other party covered by the releases set forth in paragraph 1 above.  The Estate Releasing Parties and the **[LENDER]** agree to indemnify the other for any and all costs incurred as a result of any breach of this warranty,

2

including, without limitation, court costs and reasonable attorneys' fees.

7.    The Estate Releasing Parties and the **[LENDER]** represent and warrant that each individual signing the Release on behalf of such party is fully authorized to sign on behalf of said Party and to release the claims set forth above, subject to Bankruptcy Court approval of the Debtor's release herein. Each individual signing on behalf of a party or parties has the power and authority to enter into this Release on behalf of the party or parties on whose behalf he or she has signed.

8.    The Estate Releasing Parties and the **[LENDER]** hereby irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Release and expressly waive any right to commence any such action in any other forum.

9.    This Release shall become binding on the Estate Releasing Parties and the **[LENDER]** upon payment of the Administrative Claim Fund to the Debtor as provided in paragraph 2(a) of the Settlement Agreement without the need for additional documentation or the entry of any additional orders, except as expressly provided in the Settlement Agreement. In the event the Bankruptcy Court does not enter the Settlement Order approving this Settlement Agreement, or if the Settlement Order is reversed by final order on appeal, then this Release shall become null and void.

10.    The Parties shall execute and deliver such further instruments, documents, or papers and perform all acts necessary or proper to carry out and effectuate the terms of this Release.

11.    This Release shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

12.    The Estate Releasing Parties and the **[LENDER]** agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

13.    Any and all notices required or permitted under this Release shall be in writing and shall be personally delivered or mailed by registered or certified mail, return receipt requested or by overnight delivery to the respective parties at the following addresses, unless and until a different address has been designated by written notice to the other parties:

3

Notice to the Debtors

Daniel Dooley, Chief Restructuring Officer

– and –

**Domenic E. Pacitti**
Klehr Harrison Harvey Branzburg LLP
919 Market Street
Suite 1000
Wilmington, DE 19801
302-552-5511
Fax : 302-426-9193
Email: dpacitti@klehr.com

Notice to [LENDER]

Notice to the Committee

**Robert J. Feinstein**
Pachulski, Stang, Ziehl Young & Jones LLP
919 N. market Street, 17th Floor
P O Box 8705
Wilmington DE 19899-8705 (Courier 19801)
Telephone: 302.652.4100
Facsimile: 302.652.4400
Email: bgrohsgal@pszjlaw.com
        rfeinstein@pszjlaw.com
        blevine@pszjlaw.com

*Counsel to the Official Committee of
Unsecured Creditors*

14.     The provisions of this Release and the Settlement Agreement are non-severable.

15.     The Estate Releasing Parties hereby agree to keep strictly confidential and not to disclose the identity of the **[LENDER]** receiving this Release to any person other than the Debtors' or the Committee's professionals or as compelled by process of law.  In the event that any of the Estate Releasing Parties are compelled by law to disclose the existence of this Agreement or the terms hereof, the disclosing party shall promptly notify the **[LENDER]** designated representative identified above prior to disclosing the requested information.

16.     Each party has cooperated in the drafting and preparation of this Release.  Hence, in any construction to be made of this Release, the same shall not be construed against any party.

17.     This Release may be executed in any number of identical counterparts, and each of such counterparts is to be deemed an original, for all purposes, but all counterparts shall collectively constitute one Release.  Signatures by facsimile shall be deemed original signatures for all purposes.

IN WITNESS WHEREOF the Parties have caused this Release to be signed individually, or by their authorized representative, as of the dates above.

Jevic Holding Corp.

_____

By: Daniel Dooley, Chief Restructuring Officer

Jevic Transportation, Inc.

_____

By: Daniel Dooley, Chief Restructuring Officer

Creek Road Properties, LLC

_____

By: Daniel Dooley, Chief Restructuring Officer

The Official Committee of Unsecured Creditors

_____

By:

*[LENDER]*

_____

By:

5

# EXHIBIT 4
**Certification**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JEVIC HOLDING CORP., *et al.*, | Case No. 08-11006 (BLS) |
| Debtors. | (Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the bankruptcy estates of JEVIC HOLDING CORP., *et al.*, | |
| Plaintiff, | |
| -against- | Adv. Pro. No. 08-51903 (BLS) |
| The CIT GROUP/BUSINESS CREDIT, INC., in its capacity as Agent, and SUN CAPITAL PARTNERS IV, LP, SUN CAPITAL PARTNERS MANAGEMENT IV, LLC, and SUN CAPITAL PARTNERS, INC. | |
| Defendants. | |

**CERTIFICATION OF COUNSEL REGARDING SATISFACTION OF CONDITIONS IN ORDER APPROVING JOINT MOTION OF THE DEBTORS, CIT, SUN CAPITAL AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 105(a), 349 AND 1112(b) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER: (I) APPROVING SETTLEMENT AGREEMENT AND RELEASING CLAIMS; (II) DISMISSING THE DEBTORS' CASES UPON IMPLEMENTATION OF SETTLEMENT; AND (III) GRANTING RELATED RELIEF**

The undersigned hereby certifies that, on June ___ , 2012, the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), The Official Committee of Unsecured Creditors (the "Committee"), Sun Capital Partners IV, LP, Sun Partners Management IV, LLC and Sun Capital Partners, Inc. (collectively, "Sun"); and The CIT Group/Business Credit, Inc. as agent ("CIT") for the lenders (the "Lender Group") under the loan facilities described in the complaint filed in the above-captioned Adversary Proceeding (all hereinafter referred to as a

"Party" or collectively, the "Parties"), filed the Joint Motion of The Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief [Docket No. __] (the "Joint Motion").

The undersigned further certifies that on July __, 2012 the Court entered an order granting the Joint Motion [Docket No. __] (the "Settlement and Dismissal Order").

The undersigned further certifies all conditions to the Settlement and Dismissal Order have been satisfied, specifically: (a) that all quarterly fees of the U.S. Trustee have been paid in full; (b) that all Allowed Administrative Expense Claims[1] have been paid in full; (c) a schedule of all allowed 503(b)(9) Claims and allowed Admin Taxes that have been paid is attached hereto as Exhibit A; (d) a schedule of all Allowed GUC Claims is attached hereto as Exhibit B; and (e) that all remaining funds in the estates, which are subject to Sun's lien, have been transferred to the Trust to make pro rata distributions to holders of Allowed GUC Claims after dismissal of the Chapter 11 Cases, all as contemplated by the Settlement Agreement and the Settlement and Dismissal Order.

Dated: _____, 2012
Wilmington, Delaware

Respectfully Submitted,

KLEHR HARRISON HARVEYBRANZBURG LLP

By:    /s/ Domenic E. Pacitti
        Domenic E. Pacitti, Esq. (DE Bar No.3989)
        Michael W. Yurkewicz, Esq. (DE Bar No. 4165)
        919 Market Street, Suite 1000
        Wilmington, DE 19801
        Telephone: (302) 426-1189
        Facsimile: (302) 426-9193

        *Counsel for the Debtors and Debtors-in-Possession*

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Joint Motion.

**Exhibit A**

**Schedule of Paid Allowed 503(b)(9) Claims and Allowed Admin Taxes**

**Exhibit B**

**Schedule of Allowed GUC Claims**