IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JEVIC HOLDINGS CORP., *et al.*, | ) | Case No. 08-11006 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS, on behalf of the bankruptcy estates of | ) | |
| JEVIC HOLDING CORP., *et al.,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | Adv. Pro. No. 08-51903 (BLS) |
| CIT GROUP/BUSINESS CREDIT, INC., | ) | |
| in its capacity as Agent, and SUN CAPITAL | ) | |
| PARTNERS IV, LP, SUN CAPITAL PARTNERS | ) | |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) | |
| PARTNERS, INC., | ) | |
| | ) | **Related to D.I. 1346 in Case No. 08-11006** |
| Defendants. | ) | **and D.I 67 in Adv. Pro. No. 08-51903** |
| | ) | |

**SUPPLEMENT TO THE JOINT MOTION OF THE DEBTORS,
CIT, SUN CAPITAL AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a), 349 AND 1112(b) AND
FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER:  (I) APPROVING
SETTLEMENT AGREEMENT AND RELEASING CLAIMS; (II) DISMISSING
THE DEBTORS' CASES UPON IMPLEMENTATION OF SETTLEMENT;
AND (III) GRANTING RELATED RELIEF**

Jevic Holding Corp. ("JHC"), Jevic Transportation Inc. ("Jevic") and Creek Road

Properties LLC ("Creek Road") (collectively the "Debtors"), The Official Committee of

Unsecured Creditors (the "Committee"), Sun Capital Partners IV, LP, Sun Partners

Management IV, LLC and Sun Capital Partners, Inc. (collectively, "Sun"); and The CIT

Group/Business Credit, Inc. as agent ("CIT") for the lenders (the "Lender Group") under

the loan facilities described in the complaint filed in the above-captioned Adversary

Proceeding (all hereinafter referred to in this Supplement to Joint Motion as a "Party" or collectively, the "Parties"), by and through their respective undersigned counsel, hereby file this *Supplement to the Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief* (the "Supplement") seeking entry of an order, as modified herein from the order previously submitted with the Joint Motion (the "Settlement and Dismissal Order") (i) approving the Settlement Agreement[1] entered into between and among the Parties, (ii) dismissing the Debtors' Chapter 11 Cases upon implementation of the Settlement Agreement; and (iii) granting related relief. In further support of the Joint Motion (which is fully incorporated herein by reference), the Parties respectfully state the following:

## THE SETTLEMENT AGREEMENT & JOINT MOTION

1.      The Joint Motion was filed in order to resolve the Adversary Proceeding and bring these Chapter 11 Cases to an orderly conclusion. Pursuant to the Joint Motion, the Parties have agreed, subject to the Court's approval, to the terms and conditions of the Settlement Agreement which resolves all claims that the Parties may have against each other, and provides for (a) the exchange of releases, (b) the payment of $2,000,000 by CIT to the Debtors, which shall be used to satisfy unpaid chapter 11 allowed

---

[1] Initially capitalized terms used herein and not otherwise defined herein shall have the same meaning as set forth in the *Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief* [Bankruptcy Case Docket No. 1346; Adv. Pro. Docket No. 67] (the "Joint Motion").

PHIL1 2429014v.7

administrative claims, (c) the dismissal with prejudice of the Adversary Proceeding, (d) the reconciliation of administrative, general unsecured and certain priority claims during the sixty (60) day period following the "Effective Date" as that term is defined in the Settlement Agreement, (e) payment of the allowed administrative claims by the Debtors; (f) the assignment by Sun as a collateral carve out of its allowed secured claim and superpriority liens on the estates' remaining assets to a liquidating trust established by the Debtors as grantor, pursuant to the Settlement Agreement, and as provided in this Supplement, first, to pay agreed upon amounts to certain priority creditors, and second, to pay the balance on a pro rata basis to the Debtors' general unsecured creditors (the "Trust"), and (g) thereafter, the dismissal of the Chapter 11 Cases.

