IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Jevic Holding Corp., et al.,[1] | Case No. 08-11006 (BLS) |
| Debtors. | Re: D.I. 1885 |

**LIMITED OBJECTION OF SUN CAPITAL TO MOTION OF CHAPTER 7 TRUSTEE, GEORGE L. MILLER, FOR AN ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019**

Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc. (collectively "Sun Capital") hereby objects (this "Limited Objection") to *Motion of Chapter 7 Trustee, George L. Miller, for an Order Approving Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* (D.I. 1885)[2] (the "Motion"). In support of this Limited Objection, Sun Capital respectfully states as follows:

**BACKGROUND**

1. On December 31, 2008, the Official Committee of Unsecured Creditors (the "Committee") commenced an adversary proceeding (the "Adversary Proceeding") against CIT Group/Business Credit, Inc. ("CIT"), which was later amended to include Sun Capital.

2. On October 7, 2011, the Committee filed the *Second Amended Complaint and Objection to Claims* (the "Complaint").

3. Subject to Bankruptcy Court approval, the Debtors, the Committee, Sun Capital, and CIT entered into the Settlement Agreement and Release dated as of June 22, 2012.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Jevic Holding Corp. (8738), Creek Road Properties, LLC (9874) and Jevic Transportation, Inc. (3402).

[2] The use of "D.I." references docket items in the above-captioned cases while the use of "A.D.I." references docket items in the Adversary Proceeding (defined below).

13482276.3

4. On December 4, 2012, over the objection of certain former employees of the Debtors (the "WARN Plaintiffs"), the Bankruptcy Court entered the Settlement and Dismissal Order.[3]

5. As part of the settlement approved by the Settlement and Dismissal Order, Sun Capital assigned its lien on the Debtors' remaining cash to a trust (approximately $1.7 million at the time of the settlement), which would first pay all of the priority unsecured creditors (including tax creditors) except WARN Plaintiffs and then pay general unsecured creditors on a *pro rata* basis.[4]

6. On October 11, 2013, pursuant to paragraph 11 of the Settlement and Dismissal Order, the Debtors and the Committee filed the *Certification of Counsel Regarding Satisfaction of Conditions in Order Approving Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. Section 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief* (D.I. 1741) (the "Certification"). The Certification provided that the conditions to the Settlement and Dismissal Order have been satisfied, including "that all remaining funds in the estates, which are subject to Sun [Capital's] lien, have been transferred to the Trust to make pro rata distributions to holders of Allowed Resolved Priority Claims and Allowed GUC Claims after dismissal of the Chapter 11 Cases . . . ."

---

[3] Undefined terms used herein shall have the meanings ascribed to them in the Motion.

[4] Sun Capital's lien on the Debtors' cash collateral was acquired in connection with the Debtors' prepetition credit facility with the CIT as agent and certain other lenders and lienholder parties thereto (the "Prepetition Lenders"). In connection with the execution of a forbearance agreement among the Prepetition Lenders and the Debtors, Sun Capital agreed to provide a $2 million limited guaranty of the Prepetition Facility (the "Guaranty"). Under the Guaranty, Sun Capital is subrogated to the Prepetition Lenders' first priority secured lien in the Debtors' assets.

7. As provided in the Motion, on or about October 14, 2013, General Electric Capital Corporation ("GEC") received a distribution on account of its general unsecured claim against the Debtors as a result of the vacated Settlement and Dismissal Order.

8. On March 22, 2017, the Supreme Court issued its opinion reversing the Settlement and Dismissal Order and remanding the Bankruptcy Cases for further proceedings consistent with its opinion. On May 12, 2017, the District Court for the District of Delaware entered an order vacating the Settlement and Dismissal Order.

9. On May 22, 2018, the Court converted the Debtors' bankruptcy cases from chapter 11 to chapter 7 proceedings. George L. Miller was appointed as the chapter 7 trustee (the "Trustee") of the Debtors' bankruptcy estates.

10. As a result of the conversion of the Debtors' bankruptcy cases to proceedings under chapter 7 or title 11 of the United States Code, the Committee was dissolved.

11. On April 12, 2018, the Trustee filed the *Motion to Substitute Chapter 7 Trustee as Real Party in Interest* (A.D.I. 121) and the corresponding brief in support thereof (A.D.I. 122), whereby the Trustee seeks to be substituted for the Committee as the real party in interest in the Adversary Proceeding.

## **LIMITED OBJECTION**

12. Sun Capital objects to the Motion because the Trustee seeks to recover a portion of the distribution GEC received in connection with the now-vacated Settlement and Dismissal Order that was funded by Sun Capital. As a result, the returned settlement proceeds should not go to the Trustee, but should be returned to Sun Capital.

13. The law is clear that upon a reversal by an appellate court, the lower court's ruling is a nullity and the parties should be returned to their positions prior to the lower court ruling.

*See In re John Galt Energy, Inc.*, 75 B.R. 658, 666 (Bankr. E.D.N.Y. 1987) ("[T]he legal effect of the reversal by an appellate court is to render the judgment of the lower court a nullity, just as if it never existed, and to restore positions to their status quo ante the lower court ruling."); *Dahm v. First American Title Insurance Co.*, 2008 WL 2704761, at *2 (N.D. Ill. 2008) (holding that "[a]fter a judgment is vacated, it is entirely destroyed and the parties are restored to" the status quo *ante*); *see also see also Bethlehem Steel Corp. v. Bankers Trust Company*, 761 F.2d 943 (3d Cir. 1985) (explaining that following reversal and remand, the case returns to the lower court for a new determination as though it had not been decided). Because the Settlement and Dismissal Order was vacated, Sun Capital's assignment of its lien on the Debtors' cash collateral to the trust is void, and the parties to the settlement must be returned to the status quo prior to entry of the Settlement and Dismissal Order.

14. Accordingly, Sun Capital is the only party that has an interest in, and rights to, the GEC settlement payment. Indeed, this is true for **any** funds the Trustee recovers as a result of avoidance or disgorgement actions the Trustee brings against priority and general unsecured creditors who received distributions pursuant to the Settlement and Dismissal Order. The Trustee should not have access to, or the ability to use, any such recovered funds.

**RESERVATION OF RIGHTS**

15. Sun Capital reserves and preserves all of its rights, claims, causes of action and defenses with respect to any recovery of funds by the Trustee in connection with the Motion or other actions and settlements in which the Trustee is involved related to distributions priority and general unsecured creditors received as a result of the Settlement and Dismissal Order. Further, Sun Capital reserves and preserves all of its rights, claims, causes of action and defenses in connection with the Adversary Proceeding or that it may assert against the Trustee.

**CONCLUSION**

WHEREFORE, Sun Capital respectfully requests that the Court deny the Motion and grant such other and further relief as is just and proper.

Dated: February 6, 2020

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Curtis S. Miller (No. 4583)
Matthew O. Talmo (No. 6333)
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
cmiller@mnat.com
mtalmo@mnat.com

-and-

KIRKLAND & ELLIS LLP
James A. Stempel
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
jstempel@kirkland.com

James P. Gillespie, Esq.
655 Fifteenth Street, N.W.
Washington, D.C., 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
james.gillespie@kirkland.com

*Counsel to Sun Capital*