# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>JEVIC HOLDING CORP., *et al.*,[1]<br>Debtors. | Case No. 08-11006 (BLS)<br>Chapter 7<br>(Jointly Administered)<br>**RE: D.I. 1885, 1886, \_\_\_\_** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## PURSUANT TO FED. R. BANKR. P. 9019

Upon consideration of the motion (the "Motion")[2] of George L. Miller, the duly appointed Chapter 7 Trustee (the "Trustee") for the Debtors' Estates, seeking the entry of an order, pursuant to Bankruptcy Rule 9019, approving the settlement of certain claims for avoidance and recovery of unauthorized postpetition transfers as set forth in the Settlement Agreement attached as **Exhibit A** to the Motion; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, the Estates and their creditors; and, after due deliberation, the Court finding that the proposed settlement set forth in the Settlement Agreement is fair and reasonable;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement attached to the Motion as **Exhibit A** is hereby APPROVED, and the terms and conditions of the Settlement Agreement are incorporated into this Order by reference as if fully set forth herein.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Jevic Holding Corp. (8738), Creek Road Properties, LLC (9874) and Jevic Transportation, Inc. (3402).

[2] Capitalized terms used, but not otherwise defined, in this Order shall have the meaning ascribed to such terms in the Motion.

5141205v2

-2-

3. Notwithstanding anything to the contrary in the Motion, this Order, or the Settlement Agreement, any funds received by the Trustee in connection with the Motion shall be held in escrow, and the Trustee shall be prohibited from using or distributing any such funds absent further order of the Court resolving (a) the *Limited Objection of Sun Capital to Motion of Chapter 7 Trustee, George L. Miller, for an Order Approving Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* [D.I. 1889] and (b) the *Limited Objection of The CIT Group/Business Credit, Inc., as Agent, to Motion of Chapter 7 Trustee, George L. Miller, for an Order Approving Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* [D.I. 1890], after reasonable notice and a hearing.

4. Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc. reserve and preserve all of their rights, claims, causes of action and defenses, including but not limited to in connection with all funds received by the Trustee pursuant to the Motion.

5. The CIT Group/Business Credit, Inc., as Agent, reserves and preserves all of its rights, claims, causes of action and defenses, including but not limited to in connection with all funds received by the Trustee pursuant to the Motion.

6. The Trustee reserves and preserves all of his rights, claims, causes of action and defenses, including but not limited to in connection with all funds received by the Trustee pursuant to the Motion.

5141205v2

7. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: February 24th, 2020**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

5141205v2