2.     The following objections were filed to the Joint Motion (collectively, the "Objections"): (a) United States Trustee [Docket No. 1389]; (b) Naysha Berrios, Individually and as Executrix of the Estate of Cassandra Berrios [Docket No. 1390]; (c) New York State Department of Taxation and Finance [Docket No. 1392]; (d) State of Ohio [Docket No. 1393]; (e) Cabarrus County Tax Collector [Docket No. 1394]; (e) Class Action WARN Plaintiffs [Docket No. 1396]; and (f) United States, on behalf of the Internal Revenue Service [Docket No. 1397].

3.     The Debtors have reached out to the parties that filed Objections in an effort to resolve same.  All Objections have been resolved except those of the United States Trustee and the WARN Plaintiffs, despite the efforts of the Debtors to resolve same.

## RELIEF REQUESTED

4.     By the Joint Motion and this Supplement, and to implement a resolution of many of the Objections filed with respect to the Joint Motion, the Parties seek entry of

3

the Settlement and Dismissal Order, substantially in the form attached hereto as Exhibit A.

## SUPPLEMENT TO JOINT MOTION

5.       The Joint Motion is hereby supplemented to resolve the objections made by several taxing authorities and to provide for the treatment of certain priority claims filed against the Debtors under sections 507(a) (5) and (8) of the Bankruptcy Code, as more specifically identified in Exhibit B to this Supplement, (collectively, the "Resolved Priority Claims").

**A.       Proposed Procedures for Payment of Resolved Priority Claims**

6.       Presently, there are no unencumbered assets in the Debtors' estates. All the Debtors' assets, including their tangible assets and all avoidance actions (other than the claims asserted in the Adversary Proceeding) have been fully liquidated, and the only asset in the estate is cash in the approximate amount of $1.7 million, which is subject to Sun's liens. Accordingly, there are no available assets to pay outstanding administrative, priority or general unsecured claims at this time. Pursuant to this Supplement, provision will be made for the satisfaction in full of the compromised or otherwise allowed amounts of the Resolved Priority Claims in conjunction with dismissal of the Chapter 11 Cases.

7.       Consistent with the Settlement and Dismissal Order, the Debtors and the Committee propose a streamlined and efficient method of making distributions on account of the Resolved Priority Claims as quickly and easily as possible after dismissal of the Chapter 11 Cases.

8.    The Debtors have engaged in a process to resolve certain of the Resolved Priority Claims asserted against the Debtors and have reached a resolution of the allowed amounts of such Resolved Priority Claims.

9.    Annexed as Exhibit B to this Supplement is a schedule (the "Resolved Priority Claims Schedule") [2] of the claims that represents the compromised or otherwise allowed amount that the Debtors believe should constitute allowed priority claims under sections 507(a) (5) and (8) of the Bankruptcy Code against their estates (collectively, the "Allowed Resolved Priority Claims," and each individually, an "Allowed Resolved Priority Claim") for purposes of distribution under the Settlement Agreement, as supplemented herein.

10.    The amounts set forth on the Resolved Priority Claims Schedule represent the Resolved Priority Claim amount set forth in the proof of claim filed by the creditor, if any, on or before the claims bar date for which an agreed claim amount and distribution percentage has been agreed, excluding duplicative proofs of claim and excluding claims for which an objection has been adjudicated.  Upon dismissal of the Chapter 11 Cases, the Trust will make distributions to holders of Allowed Resolved Priority Claims and then to holders of Allowed GUC Claims on a pro rata basis.

**B.    Certification of Counsel and Request for Dismissal**

11.    After the completion of distributions to the Trust, and payment of Allowed Administrative Expense Claims as described in the Joint Motion as described above, the Debtors request that the Court dismiss these Chapter 11 Cases upon the filing of a

---

[2] The claims and amounts set forth on Exhibit B are subject to modification after any claims objection is resolved or adjudicated.  A final version of Exhibit B will be filed with the Certification referenced in paragraph 22 of the Joint Motion and attached as Exhibit E to the Joint Motion.

certification of counsel substantially in the form of Exhibit E to the Joint Motion (the "Certification") with the Court by the Debtors and the Committee, at which time the Chapter 11 Cases will be dismissed without the need for a further Order of the Court. The Certification will be filed as soon as reasonably practicable following the completion of the satisfaction of all Allowed Administrative Expense Claims as described in the Joint Motion and transfer to the Trust of the remaining assets for the payment of Allowed Resolved Priority Claims and Allowed GUC Claims as described above. Among other things, the Certification will verify (a) that all quarterly fees of the U.S. Trustee have been paid in full; (b) that all Allowed Administrative Expense Claims have been paid in full; (c) that all remaining funds in the estates, which are subject to Sun's lien, have been transferred to the Trust to pay the Allowed Resolved Priority Claims and make pro rata distributions to holders of Allowed GUC Claims after dismissal of the Chapter 11 Cases.

12.     The Debtors intend to serve the Certification on the general service list established in these Chapter 11 Cases, including the U.S. Trustee, but will not send the Certification to the Debtors' entire matrix of creditors and parties-in-interest, as such parties have received reasonable notice of the proposed dismissal through service of the Joint Motion and/or the Notice of the Joint Motion.

13.     Following dismissal of the Chapter 11 Cases, the Debtors request authority to take such actions as are necessary or appropriate to wind up and/or dissolve as corporate entities under applicable state law.

## NOTICE

14.     Notice of and a copy of this Supplement has been given to (a) the United States Trustee, and (b) those parties who have requested special notice pursuant to Bankruptcy Rule 2002. A copy of the Notice of the Supplement has been given to the

6

parties on the Debtors' creditor matrix. The Parties submit that the foregoing notice is sufficient for entry of the Settlement and Dismissal Order on the Joint Motion and Supplement.

## **CONCLUSION**

WHEREFORE, the Parties respectfully pray that the court enter an order substantially in the form of the proposed Settlement and Dismissal Order attached hereto as Exhibit A and (ii) grant the Parties such other and further relief as is just.

Dated:  October 23, 2012                     KLEHR HARRISON HARVEY BRANZBURG LLP
Wilmington, Delaware

_____/s/ Domenic E. Pacitti_____
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone:      (302) 426-1189
Facsimile:      (302) 426-9193

*Counsel to the Debtors and Debtors in Possession*

Dated:  October 23, 2012                     PACHULSKI STANG ZIEHL & JONES LLP
Wilmington, Delaware

_____/s/ Robert J. Feinstein_____
Bruce Grohsgal (Bar No. 3583)
Robert J. Feinstein
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington DE 19899-8705 (Courier 19801)
Telephone:  302.652.4100
Facsimile:  302.652.4400
Email:  bgrohsgal@pszjlaw.com
            rfeinstein@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

Dated:  October 23, 2012
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____/s/ Curtis S. Miller_____
Robert J. Dehney (DE Bar No. 3578)
Curtis S. Miller (DE Bar No. 4583)
1201 North Market Street, 18th Floor
Wilmington, DE 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
cmiller@mnat.com

-and-

James P. Gillespie, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
Email: james.gillespie@kirkland.com

and

James A. Stempel
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL  60654
Telephone:  (312) 862-2440
Facsimile:  (312) 862-2000
Email:  jstempel@kirkland.com

*Counsel to Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc.*

8

Dated:  October 23, 2012
Wilmington, Delaware

MORRIS JAMES LLP

_/s/ Stephen M. Miller_
Stephen M. Miller (DE Bar No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box  2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
Email: emonzo@morrisjames.com


-and-

Benjamin C. Ackerly, Esq.
Tara L. Elgie, Esq.
HUNTON & WILLIAMS LLP
Riverfront Plaza, Easter Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: backerly@hunton.com
Email: telgie@hunton.com

Richard P. Norton, Esq.
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
Telephone:  (212) 309-1000
Email: rnorton@hunton.com

_Attorneys for The CIT Group/Business Credit, Inc._

## Exhibit A

**Settlement and Dismissal Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JEVIC HOLDINGS CORP., *et al.*, | ) | Case No. 08-11006 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS, on behalf of the bankruptcy estates | ) | Adv. Pro. No. 08-51903 (BLS) |
| of JEVIC HOLDING CORP., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| THE CIT GROUP/BUSINESS CREDIT, INC., | ) | |
| in its capacity as Agent, and SUN CAPITAL | ) | |
| PARTNERS IV, LP, SUN CAPITAL PARTNERS | ) | |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) | |
| PARTNERS, INC., | ) | **Related to D.I. 1346 and ____ in Case No.** |
| | ) | **08-11006 and D.I 67 and ___ in Adv. Pro.** |
| | ) | **No. 08-51903** |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION OF THE DEBTORS, CIT,
SUN CAPITAL AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a), 349 AND 1112(b)
AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER:
(I) APPROVING SETTLEMENT AGREEMENT AND RELEASING CLAIMS;
(II) DISMISSING THE DEBTORS' CASES UPON IMPLEMENTATION OF
SETTLEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Joint Motion of the Debtors[1], CIT, Sun Capital and the Official*

*Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed.*

*R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing*

*Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III)*

*Granting Related Relief* [Bankruptcy Case Docket No. 1346; Adv. Pro. Docket No. 67] (the

---

[1]  Defined terms used herein and not otherwise defined herein shall have the meaning ascribed to them in
the Joint Motion and Supplement as applicable.

"Joint Motion") and the *Supplement to the Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief* [Bankruptcy Case Docket No.  ; Adv. Pro. Docket No.    ] (the "Supplement"); the Court having reviewed the Joint Motion, the Supplement, the Settlement Agreement, the exhibits thereto, and any responses or objections thereto; the Court having considered the evidence presented at the hearing on the Joint Motion, the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Joint Motion and Supplement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Joint Motion and Supplement establish just cause for the relief requested in the Joint Motion and Supplement, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and the Court finding that notice of the Joint Motion and Supplement was sufficient and that no other notice need be provided; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The relief requested in the Joint Motion and Supplement is GRANTED.

### Settlement Agreement

2.     The Debtors are authorized to enter into the Settlement Agreement, a copy of which is attached hereto as Exhibit A, and the Settlement Agreement is approved in its entirety.

3.     The Debtors are authorized and instructed to take any and all actions necessary or appropriate to perform their obligations arising under the Settlement Agreement.

4730598

2

4.     Within ten (10) business days after the Effective Date, as defined in paragraph 18 of the Settlement Agreement (the "Effective Date"), the following shall occur simultaneously:

    (a) CIT shall pay to the Debtors $2,000,000 (the "Administrative Claim Fund");

    (b) The Committee, CIT and Sun shall file with the Court a fully executed stipulation of dismissal with prejudice, substantially in the form of Exhibit 2 to the Settlement Agreement;

    (c) The releases set forth in paragraph 2(c) of the Settlement Agreement shall become effective upon payment of the Administrative Claim Fund to the Debtors; and

    (d) The Estate Releasing Parties, as such term is defined in the Settlement Agreement, shall execute and deliver to CIT releases in favor of the other members of the Lender Group, as such term is defined in the Settlement Agreement, in the form attached as Exhibit 3 to the Settlement Agreement and such releases shall be effective upon payment of the Administrative Claim Fund to the Debtors.

5.     Sun has an allowed secured claim secured by a superpriority lien and security interest in the cash and other assets of the Debtors' estates in an amount equal to $2,000,000, plus at least $200,00.00 of accrued and unpaid interest as of May 31, 2012 and at least $250,000 in fees and costs incurred as of May 31, 2012.

6.     The failure specifically to describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement Agreement be approved in its

entirety; provided that to the extent of any conflict between the provisions of this Order and the Settlement Agreement, this Order shall govern.

7.       The Clerk of the Court is authorized to take all necessary and appropriate actions to give effect to the Settlement Agreement.

Dismissal Of Debtors' Chapter 11 Cases

8.       Upon payment of the Administrative Claim Fund to the Debtors, the Debtors shall pay the aggregate sum of $200,000 from the Administrative Claim Fund to the professionals retained by the Committee on account of previously approved and unpaid fees and expenses.

9.       Unless a later date is agreed to by the Debtors, Sun, and the Committee, within sixty (60) days following the Effective Date, the Debtors shall determine (a) in consultation with the Committee and Sun, the identity of the holders and the amount of the Administrative Claims, as such term is defined in the Settlement Agreement (the "Administrative Claims"), and (b) in consultation with the Committee, the identity of the holders and the amount of the Allowed GUC Claims.

10.      Upon reconciliation of the Administrative Claims, the Debtors shall pay in full the Administrative Claims. Upon payment in full of the Administrative Claims as provided in the Settlement Agreement, Sun shall indefeasibly transfer to the Trust, as such term is defined in the Settlement Agreement, as a collateral carve-out from its allowed secured claim and superpriority liens on the assets in the Debtors' estates including the balance of the Administrative Claim Fund after payment in full of the Administrative Claims, a sum equal to all of the remaining funds in the estates (the "Carve-out"). The Trust shall pay from the Carve-Out (i) first, the Allowed Resolved Priority Claims and (ii) thereafter, with the remaining balance of the Carve-Out funds, the holders of the Allowed GUC Claims on a pro rata basis.

4730598

4

11.    Upon payment in full of the allowed Administrative Claims, and after the completion of the transfer of the Carve-out to the Trust, the Debtors and the Committee, by counsel, shall file with this Court a certification substantially in the form of Exhibit 4 attached to the Settlement Agreement that all allowed Administrative Claims have been paid in full and the Carve-out has been transferred to the Trust, and thereupon, the Chapter 11 Cases shall be dismissed without further order of this Court.

12.    Each Party shall bear its own costs and expenses in connection with the Adversary Proceeding and the Settlement Agreement.

### Additional Relief

13.    Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

14.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November _____, 2012
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge

4730598

5

## Exhibit B

**Resolved Priority Claim Schedule**

| CLAIM NUMBER | CLAIM NAME | Filed Priority Amount | Agreed Gross Claim Amount | Resolved Priority Claim Amount |
|---|---|---|---|---|
| 442 | STATE OF NEW JERSEY | $837,322.17 | $165,115.63 | $41,278.93 |
| 442 | STATE OF NEW JERSEY | $133,272.00 | $133,272.00 | Unknown |
| 1135 | OHIO BUREAU OF WORKERS' COMPENSATION | $302,001.09 | $302,001.09 | $75,500.27 |
| 471 | NY STATE DEPT OF TAXATION & FINANCE | $192,625.86 | $0.00 | |
| 1145 | NY STATE DEPT OF TAXATION & FINANCE | $190,161.86 | $19,851.08 | $4,962.77 |
| 455 | OHIO DEPARTMENT OF TAXATION | $85,597.40 | $85,597.40 | $21,399.35 |
| 959 | CABARRUS COUNTY TAX COLLECTOR | $54,492.24 | $24,146.99 | $6,036.75 |
| 1163 | STATE OF MICHIGAN, DEPT OF TREASURY | $104,987.15 | $104,987.15 | Unknown |
| 68 | OHIO DEPARTMENT OF TAXATION | $31,511.12 | $31,511.12 | $7,877.78 |
| 27 | TENNESSEE DEPARTMENT OF REVENUE | $20,234.77 | $0.00 | $0.00 |
| 466 | DEPARTMENT OF THE TREASURY | $17,853.02 | $17,853.02 | $4,463.26 |
| 179 | PENNSYLVANIA DEPARTMENT OF REVENUE | $15,362.00 | $0.00 | $0.00 |
| 739 | STATE OF VIRGINIA DEPARTMENT OF REVENUE | $15,000.00 | $0.00 | $0.00 |
| 154 | ILLINOIS DEPARTMENT OF REVENUE | $5,294.31 | $5,294.31 | $5,294.31 |
| 955 | STATE OF NEW MEXICO | $4,607.64 | $4,607.64 | $4,607.64 |
| 155 | NORTH CAROLINA DEPARTMENT OF REVENUE | $4,597.94 | $4,597.94 | $1,149.49 |
| 521 | CLAYTON COUNTY TAX COMM | $2,617.98 | $2,617.98 | $2,617.98 |
| 482 | STATE OF CALIFORNIA | $1,651.37 | $1,600.00 | $1,600.00 |
| 621 | DELANCO SEWERAGE AUTHORITY, THE | $1,318.47 | $0.00 | $0.00 |
| 80 | R.I. DIVISION OF TAXATION | $1,000.00 | $1,000.00 | $1,000.00 |
| 1049 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | $1,000.00 | $1,000.00 | $1,000.00 |
| 126 | STATE OF MAINE | $825.10 | $802.10 | $802.10 |
| 691 | WISCONSIN DEPARTMENT OF REVENUE | $824.83 | $744.00 | $744.00 |
| 230 | CUYAHOGA COUNTY TREASURER | $784.90 | $784.90 | $784.90 |
| 191 | OREGON DEPARTMENT OF TRANSPORTATION | $480.41 | $480.41 | $480.41 |
| 477 | COMMONWEALTH OF MASSACHUSETTS | $471.71 | $471.71 | $471.71 |
| 244 | MISSISSIPPI STATE TAX COMMISSION | $412.50 | $412.50 | $412.50 |
| 250 | STATE OF CALIFORNIA | $351.12 | $0.00 | $0.00 |
| 223 | ILLINOIS DEPT OF REVENUE, | $327.00 | $327.00 | $327.00 |
| 478 | COMMONWEALTH OF MASSACHUSETTS | $279.09 | $150.00 | $150.00 |
| 260 | ARKANSAS DEPT. OF FINANCE AND ADMIN. | $250.73 | $250.73 | $250.73 |
| 168 | GEORGIA DEPARTMENT OF REVENUE | $229.54 | $0.00 | $0.00 |
| 62 | STATE OF FLORIDA DEPT. OF REVENUE | $171.08 | $0.00 | $0.00 |
| 678 | CLERK OF THE SUPERIOR COURT | $152.00 | $152.00 | $152.00 |
| 464 | LOUISIANA DEPARTMENT OF REVENUE | $14.08 | $14.08 | $14.08 |
| 82 | STATE OF LOUISIANA | $4.83 | $0.00 | $0.00 |
| 633 | OHIO DEPT OF JOB & FAMILY SERVICES | $4.28 | $4.28 | $4.28 |
| 188 | U.S. DEPARTMENT OF LABOR - ERISA | $0.00 | $0.00 | $0.00 |
| 996 | CRAWFORD & COMPANY | $0.00 | $0.00 | $0.00 |
| 893 | BUTLER COUNTY TREASURER | $0.00 | $268.07 | $268.07 |
| | | | | |
| 1133 | HESS CORPORATION | $170,000.00 | $0.00 | $0.00 |
| 1033 | METROPOLITAN LIFE INSURANCE COMPANY | $23,284.09 | $23,284.09 | $5,821.02 |
| 1134 | METROPOLITAN LIFE INSURANCE COMPANY | $5,000.00 | $5,000.00 | $1,250.00 |
| 558 | PUSATERE, ROSS | $4,834.80 | $0.00 | $0.00 |
| 176 | DIVINE ENTERPRISES | $3,850.00 | $0.00 | $0.00 |
| 1146 | PITNEY BOWES GLOBAL FINANCIAL SERVICES | $3,393.25 | $3,393.25 | $0.00 |
| 224 | BROADVIEW NETWORKS | $2,008.05 | $2,008.05 | $0.00 |
| 218 | FARKAS, JACK | $820.92 | $0.00 | $0.00 |
| 828 | SLADE, GARY R | $393.38 | $0.00 | $0.00 |
| 243 | DAYS INN CLEVELAND AIRPORT | $388.08 | $0.00 | $0.00 |
| 254 | NEW PIG CORP. | $220.00 | $0.00 | $0.00 |
| | | $2,028,102.59 | $909,915.13 | $190,721.39 |